**Outten & Golden LLP**
Adam T. Klein (AK 3293)
Jack A. Raisner (JR 6171)
Linda A. Neilan (LN 4095)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**JUDGE BAER**

**'07 CIV 8785**



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| **PHILIP FEI,** on behalf of himself and classes of those similarly situated, | |
| Plaintiff, | **CLASS ACTION AND COLLECTIVE ACTION COMPLAINT** |
| v. | |
| **WESTLB AG,** | **Jury Trial Requested** |
| Defendant. | |

Plaintiff Philip Fei alleges, on behalf of himself and classes of those similarly situated

as follows:

## I.  NATURE OF THE ACTION

1.      Plaintiff brings this action on behalf of himself, and other similarly situated

current and former employees who worked for WestLB AG ("WestLB" or "Defendant") and

who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§§ 201 et seq., and specifically the collective action provision of FLSA, 29 U.S.C. § 216(b), to

remedy violations of the wage-and-hour provisions of the FLSA by WestLB, that have

deprived the Plaintiff, as well as others similarly situated, of their lawful wages.

2.    This action is brought to recover unpaid compensation owed to Plaintiff and all current and former employees of Defendant who are similarly situated pursuant to the FLSA. For at least three years prior to the filing of this complaint, Defendant has willfully committed widespread violations of the FLSA by, among other things, misclassifying employees in the positions of "Executive" and "Manager," and comparable positions with different titles, as salaried exempt employees and failing to pay such employees for overtime hours worked in excess of forty hours per week at a rate of one-and-one-half times their regular rate of pay.

3.    Plaintiff and all similarly situated employees who elect to participate in this action seek unpaid compensation, an equal amount of liquidated damages and/or prejudgment interest, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

4.    Plaintiff also brings this action on behalf of himself and all other similarly situated current or former employees misclassified as "Executives" and "Managers" of WestLB in the State of New York, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of New York Labor Law ("NYLL") Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations ("the Rule 23 Class").

## II. JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332 and supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the action involves a federal statute, 29 U.S.C. § 216(b). In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law wage and hour claims, because those claims derive from a common nucleus of operative facts.

6.    This Court has original jurisdiction over all claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). This is a putative class action in which: (1) there are 100 or more members in the proposed class; (2) at least some members of the proposed class have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000.00 in the aggregate.

7.    The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

8.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391.

9.    Plaintiff Fei worked for WestLB within the Southern District of New York.

10.    WestLB is subject to personal jurisdiction in the State of New York for the purposes of this lawsuit.

### III.  THE PARTIES

*A.    The Plaintiff*

11.    Plaintiff Philip Fei was hired by Defendant in July 2000 as Payroll Manager and worked in the position until June 2007. The major function of his job was data entry and related clerical tasks. He did not manage anyone, nor did he have authority to make operational decisions beyond the parameters of his clerical tasks. He was paid a salary and never any additional amounts for the occasions when he worked in excess of forty hours per week.

12.    In his capacity as Payroll Manager, Mr. Fei was familiar with the job duties of other employees. He was also familiar with WestLB's system for classifying employees as exempt or non-exempt.

3

13.     Mr. Fei was aware that WestLB classified some employees who performed clerical jobs similar to his as non-exempt employees. WestLB accordingly paid them overtime at the time-and-a-half rate. WestLB classified other employees performing clerical jobs as exempt and gave them exempt-sounding titles.

14.     In its hierarchy, WestLB called the lowest strata of employees that it treated as exempt, including secretaries, "Executives." It called the next highest level, which included Mr. Fei, "Managers."

15.     During his employment, Mr. Fei became concerned that WestLB was misclassifying its Executives and Managers by failing to properly take into account the job duties these employees performed. When Mr. Fei raised his concerns with his superiors they were either ignored or dismissed.

16.     Consistent with Mr. Fei's view that employees' titles and exempt classification often did not match their job functions, WestLB at various times reclassified exempt Executives or Managers and began treating them as non-exempt without changing their job duties. It paid them for their overtime prospectively and retroactively. WestLB did not, however, reclassify all its misclassified employees. Nor did it make retroactive overtime payments to those it reclassified for the entire periods in which they were misclassified.

B.      *The Defendant*

17.     WestLB, on information and belief, is a large German bank. Defendant maintains corporate headquarters within the City and County of New York at 1211 Avenue of the Americas, New York, New York 10036, where Mr. Fei worked during the times relevant to this Complaint.

4

18.    The overtime wage provisions set forth in § 206 and § 207 of the FLSA, and in Article 19 of the New York Labor Law, apply to WestLB.  Defendant's "Executive" and "Manager" jobs are not positions involving work that falls within any exception to 29 U.S.C. § 213(a)(1) or New York Labor Law Article 19.

