**Outten & Golden LLP**
Adam T. Klein (AK 3293)
Jack A. Raisner (JR 6171)
Linda A. Neilan (LN 4095)
Tara Lai Quinlan (TQ 0717)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**PHILIP FEI,** on behalf of himself
and classes of those similarly situated,

         **Plaintiff,**

    **-against-**

**WEST LB AG,**

        **Defendant.**

        **07 Civ. 8785 (HB)**

---

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT OR ALTERNATIVELY TO PRECLUDE THE USE OF MISAPPROPRIATED INFORMATION AND PRECLUDE PHILIP FEI FROM BEING THE COLLECTIVE CLASS ACTION REPRESENTATIVE**

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ....................................................................... 1

FACTUAL BACKGROUND ........................................................................... 2

ARGUMENT .................................................................................................... 3

   I.    DEFENDANT'S MOTION IS A PROCEDURAL NULLITY ............................ 4

     A.  If this Motion Is for Summary Judgment, It Is Premature. ................................. 5

     B.  If this Is a Motion for Dismissal Pursuant to the Court's Equitable Power, It Is Premature and Unfounded. ...................................................................... 7

       1.  Mr. Fei Has Not Been Granted Due Process. .................................................... 7

       2.  Defendant's Motion Is Unfounded. ................................................................ 9

       3.  The Court Should Not Preclude the Use of Any Evidence............................. 10

  II.    DEFENDANT CANNOT ARGUE AGAINST CLASS CERTIFICATION AT THE PLEADING STAGE OF THE CASE. ................................................. 12

     A.   The FLSA Does Not Recognize "Collective Representatives," a Role Defendant Concocts in Order to Dismiss Fei's Suit. ................................. 12

     B.   Defendant's Arguments Against Rule 23 Class Certification Are Improper at this Stage................................................................................................. 13

     C.   Defendant's Allegations of "Wrongful Conduct" Do Not Render Plaintiff An Inadequate Class Representative Under Rule 23. ....................................... 14

CONCLUSION.............................................................................................. 17

i

## TABLE OF AUTHORITIES

**CASES**

*Alston v. New York City Transit Auth.*,
    97 Civ. 1080, 1998 U.S. Dist. LEXIS 11833 (S.D.N.Y Aug. 3, 1998) .............................4

*Amchem Products, Inc. v. Windsor*,
    521 U.S. 591 (1997)..........................................................................................................15

*Ansoumana v. Gristede's Operating Corp.*,
    201 F.R.D. 81 (S.D.N.Y. 2001) .......................................................................................16

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*,
    222 F.3d 52 (2d Cir. 2000)...............................................................................................15

*Banjo v. United States*,
    95 Civ. 633, 1996 U.S. Dist. LEXIS 10743 (S.D.N.Y. July 30, 1996) .............................7

*Barnhart v. Safeway Stores, Inc.*,
    No. S-92-0803, 1992 U.S. Dist. LEXIS 22572 (E.D. Cal. Dec. 14, 1992)......................14

*Bodner v. Banque Paribas*,
    202 F.R.D. 370 (E.D.N.Y. 2000) ....................................................................................14

*Bonnie & Co. Fashions, Inc. v. Bankers Trust Co.*,
    945 F. Supp. 693 (S.D.N.Y. 1996)....................................................................................6

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)...........................................................................................................5

*Chateau de Ville Products, Inc. v. Tams-Witmark Music Library, Inc.*,
    586 F.2d 962 (2d Cir. 1978).............................................................................................13

*Cobb v. Avon Prods., Inc.*,
    71 F.R.D. 652 (W.D. Pa. 1976) .......................................................................................16

*Commercial Cleaning Services, L.L.C. v. Colin Serv. Sys., Inc.*,
    271 F.3d 374 (2d Cir. 2001)...............................................................................................6

*Desiano v. Warner-Lambert & Co.*,
    467 F.3d 85 (2d Cir. 2006)................................................................................................4

*Doe v. A Corp.*,
    709 F.2d 1043 (5th Cir. 1983) .........................................................................................16

*Doninger v. Pac. Northwest Bell, Inc.,*
    564 F.2d 1304 (9th Cir. 1977) ........................................................................14

*Dubai Islamic Bank v. Citibank, N.A.,*
    126 F. Supp. 2d 659 (S.D.N.Y. 2000).................................................................6

*Dura-Bilt Corp. v. Chase Manhattan Corp.,*
    89 F.R.D. 87 (S.D.N.Y. 1981) .........................................................................15

*Fayemi v. Hambrecht & Quist, Inc.,*
    174 F.R.D. 319 (S.D.N.Y. 1997) ............................................................... passim