## IV.  COLLECTIVE ACTION ALLEGATIONS

19.    Plaintiff brings his FLSA claim on behalf of all persons who worked for Defendant as "Executives" or "Managers" (or in comparable positions with different titles, at any time from three years prior to the filing of this Complaint to entry of judgment in this case (the "FLSA Collective" and "FLSA Collective Period," respectively).

20.    Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective, and as such, notice should be sent to past and present "Executives" and "Managers" who worked for Defendant.  There are numerous similarly situated current and former employees of WestLB who have been denied the overtime premium in violation of the FLSA and who would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## V. CLASS ALLEGATIONS

21.    Under the New York Labor Law, Plaintiff sues on behalf of himself and a class of persons under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure who worked for Defendant as "Executives" and "Managers" (or in comparable positions) who were not paid for all hours worked at any time from six years prior to the filing of this complaint to entry of judgment in this case (the "Class" and "Class Period," respectively) (hereinafter, "Plaintiff" refers to both Plaintiff and the Class).

22.    The persons in the Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant. There are questions of law and fact common to the Class that predominate over any questions affecting only individual members.  The claims of the representative party are typical of the claims of the Class.  The representative party will fairly and adequately protect the interests of the Class.  The Plaintiff has retained counsel competent and experienced in complex class action employment litigation.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.  The Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

23.    There are questions of law and fact common to this Class that predominate over any questions solely affecting individual members of the Class, including but not limited to:

(a)      whether the Defendant employed and/or jointly employed the Plaintiff within the meaning of the New York Labor Law;

(b)      what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

(c)      whether Defendant failed and/or refused to pay Plaintiff premium pay for hours worked in excess of forty per workweek within the meaning of the New York Labor Law; and

(d)      whether Defendant failed and/or refused to pay Plaintiff overtime pay for hours worked within the meaning of the New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

## VI.  FIRST CLAIM FOR RELIEF (Fair Labor Standards Act)

24.      Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

25.      Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

26.      Because of Defendant's violations of the FLSA by misclassifying Plaintiff as an exempt employee was willful, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

27.      WestLB has willfully and intentionally engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by misclassifying Plaintiff and the FLSA Collective as "exempt" employees, thereby failing and refusing to pay them overtime compensation in accordance with §§ 206 and 207 of the FLSA.

28.    As a result of Defendant's violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied overtime wages in accordance with § 206 and § 207 of the FLSA.

29.    Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and the FLSA Collective.

30.    As a result of unlawful acts of Defendant, Plaintiff and all similarly situated current and former "Executives" and "Managers" have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## VII.    SECOND CLAIM FOR RELIEF (New York State Labor Law)

31.    Plaintiff and the New York Rule 23 Class allege and incorporate by reference the allegations in the preceding paragraphs.

32.    At all times relevant to this action, the Plaintiff and the New York Rule 23 Class were employed by Defendant within the meaning of New York Labor Law, Article 19.

33.    By the course of conduct set forth above, Defendant has violated the New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

34.    New York Labor Law requires an employer, such as Defendant, to pay the overtime compensation to all non-exempt employees.

35.    Defendant has had a policy and practice of failing and refusing to pay proper overtime pay to Plaintiff and to the Rule 23 Class for their hours worked.

36.     As a result of Defendant's failure to pay overtime, and its decision to withhold overtime earned and due to the Plaintiff and the Rule 23 Class, Defendant has violated and continues to violate the New York Labor Law.

37.     Plaintiff, on behalf of himself and the Rule 23 Class, seeks the amount of their underpayments based on Defendant's failure to pay wages at one and one half times the regular rate of pay for work performed in excess of forty per week, as provided by the New York Labor Law, and such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.  Plaintiff does not seek liquidated damages on behalf of the Rule 23 Class.

38.     Plaintiff, on behalf of himself and the Rule 23 Class, seeks recovery of attorneys' fees and costs to be paid by Defendant as provided by the New York Labor Law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

A.  That, at the earliest possible time, the Plaintiff be allowed to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by the Defendant WestLB as an "Executive" or "Manager."  The notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit.,

B.  Certification of this action as a class action;

C.  Designation of Plaintiff as Class Representative;

9

D.   Unpaid overtime compensation and liquidated damages pursuant to 29 U.S.C. § 201

et seq. and the supporting United States Department of Labor regulations;

E.   Overtime wages pursuant to N.Y. Lab. Law Article 19, §§ 650 et seq., and the

supporting New York State Department of Labor regulations, plus pre-judgment

interest;

F.   An injunction enjoining Defendant from violating the foregoing laws and regulations

in the future;

G.   Attorneys' fees and costs of the action; and

H.   Such other relief as this Court shall deem just and proper.


## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury on all questions of fact raised by the Complaint.


Dated:  October 11, 2007

Respectfully submitted,

By:

Jack A. Raisner (JR 6171)

Adam T. Klein (AK 3293)
Linda A. Neilan (LN 4095)
**Outten & Golden LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  212-245-1000


Attorneys for the Plaintiff
and the Plaintiff Class


10