*Gen. Tel. Co. of Southwest v. Falcon,*
    457 U.S. 147 (1982).........................................................................................15

*Harrison v. Great Springwaters of America, Inc.,*
    No. 96 Civ. 5110, 1997 U.S. Dist. LEXIS 23267 (E.D.N.Y. June 18,
    1997) ...............................................................................................................16

*Hellstrom v. U.S. Department of Veterans Affairs,*
    201 F.3d 94 (2d Cir. 2000).................................................................................5

*Hoffmann v. Sbarro, Inc.,*
    982 F. Supp. 249 (S.D.N.Y. 1997)................................................................5, 12

*In re: Frontier Ins. Group, Inc. Sec. Litig.,*
    172 F.R.D. 31 (E.D.N.Y. 1997) .......................................................................15

*In re: Shell Oil Refinery v. Shell Oil Co.,*
    143 F.R.D. 105 (E.D. La. 1992)........................................................................11

*Jackson v. Microsoft Corp.,*
    No. C01-775P, 2002 U.S. Dist. LEXIS 19048 (W.D. Wa. Feb. 12, 2002) .................8, 10

*Kline v. Wolf,*
    702 F.2d 400 (2d Cir. 1983)..............................................................................15

*Lahr v. Fulbright & Jaworski, L.L.P.*
    94-CV-0981-D, 1996 U.S. Dist. LEXIS 20133 (N.D. Tex. July 10, 1996)......................11

*Lipin v. Bender,*
    84 N.Y.2d 562 (1994) ..................................................................................8, 10

*Marisol A. v. Giuliani,*
    126 F.3d 372 (2d Cir. 1997)..............................................................................15

*Martens v. Smith Barney, Inc.,*
    181 F.R.D. 243 (S.D.N.Y. 1998) ................................................................................15

*Martens v. Thomann,*
    273 F.3d 159 (2d Cir. 2001) .....................................................................................4

*McCall v. Drive Fin. Serv.,*
    236 F.R.D. 246 (E.D. Pa. 2006) ..............................................................................16

*Meloff v. New York Life Ins. Co.,*
    51 F.3d 372 (2d Cir. 1995) ........................................................................................6

*Milltex Indust. Corp. v. Jacguard Lace Co.,*
    55 F.3d 34 (2d Cir. 1995) ..........................................................................................7

*Parker v. Time Warner Entm't Co.,*
    331 F.3d 13 (2d Cir. 2003) ..................................................................................13, 14

*Perna v. Elec. Data Sys. Corp.,*
    916 F. Supp. 388 (D.N.J. 1995) ...............................................................................10

*Pittman v. E. I. duPont de Nemours & Co.,*
    552 F.2d 149 (5th Cir. 1977) ...................................................................................14

*Roadway Express, Inc. v. Piper,*
    447 U.S. 752 (1980) ...................................................................................................7

*Salahuddin v. Harris,*
    782 F.2d 1128 (2d Cir. 1986) ...............................................................................7, 10

*Schering Corp., v. Home Ins. Co.,*
    712 F.2d 4 (2d Cir. 1983) ..........................................................................................5

*Schlaifer Nance & Co., Inc. v. Estate of Warhol,*
    194 F.3d 323 (2d Cir. 1999) .......................................................................................7

*Scholastic, Inc. v. Stouffer,*
    221 F. Supp. 2d 425 (S.D.N.Y. 2002) ........................................................................9

*Sheehan v. Purolator, Inc.,*
    103 F.R.D. 641 (E.D.N.Y. 1984) .........................................................................14, 15

*United States v. Seltzer,*
    227 F.3d 36 (2d Cir. 2000) .........................................................................................7

*Viada v. Osaka Health Spa, Inc.*,
    235 F.R.D. 55, 2006 U.S. Dist. LEXIS 33138 (S.D.N.Y. Mar. 6, 2006) ...........................8

## STATUTES

FLSA, 29 U.S.C. § 216(b) ..........................................................................................12

Fed. R. Civ. P. 12 ...........................................................................................1, 4, 5, 6

Fed. R. Civ. P. 23(a)(4) ..............................................................................................15

Fed. R. Civ. P. 56 ................................................................................................1, 6

Local Civil Rules 7.2 ....................................................................................................3

29 C.F.R. § 790.20 .....................................................................................................13

## OTHER AUTHORITIES

NEWBURG ON CLASS ACTIONS § 24:80 (4th ed.) .................................................14

## PRELIMINARY STATEMENT

Philip Fei ("Plaintiff") filed this class action on behalf of current and former employees to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").  Mr. Fei alleges that West LB AG (hereinafter, "WestLB" or "Defendant") misclassified him as well as other so-called "executives" (i.e., secretaries and assistants) and "managers" (i.e., individuals who did not manage anyone) as exempt from overtime, thereby failing to pay them at a rate of one-and-one half times their regular rate of pay for hours worked in excess of forty hours per week.

Defendant answered the complaint and filed a motion to (1) dismiss the complaint or preclude Mr. Fei from using documents to support his claim; and (2) preclude Mr. Fei from serving as the "collective class action representative."   It is unclear whether Defendant's motion is made pursuant to Federal Rule of Civil Procedure 12(c), Federal Rule of Civil Procedure 56, or the Court's inherent equitable power.  Whatever it is, however, it cannot be divorced from its context; it is merely a ploy in Defendant's campaign designed to distract the Court's attention from the allegations that Defendant failed to pay a class of workers the money that they had earned.

To the extent that the instant motion is one for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), Defendant has not shown, and cannot show, that the complaint fails to state a claim, and therefore, the motion must be denied. To the extent that the motion is one for summary judgment pursuant to Federal Rule of Civil Procedure 56, it is premature.  To the extent Defendant moves to dismiss based on the Court's inherent equitable power, it is both premature and unfounded.

## FACTUAL BACKGROUND

Mr. Fei worked as a Payroll Manager at WestLB from July 2000 until June 2007. (Class Action Complaint (hereinafter, "Compl.") at ¶ 11.) The major function of his job was data entry and related clerical tasks. (Compl. at ¶ 11.) Despite his title, he did not manage anyone, nor did he have authority to make operational decisions beyond the parameters of his clerical tasks. (Compl. at ¶ 11.) He was paid a salary and never earned any additional amounts when he worked in excess of forty hours per week. (Compl. at ¶ 11.)

As Payroll Manager, Mr. Fei was familiar with the job duties of other employees as well as WestLB's system for classifying employees as exempt or non-exempt. (Compl. at ¶ 12.) Mr. Fei was aware that WestLB classified some employees who performed clerical jobs similar to his as non-exempt employees, and paid them at a rate of one-and-one half times their regular rate of pay for hours worked in excess of forty hours per week. (Compl. at ¶ 13.) WestLB, however, classified other clerical workers such as himself as exempt, dubbing them "managers" (i.e., individuals who did not manage anyone) or "executives" (i.e., secretaries and assistants), and failed to pay them overtime compensation at the time-and-a-half rate in violation of the FLSA and the NYLL. (Compl. at ¶¶ 13, 14.) When Mr. Fei raised his concerns with his superiors, they simply ignored them. (Compl. at ¶ 15.)

Throughout the course of his employment at WestLB, Mr. Fei had access to sensitive payroll-related documents and information. (Def.'s Ans. and Counterclaims ¶ 65.) Mr. Fei received much of this material via his company email account, which Defendant could at all times monitor and control. Over the years, Mr. Fei openly sent

some of this material to his personal email account so that he could work on it more efficiently.  Defendant, who knew or should have known of his common practice, never objected.  Although Defendant maintains that Mr. Fei was bound by company policies about handling and transmitting company documents, (Def.'s Ans. and Counterclaims ¶¶ 68-74), it was not until Mr. Fei had filed a lawsuit to secure his rights under the FLSA and the NYLL that Defendant seized on Plaintiff's actions to complain about his forwarding of documents to himself.  (Def.'s Ans. and Counterclaims ¶¶ 76-82.)

Based on these actions, Defendant has filed two retaliatory counterclaims against Mr. Fei and moved to dismiss Mr. Fei's lawsuit to recover unpaid overtime compensation for himself and other employees similarly situated.  As described in further detail below, Defendant's motion is completely premature and improper.

## ARGUMENT

Defendant calls its motion a "Motion to Dismiss the Complaint or Alternatively to Preclude the Use of Misappropriated Information and Preclude Philip Fei from Being the Collective Class Action Representative."  Rather than refer to any specific procedural mechanism on which Defendant seeks dismissal of Plaintiff's claim, however, Defendant merely cites to the Court's "inherent equitable power over [its] own process 'to prevent abuses, oppression and injustices.'"  (Def. Mem. at 13 (citing *Fayemi v. Hambrecht & Quist, Inc.*, 174 F.R.D. 319, 326 (S.D.N.Y. 1997).)  Defendant completely disregards the Federal Rules of Civil Procedure ("Rules") as well as the Local Civil Rules, which require a party to file a notice of motion specifying the "rules or statutes upon which the motion is predicated."  Local Civil Rule 7.2.  As a result, Defendant leaves Plaintiff and the Court with the impossible task of divining upon which provision of the Rules

Defendant is moving. *Martens v. Thomann*, 273 F.3d 159, 172 (2d Cir. 2001) (noting that it is a severe burden to the court when a movant fails to clearly state the procedural mechanism for its motion). The motion should be denied on this ground alone. *See, e.g.*, *Alston v. New York City Transit Auth.*, 97 Civ. 1080, 1998 U.S. Dist. LEXIS 11833, at *3-4 (S.D.N.Y. Aug. 3, 1998) (denying motion because, among other reasons, plaintiff failed to cite federal rule for his motion).

Defendant's arguments that Mr. Fei should be disqualified from being a "collective/class action representative" are completely improper at the pleading stage. Moreover, Defendant fails to recognize that Section 216(b) of the FLSA contains no "adequacy of representation" requirement.

## I.    DEFENDANT'S MOTION IS A PROCEDURAL NULLITY.

To the extent that Defendant's motion is a motion for judgment on the pleadings under Rule 12(c), Defendant improperly relies on evidence outside of the pleadings. Defendant also does not even attempt to argue – because it would be futile – that Plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(c); *Desiano v. Warner-Lambert & Co.*, 467 F.3d 85, 89 (2d Cir. 2006) ("In deciding a Rule 12(c) motion, we apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.") (internal citation omitted). To the extent that Defendant moves for summary judgment under Rule 56 by relying on documents outside of the pleadings, its motion is premature. To the extent Defendant seeks dismissal as a sanction pursuant to the Court's equitable power, it is both premature and unfounded.

4

A.     <u>If this Motion Is for Summary Judgment, It Is Premature</u>.

Although Defendant captions this motion as a "Motion to Dismiss the Complaint," it relies on materials outside the pleadings.  In situations like this, Rule 12(c) gives the Court two options: (1) exclude the additional material and decide the motion on the complaint alone; or (2) convert the motion to one for summary judgment under Rule 56 and give the parties "reasonable opportunity to present all the material that is pertinent to the motion."   Fed. R. Civ. P. 12(d).  Here, the Court should exclude Defendant's additional material and decide the motion on the pleadings.

Discovery has just started and Plaintiff has not had an opportunity to cross-examine Defendant's witnesses or gain access to documents and information solely in Defendant's possession.   A motion for summary judgment would be severely premature at this early stage in the case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (summary judgment should only be granted "after adequate time for discovery"); *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) ("[o]nly in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery"); *Schering Corp., v. Home Ins. Co.*, 712 F.2d 4, 10 (2d Cir. 1983) ("summary judgment should not be granted while the party opposing judgment timely seeks discovery of potentially favorable information").

In *Hoffmann v. Sbarro, Inc*., also a FLSA case, the court excluded material outside of the pleadings and declined to convert defendant's motion into one for summary judgment at an early stage in the case because "little discovery ha[d] been taken" and "numerous genuine issues of material fact persist[ed]."  982 F. Supp. 249, 255 (S.D.N.Y. 1997) (citing *Celotex Corp.*, 477 U.S. at 323).  Here, the parties have not

taken any discovery, and therefore, Plaintiff has not had an opportunity to gather evidence to support his claims.

In the alternative, if the Court is inclined to convert the instant motion into one for summary judgment, Plaintiff requests that the Court order a continuance to allow him an opportunity to obtain discovery pursuant to Rules 12(d), 56(e), and 56(f).  Rule 56(e) allows the Court to permit Plaintiff to oppose Defendant's motion for summary judgment by depositions and other evidence he procures through discovery.  Under Rule 56(f), the court may refuse the application of judgment or may "order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken."

When a party opposing a motion for summary judgment advises the court that it needs discovery to defend against the motion, "the court should defer decision of the motion until the party has had the opportunity to take discovery and rebut the motion." *Commercial Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc.*, 271 F.3d 374, 386 (2d Cir. 2001); *see, e.g., Meloff v. New York Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir. 1995).  Rule 56(f) is a "safeguard against premature grants of summary judgment and 'should be applied with a spirit of liberality.'"  *Dubai Islamic Bank v. Citibank, N.A.*, 126 F. Supp. 2d 659, 665 (S.D.N.Y. 2000) (quoting *Bonnie & Co. Fashions, Inc. v. Bankers Trust Co.*, 945 F. Supp. 693, 706 (S.D.N.Y. 1996)).  Because Defendant has moved prematurely, and Plaintiff is not yet in a position to present facts essential to his opposition, the Court should grant a continuance or deny Defendant's motion and allow Plaintiff to take discovery.

**B.    If this Is a Motion for Dismissal Pursuant to the Court's Equitable Power, It Is Premature and Unfounded.**

To the extent that Defendant's motion seeks dismissal of any part of this action or preclusion of certain evidence as a sanction pursuant to the Court's "inherent equitable power," (Def. Mem. at 13), it is both premature and unfounded.  Moreover, "dismissal with prejudice is a 'drastic remedy that should be imposed only in extreme circumstances.'"  *Fayemi*, 174 F.R.D. at 325-26 (quoting *Salahuddin v. Harris,* 782 F.2d 1128, 1132 (2d Cir. 1986)).  Before imposing sanctions, a district court must first make a finding of bad faith,  *United States v. Seltzer*, 227 F.3d 36, 41-42 (2d Cir. 2000), which must entail "a high degree specificity."  *Banjo v. United States*, 95 Civ. 633, 1996 U.S. Dist. LEXIS 10743, at \*17 (S.D.N.Y. July 30, 1996) (quoting *Milltex Indust. Corp. v. Jacguard Lace Co.*, 55 F.3d 34, 38 (2d Cir. 1995)).  Such a sanction must be made "with restraint and discretion."  *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999).

**1.    Mr. Fei Has Not Been Granted Due Process.**

To dismiss Mr. Fei's complaint at this very early stage of the litigation, in the absence of any determination of wrongdoing and based merely on allegations in two affidavits from Defendant, would deny Mr. Fei his due process rights.  Due process concerns raised by "'an outright dismissal are plainly greater than those presented by assessing counsel fees against lawyers.'"  *Banjo*, 1996 U.S. Dist. LEXIS 10743, at \*16-17 (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 n.14 (1980)).  "Due process requires that courts provide notice and opportunity to be heard before imposing *any* kind of sanctions."  *Schlaifer Nance & Co.*, 194 F.3d at 334 (citation omitted) (emphasis in original).  At a minimum, notice requires that the party seeking sanctions

7

notify the party against whom sanctions are sought of (1) the source of authority for the potential sanctions being considered; and (2) the specific conduct at issue. *Id.* Although the Second Circuit has recognized that the opportunity to submit a written brief "*may* be sufficient to provide an opportunity to be heard," *id.* at 335 (emphasis added), the court held that "granting a hearing for oral argument would generally be the better practice." *Id.* at 336. In fact, all of the cases upon which Defendant relies for this extreme sanction follow "the better practice." *See Fayemi*, 174 F.R.D. at 321, 325-26 (court conducted hearings and made factual findings regarding alleged improper conduct before addressing defendant's motion for dismissal); *Jackson v. Microsoft Corp.*, No. C01-775P, 2002 U.S. Dist. LEXIS 19048, at *17-19 (W.D. Wa. Feb. 12, 2002) (same); *Lipin v. Bender*, 84 N.Y.2d 562, 568 (1994) (affirming the trial court's dismissal of the complaint after conducting an *in camera* review of the evidence).

In *Viada v. Osaka Health Spa, Inc.*, also a FLSA case, the court adopted the magistrate judge's denial of defendant's motion to dismiss the complaint based on allegations that the plaintiffs had stolen medical records and documents regarding their work and salary history. 235 F.R.D. 55, 2006 U.S. Dist. LEXIS 33138, at *4-5 (S.D.N.Y. Mar. 6, 2006). The magistrate judge held that there was no determination that "plaintiffs removed improperly from their former work sites documents belonging to the defendants that the defendants contend are needed to defend against the allegations made in this action." *Id.* at *9.

Here, there has no been hearing. There have been no findings of fact. Indeed, there has been no discovery. Defendant's motion is premised on only two declarations from witnesses whom Plaintiff has not even had an opportunity to depose. Accordingly,

the Court should dismiss the motion.  *Id.*  In the alternative, Mr. Fei requests that the

Court conduct a hearing and make factual findings before making a decision.

### 2.  **Defendant's Motion Is Unfounded.**

Even if the Court does not schedule a hearing, the Court can dismiss Defendant's

motion outright because Defendant fails to prove any of the factors upon which courts in

this circuit rely when using their equitable power to sanction a party.  These factors

include:

> (i) whether the misconduct was the product of intentional bad faith;
> (ii) whether and to what extent the misconduct prejudiced the [Defendant];
> (iii) whether there was a pattern of misbehavior rather than an isolated
> instance;
> (iv) whether and when the misconduct was corrected; [and]
> (v) whether further misconduct is likely to occur in the future.

*Scholastic, Inc. v. Stouffer*, 221 F. Supp. 2d 425, 444 (S.D.N.Y. 2002); *see also Fayemi*,

174 F.R.D. at 325 (considering the "the severity of the wrongdoing and the prejudice to

the adversary").

Here, Defendant fails to prove – or even allege – *any* of the above factors.

Defendant does not allege that Mr. Fei acted in bad faith.  Defendant does not allege that

it was prejudiced by Mr. Fei's actions.  Rather, it merely alleges that Mr. Fei "violated

WestLB's policies" by emailing himself material and copying documents.  (Def. Mem. at

14.)  Defendant does not even allege that Mr. Fei used in any manner, rightly or wrongly,

any of materials he emailed and copied.  Yet, despite failing to address any of the factors

considered by courts when taking the extreme measure of dismissing an action,

Defendant asks this Court to dismiss Plaintiff's lawsuit.  The Court should deny

Defendant's motion because Mr. Fei's actions do not constitute "extreme circumstances"

that warrant the imposition of the "drastic remedy" of dismissal. *Fayemi*, 174 F.R.D. at 326 (quoting *Salahuddin*, 782 F.2d at 1132).

Moreover, all of the cases upon which Defendant relies involve "extreme circumstances," not merely violation of company policies. In *Lipin*, the court dismissed the lawsuit after the plaintiff had stolen a stack of confidential documents from defendant's counsel table during a pretrial conference, including documents protected by the attorney-client privilege and work product doctrine. 84 N.Y.2d at 572-73. In *Jackson v. Microsoft Corp.*, the court dismissed the case after conducting two evidentiary hearings and finding that the plaintiff had "unlawfully obtained proprietary materials from Microsoft," including trade secret materials containing strategies for competing with the plaintiff's new employer, and had "perpetrated a lengthy series of elaborate misrepresentations and lies to both the [c]ourt and counsel." 2002 U.S. Dist. LEXIS 19048, at *40. In *Perna v. Elec. Data Sys. Corp.*, the court dismissed the lawsuit after finding that the plaintiff, during a document inspection supervised by opposing counsel, had wrongfully gained access to documents and copied them while counsel was not present. 916 F. Supp. 388, 399 (D.N.J. 1995).

Because the alleged conduct in question here – emailing company documents to his hotmail account and copying documents – does not rise to the level of deceit or misconduct as in the cases above, Defendant's motion should be denied.

### 3.  **The Court Should Not Preclude the Use of Any Evidence.**

For the same reasons, the Court should deny Defendant's motion to preclude Mr. Fei from using any of the so-called "misappropriated information" in this lawsuit.

Likewise, the three cases upon which Defendant relies to support this argument are readily distinguishable from the present one.

In *Fayemi*, the plaintiff sneaked into his supervisor's office after being fired, without permission or authority, and copied confidential bonus information from his supervisor's computer. 174 F.R.D. at 322. After conducting a hearing, the court held that an order of preclusion was proper so that the plaintiff would not benefit from his wrongdoing. *Id.* at 326. However, the court ultimately decided against precluding plaintiff's use of the information because, like WestLB, who failed to pay Plaintiff and putative class members overtime wages, the defendant there had unclean hands. *Id.* at 326-27.

*In re Shell Oil Refinery v. Shell Oil Co.* is also easily distinguishable. 143 F.R.D. 105 (E.D. La. 1992). In that case, the plaintiff's legal committee obtained information and documents that had not been obtained in the discovery process by having improper *ex parte* contact with a current employee of the defendant. *Id.* at 107. Noting the court's concern "with preserving the integrity of this judicial proceeding," *id.* at 108-09, the court prohibited the committee from making use of any of the leaked documents, required the committee to identify and produce the documents to defendant, and prohibited the committee from further *ex parte* contacts with defendant's employees who were not plaintiffs. *Id.* at 109.

Similarly, *Lahr v. Fulbright & Jaworski, L.L.P.* is also inapposite to this situation. 94-CV-0981-D, 1996 U.S. Dist. LEXIS 20133 (N.D. Tex. July 10, 1996). There, the court precluded the plaintiff from utilizing documents that could have been subject to a protective order. *Id.* at *11. The documents consisted of private notes kept in a locked

closet for personal information, which had been written by one of the defendant's partners, then copied by the partner's secretary without [his/her] permission. *Id.* at *5.

Mr. Fei's conduct differs as the documents in question were readily at his disposal and not all of the documents could have qualified for a protective order. Accordingly, the Court should deny Defendant's request to preclude evidence.

## II. DEFENDANT CANNOT ARGUE AGAINST CLASS CERTIFICATION AT THE PLEADING STAGE OF THE CASE.

Defendant's argument that Plaintiff should be disqualified from being a collective/class action representative because of his alleged misappropriation of WestLB's information and his "extremely weak" claim, (Def. Mem. at 16), is nothing more than a transparent effort to divert the Court's attention from Defendant's unlawful compensation practices. This tactic fails for many reasons. First, it is improper at the pleading stage to argue against class certification for any reason. Second, Plaintiff's purported "misappropriation of documents" has no bearing on whether he can fulfill his fiduciary responsibilities to a class of workers who were not paid statutorily required overtime. Unlike in a Title VII discrimination case, where Plaintiffs' job performance may be relevant to the underlying claim, the NYLL requires that employees are paid overtime premiums without regard to their job performance or their character.

### A. The FLSA Does Not Recognize "Collective Representatives," a Role Defendant Concocts in Order to Dismiss Mr. Fei's Suit.

Mr. Fei, as the named Plaintiff in this action, seeks to bring a collective action under the FLSA, 29 U.S.C. § 216(b).[1]  In contrast to Rule 23 class actions, under the

---

[1] This means he intends to petition the Court to permit a mailing of opt-in notices to similarly-situated WestLB employees inviting them to join this action as opt-in plaintiffs. *See Hoffmann,* 982 F. Supp. at 261. The action would then proceed as collective. Opt-in

FLSA, employees are not permitted to designate an agent or representative to maintain an action on behalf of a group of employees. 29 C.F.R. § 790.20.  Therefore, there simply is no such thing as a "collective representative" with fiduciary-like responsibilities to a collective or class, whose adequacy the Court must assess in the FLSA context. Accordingly, Defendant's attempt to dismiss Mr. Fei's collective action allegations based on his purported inadequacy as a "collective representative" has no basis in law.

      **B.**      <u>**Defendant's Arguments Against Rule 23 Class Certification Are Improper at this Stage**</u>**.**

It is clearly too early to make a class certification determination.  *Parker v. Time Warner Entm't Co*., 331 F.3d 13, 21 (2d Cir. 2003); *Chateau de Ville Prods., Inc. v. Tams-Witmark Music Library, Inc.*, 586 F.2d 962, 966 (2d Cir. 1978).  After discovery, full briefing, and a class certification hearing, Plaintiff will demonstrate that Defendant's policy and practice of denying overtime pay to so-called "executives" and "managers" presents common issues that satisfy the requirements of Rule 23.  At that time, a class representative will be presented to the Court for approval.  Despite its efforts, Defendant cannot dispose of this case now by attacking the merits of Mr. Fei's claims or Mr. Fei himself because there is no pending motion for class certification.

Moreover, the parties have not yet conducted any discovery.  Without full discovery, neither party is equipped to argue class certification.  For this reason as well, the Court should refrain from making a premature ruling.  A district court "should defer decision on certification pending discovery if the existing record is inadequate for resolving the relevant issues."  *Chateau de Ville Prods.,* 586 F.2d at 966.  In particular,

---

plaintiffs may have their own legal representation, and no rights of absent collective members will be adjudicated.

"discovery may be necessary in order to . . . appraise the adequacy of representation."
*Id*. (citation omitted); *accord, Parker*, 331 F.3d at 21 (reversing premature denial of class
certification because the district court had improperly "precluded any class discovery and
even the filing of a motion for class certification"); *Bodner v. Banque Paribas*, 202
F.R.D. 370, 373 (E.D.N.Y. 2000) ("discovery on the merits … is essential to determining
whether class certification is appropriate").[2]

###   C.   Defendant's Allegations of "Wrongful Conduct" Do Not Render Plaintiff An Inadequate Class Representative Under Rule 23.

Even assuming an evaluation of Plaintiff's adequacy as class representative were
appropriate now, which it is not, Defendant's attacks against Plaintiff because of his
supposed "wrongful conduct" and his "deliberate pattern of misappropriation," (Def.
Mem. at 16), do not render him an inadequate class representative.  Defendant should not
be allowed to shield itself from class-wide liability by "merely raising a collateral attack"
on Plaintiff.  *Sheehan v. Purolator, Inc.*, 103 F.R.D. 641, 656 (E.D.N.Y. 1984).  If
employers were allowed to do so, "it is conceivable that no employee could ever qualify
as a class representative" and unlawful compensation practices like Defendant's could
not be challenged.  *Id.*  Courts "must be wary of a defendant's efforts to defeat

---

[2] S*ee also, Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1312-13 (9th Cir. 1977)
("under some circumstances the failure to grant discovery before denying class treatment
is reversible error"); *Pittman v. E. I. duPont de Nemours & Co.*, 552 F.2d 149, 150 (5th
Cir. 1977) ("Of course, a certain amount of discovery is essential in order to determine
the class action issue and the proper scope of a class action. The plaintiff is entitled to
some leeway in attempting to define the proper parameters of his proposed class.");
*Barnhart v. Safeway Stores, Inc.*, No. S-92-0803, 1992 U.S. Dist. LEXIS 22572, at *4, 9
(E.D. Cal. Dec. 14, 1992) ("Many courts . . . have recognized that discovery is often
necessary to determine if a class is maintainable . . . . It is this court's duty to permit the
parties to give the district court *all* information that the district court *might* find relevant
in making a class action determination."); NEWBERG ON CLASS ACTIONS § 24:80 (4th ed.)
("Timely discovery of the defendants by plaintiffs may be desirable before the initial
class determination when pertinent class facts are in dispute, especially when information
concerning these facts is exclusively in the control of the defendants").

representation of a class on grounds of inadequacy when the effect may be to eliminate any class representation." *Kline v. Wolf*, 702 F.2d 400, 402 (2d Cir. 1983).

Plaintiff could be an adequate class representative if presented as such. Rule 23(a)(4) simply requires that the named plaintiff "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997). A plaintiff is an adequate class representative if his interests do not conflict with the interests of the class. *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 625-26 (1997); *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 157 n.13 (1982); *Marisol A.*, 126 F.3d at  378; *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000). Rule 23(a)(4) is not a high bar; it "merely requires that plaintiffs [and the class do] not have 'antagonistic' interests. . . only a conflict that goes to the very subject matter of the litigation will defeat a party's claim of representative status." *Martens v. Smith Barney, Inc.*, 181 F.R.D. 243, 259 (S.D.N.Y. 1998) (citations omitted). A "class representative need not be the best of all representatives, but one who will pursue a resolution of the controversy in the interests of the class." *Dura-Bilt Corp. v. Chase Manhattan Corp*., 89 F.R.D. 87, 101 (S.D.N.Y. 1981).

Defendant cannot show any conflicts between Plaintiff and the class. So instead, it argues that Plaintiff's alleged "misconduct" renders him an inadequate class representative and compromises his credibility. (Def. Mem. at 16.) Credibility questions, however, "do not render [a plaintiff] inherently unfit to serve as a representative of an otherwise appropriate class." *Sheehan*, 103 F.R.D. at 656; *see also*, *In re: Frontier Ins. Group, Inc. Sec. Litig.*, 172 F.R.D. 31, 41 (E.D.N.Y. 1997) ("it is generally inappropriate to deny certification based on questions going to the credibility of

named plaintiffs"). Courts should not find a class representative inadequate based on credibility unless the plaintiff's problems "call the validity of the plaintiffs' entire case into question." *Harrison v. Great Springwaters of Am., Inc*., No. 96 Civ. 5110, 1997 U.S. Dist. LEXIS 23267, at *18 (E.D.N.Y. June 18, 1997). "[O]nly a conflict that goes to the very subject matter of the litigation will defeat a party's claim of representative status." *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 87 (S.D.N.Y. 2001) (citations omitted). Defendant cites no such conflict here.

The two cases that Defendant cites are readily distinguishable.[3] In *Cobb v. Avon Prods., Inc*., an employment discrimination action brought under Title VII, the court disqualified the plaintiff as a class representative because she deceived her employer by maintaining two jobs simultaneously, thereby neglecting her job with the defendant. 71 F.R.D. 652, 655 (W.D. Pa. 1976). In *McCall v. Drive Fin. Serv.*, the court found that the named plaintiff *was* an adequate class representative despite allegations that he testified falsely during his deposition and was a convicted felon. 236 F.R.D. 246, 250, 251 (E.D. Pa. 2006). Importantly, both *Cobb* and *McCall* were decided at the proper time – after plaintiffs had moved for class certification. *Cobb*, 71 F.R.D. at 655; *McCall*, 236 F.R.D. at 248.

Because Defendant's attacks against Mr. Fei are both untimely and inappropriate, the Court should deny its motion.

---

[3] Likewise, Defendant's reliance on *Doe v. A Corp.* is unavailing. 709 F.2d 1043 (5th Cir. 1983). In that case, the court held allowing plaintiff, an in-house attorney, to serve as class representative "would create a tension between his obligation as representative to do all he can to vindicate the rights of the class members and his personal ethical duty to protect A Corporation's secrets." *Id.* at 1047-48. Here, no such conflict exists because Mr. Fei is not an attorney.

## CONCLUSION

For the foregoing reasons, Mr. Fei respectfully requests that the Court deny

Defendant's motion in its entirety, together with such further relief this Court deems

appropriate and just.  In the alternative, Defendant's motion should be continued until

after discovery.

Dated:  New York, NY
        January 11, 2008

                              **OUTTEN & GOLDEN LLP**
                              *Attorneys for Plaintiff and the Putative Class*


                         By: /s/  Linda A. Neilan

                              Adam T. Klein (AK 3293)
                              Jack A. Raisner (JR 6171)
                              Linda A. Neilan (LN 4095)
                              Tara Lai Quinlan (TQ 0717)
                              3 Park Avenue, 29th Floor
                              New York, NY 10016
                              Telephone: (212) 245-1000
                              Facsimile: (212) 977-4005