**Outten & Golden LLP**
Adam T. Klein (AK 3293)
Jack A. Raisner (JR 6171)
Linda A. Neilan (LN 4095)
Tara Lai Quinlan (TQ 0717)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **PHILIP FEI,** on behalf of himself and classes of those similarly situated,<br><br>             **Plaintiff,**<br><br>       -against-<br><br>**WESTLB AG,**<br><br>             **Defendant.** | 07 Civ. 8785 (HB) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
<u>**MOTION TO DISMISS COUNTERCLAIMS**</u>

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................... 1

FACTUAL BACKGROUND .......................................................................................... 1

ARGUMENT .................................................................................................................... 3

  I. DEFENDANT FAILS TO STATE A CLAIM UNDER
     THE COMPUTER FRAUD AND ABUSE ACT................................................... 3

    A. WestLB Cannot Establish "Loss" Because It Cannot Show
       Actual Damage To Company Data, Computers, Or Computer Systems. .......... 4

    B. Mr. Fei's Foreseeable Email Trasmissions May Have Violated
       Company Policies, But did not Violate the CFAA ........................................... 8

  II. DEFENDANT FAILS TO STATE A CLAIM FOR BREACH OF
      FIDUCIARY DUTY AND DUTY OF LOYALTY. .............................................. 8

  III. THE COURT SHOULD DISMISS THE COUNTERCLAIMS
       BECAUSE THEY ARE FRIVOLOUS AND RETALIATORY........................... 11

CONCLUSION ............................................................................................................... 12

# TABLE OF AUTHORITIES

## CASES

*ABKCO Music Inc. v. Harrisongs Music, Ltd.,*
    722 F.2d 988 (2d Cir. 1983) ................................................................................................. 9

*Am. Bldg. Maint. Co. v. ACME Prop. Servs.,*
    515 F. Supp. 2d 298 (N.D.N.Y. 2007) ................................................................................ 10

*Atkinson v. Oliver T. Carr Co.,*
    Civ. A. No. 85-1950, 1986 WL 6997 (D.D.C. Apr. 22, 1986) ........................................... 12

*Bell Atl. Corp. v. Twombly,*
    __ U.S. __, 127 S. Ct. 1955 (2007) ..................................................................................... 3

*Blimpie Int'l, Inc. v. Blimpie of the Keys,*
    371 F. Supp. 2d 469 (S.D.N.Y. 2005) .................................................................................. 3

*Byrne v. Barret,*
    197 N.E. 217 (N.Y. 1935) ..................................................................................................... 9

*CBS Corp. v. Dumsday,*
    268 A.D.2d 350 (N.Y. 2000) ......................................................................................... 9, 10

*Chas. S. Winner, Inc. v. Polistina,*
    No. 06-4865, 2007 U.S. Dist. LEXIS 40741 (D.N.J. June 4, 2007) ......................... 4, 5, 6, 7

*Civic Ctr. Motors, Ltd. v. Mason St. Import Cars, Ltd.,*
    387 F. Supp. 2d 378 (S.D.N.Y. 2005) .................................................................................. 4

*Cozzi v. Pepsi-Cola Gen. Bottlers,*
    No. 96 C 7228, 1997 U.S. Dist. LEXIS 7979 (D. Ill. June 6, 1997) .................................. 11

*EEOC v. Outback Steakhouse, Inc.,*
    75 F. Supp. 2d 756 (D. Ohio 1999) ..................................................................................... 11

*Gibbs v. Breed, Abbott & Morgan,*
    271 A.D.2d 180 (N.Y. 2000) .............................................................................................. 10

*Gliatta v. Tectum Inc.,*
    211 F. Supp. 2d 992 (D. Ohio 2002) ................................................................................... 11

*Int'l Assoc. of Machinists & Aero. Workers v. Werner-Matsuda,*
    390 F. Supp. 2d 479 (D. Md. 2005) ................................................................................. 6, 7

*Jacques v. DiMarzio, Inc.*,
  216 F. Supp. 2d 139 (E.D.N.Y. 2002) ...............................................................................11

*Jones v. Ryder Servs. Corp.*,
  No. 95 C 4763, 1997 U.S. Dist. LEXIS 3975 (N.D. Ill. Mar. 31, 1997) ..................................12

*Kader v. Paper Software*,
  111 F.3d 337 (2d Cir. 1997) ................................................................................................9

*Kaufman v. IBM Corp.*,
  97 A.D.2d 925 (N.Y. 1983) .................................................................................................9

*L-3 Commun. Westwood Corp. v. Robicharux*,
  No. 06-0279, 2007 U.S. Dist. LEXIS 16789 (D. La. Mar. 8, 2007) ..........................................4

*Laro Maint. Corp. v. Culkin*,
  267 A.D.2d 431 (N.Y. 1999) ..............................................................................................10

*Mills v. Polar Molecular Corp.*,
  12 F.3d 1170 (2d Cir. 1993) ................................................................................................3

*Newco Waste Sys., Inc. v. Swartzenberg*,
  125 A.D.2d 1004, (N.Y. 1986) .............................................................................................9

*Nexans Wires S.A. v. Sark-USA, Inc.*,
  319 F. Supp. 2d 468 (S.D.N.Y. 2004) ..................................................................................4

*Paz System, Inc. v. Dakota Group Corp.*,
  514 F. Supp. 2d 402 (E.D.N.Y. 2007) .......................................................................9, 10, 11

*Reed, Roberts Assoc. v. Strauman*,
  353 N.E.2d 590 (N.Y. 1976) ................................................................................................9

## FEDERAL STATUTES

18 U.S.C. § 1030...................................................................................................................5, 8

18 U.S.C. § 1030(a)(4)...........................................................................................................3, 8

18 U.S.C. § 1030(a)(5)(B)(i) ..................................................................................................... 3

18 U.S.C. § 1030(e)(8).............................................................................................................4, 5

18 U.S.C. § 1030(e)(11)..............................................................................................................4

18 U.S.C. § 1030(g) ....................................................................................................................3

29 U.S.C. § 215(a)(3).................................................................................................................11

29 U.S.C. § 216(b) ....................................................................................................................12

## STATE STATUTES

N.Y. Lab. Law § 215 .................................................................................................................11

N.Y. Lab. Law § 662 .................................................................................................................11

## RULES

Fed. R. Civ. P. 12(b)(6)...............................................................................................................3

## LEGISLATIVE HISTORY

S. REP. No. 104-357 (1996) .......................................................................................................5

**PRELIMINARY STATEMENT**

Philip Fei ("Plaintiff") filed this class action on behalf of current and former employees to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Mr. Fei alleges that WestLB AG (hereinafter, "WestLB" or "Defendant") misclassified him as well as other so-called "executives" (i.e., secretaries and assistants) and "managers" (i.e., individuals who did not manage anyone) as exempt from overtime, thereby failing to pay them at a rate of one-and-one half times their regular rate of pay for hours worked in excess of forty hours per week, in violation of the FLSA and the NYLL.

In response to Mr. Fei's filing of the instant complaint, Defendant filed counterclaims against him for breach of the Computer Fraud and Abuse Act of 1986 ("CFAA") and breach of fiduciary duty and duty of loyalty. Mr. Fei respectfully moves to dismiss the counterclaims because (1) Defendant failed to state a claim upon which relief can be granted; and (2) Defendant filed the counterclaims in retaliation for Mr. Fei's protected activity under the FLSA and the NYLL.

**FACTUAL BACKGROUND**

Defendant employed Mr. Fei to handle its day-to-day payroll tasks as Payroll Manager. (Def.'s Ans. and Counterclaims ¶ 65.) It provided Mr. Fei with sensitive payroll-related documents and information so that he could do that job. (Def.'s Ans. and Counterclaims ¶ 65.) Mr. Fei received much of this material via his company email account, which Defendant could at all times monitor and control. Mr. Fei openly sent some of this material to his personal email account over the course of seven years without any objection from Defendant, who knew or should have known of his common practice.

1

Although Defendant maintains that Mr. Fei was bound by company policies about handling and transmitting company documents, (Def.'s Ans. and Counterclaims ¶¶ 68-74), it was not until Mr. Fei filed a lawsuit to secure his rights under the FLSA and the NYLL that Defendant seized on Mr. Fei's actions to complain that the forwarding of documents to himself via email, to which he was given access, on the company's computer system, to which he was also given access, was unauthorized. (Def.'s Ans. and Counterclaims ¶¶ 76-82.) In an attempt to intimidate and harass Mr. Fei, and those who would join the FLSA action, Defendant has clothed these purported infractions of the company's rules as violations of law. (Def.'s Ans. and Counterclaims ¶¶ 83-97.)

Defendant purports to bring counterclaims for alleged misappropriation under federal and state law. First, Defendant alleges that Mr. Fei's open practice of sending company documents to his personal Hotmail email account violated the CFAA. (Def.'s Ans. and Counterclaims ¶¶ 83-90.) Second, Defendant alleges, under no specific body of law, that these actions breached his fiduciary duty and duty of loyalty. (Def.'s Ans. and Counterclaims ¶¶ 83, 91-97.) As described in further detail below, Defendant has failed to state a claim upon which relief can be granted on these two counterclaims. Further, Defendant's counterclaims are clearly retaliatory.[1] For these reasons, the Court should dismiss them with prejudice.

---

[1] Because of Defendant's retaliatory counterclaims, Mr. Fei intends to seek leave to amend the complaint to add a claim for retaliation.

2

# ARGUMENT

Defendant's counterclaims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Defendant fails to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion to dismiss, a court must accept a plaintiff's allegations as true and draw all reasonable inferences in the plaintiff's favor. *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993); *Blimpie Int'l, Inc. v. Blimpie of the Keys*, 371 F. Supp. 2d 469, 470-71 (S.D.N.Y. 2005). A plaintiff, however, must allege "enough facts to state a claim to relief that is plausible on its face," and may not simply provide "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1964-65, 1974 (2007) (citations omitted).

## I. DEFENDANT FAILS TO STATE A CLAIM UNDER THE COMPUTER FRAUD AND ABUSE ACT.

A civil claim under the Computer Fraud and Abuse Act of 1986, 18 U.S.C. § 1030(a)(4), has five elements: (1) defendant "knowingly" and with "intent to defraud;" (2) accessed a "protected computer;" (3) "without authorization" or by "exceed[ing]" authorization that was granted; (4) "further[ing] the intended fraud and obtain[ing] anything of value;" and (5) causing an aggregate loss of at least $5,000. 18 U.S.C. §§ 1030(a)(4), (a)(5)(B)(i), (g). Defendant has failed to allege the fifth element – a loss of at least $5,000. Moreover, even assuming as true WestLB's allegations that Mr. Fei's email transmissions violated company policies, that does not translate into a violation of the CFAA. Finding Mr. Fei liable for transmissions that were foreseeable in the normal course of his job duties would extend the CFAA beyond its intended scope.

### A. WestLB Cannot Establish "Loss" Because It Cannot Show Actual Damage To Company Data, Computers, Or Computer Systems.

Defendant's CFAA claim should be dismissed because it has failed to allege a loss of at least $5,000. Under the CFAA, "loss" is defined as "the cost of responding to an offense, conducting a damage assessment, <u>and</u> restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." 18 U.S.C. § 1030(e)(11) (emphasis added). "Loss" must be tied to <u>actual</u> damage to the company's data, computer, computer system, or computer network. *Nexans Wires S.A. v. Sark-USA, Inc.*, 319 F. Supp. 2d 468, 474-75 (S.D.N.Y. 2004) (defining loss as "a cost of investigating or remedying damage to a computer, or a cost incurred because the computer's service was interrupted"); *see also Chas. S. Winner, Inc. v. Polistina*, No. 06-4865, 2007 U.S. Dist. LEXIS 40741, at *14-15 (D.N.J. June 4, 2007) (same); *L-3 Communs. Westwood Corp. v. Robicharux*, No. 06-0279, 2007 U.S. Dist. LEXIS 16789, at *11 (D. La. Mar. 8, 2007) (same); *Civic Ctr. Motors, Ltd. v. Mason St. Imp. Cars, Ltd.*, 387 F. Supp. 2d 378, 381 (S.D.N.Y. 2005) (same). "Damage" is "any impairment to the integrity or availability of data, a program, a system, or information." 18 U.S.C. § 1030(e)(8).

WestLB does not allege that it suffered such a loss. (Def.'s Ans. and Counterclaims ¶¶ 83-90.) WestLB does not claim that Mr. Fei's use of his company email account, computer, or computer network damaged or rendered inoperable or harmed its data, computers, or computer systems. (Def.'s Ans. and Counterclaims ¶¶ 76-90.) WestLB does not assert that Mr. Fei damaged its data or computer systems, and does not say that he harmed the "integrity" of its data or computer systems. (Def.'s Ans.

4

and Counterclaims ¶¶ 76-90.)  Rather, WestLB merely asserts that Mr. Fei's access to and transmissions of company documents violated company policies.  (Def.'s Ans. and Counterclaims ¶ 83.)  These alleged violations of company policies, however, do not establish damages under the CFAA.  18 U.S.C. § 1030(e)(8).  The CFAA does not cover any circumstance where an employee, in violation of company policies, <u>accessed</u> and/or transmitted company data without harming the data, computers or computer systems.  18 U.S.C. § 1030.  If it did, this would be contrary to Congress' intent to require actual damages or harm to company's data, data integrity, computer, computer system or computer networks.  *See* S. REP. No. 104-357, at 8 (1996).

      WestLB's claim for damages rests on its hiring of a computer forensics expert to investigate Mr. Fei's alleged violations of company policies.  (Def.'s Ans. and Counterclaims ¶ 89.)  However, WestLB does not claim that it hired the expert to determine whether there was any actual damage to data, computers, or computer networks.  (Def.'s Ans. and Counterclaims ¶ 89.)  Rather, WestLB hired the expert to build a case against Mr. Fei and attempt to substantiate the damages prong of the CFAA claim, albeit unsuccessfully.  The expert did not assess or repair any damages to WestLB's data, computers, or computer networks – because there was none.  (Def.'s Ans. and Counterclaims ¶¶ 84-90.)  WestLB has not alleged – because it cannot – that there has been any such damage as a result of Mr. Fei's access to and transmissions of documents.  (Def.'s Ans. and Counterclaims ¶¶ 84-90.)

      In *Chas. S. Winner, Inc.*, an employer brought a CFAA claim against former employees for sending emails, and claimed damages in excess of $5,000 due to the hiring of a computer expert.  2007 U.S. Dist. LEXIS 40741, at *12-13.  The district court

5

granted defendant's motion to dismiss the CFAA claim after finding that the employer had "simply stated that they hired a computer expert without providing the type of investigation or description of how the computer system was interrupted, damaged, or restored." *Id.* The court found that this was insufficient to establish damages under the CFAA:

> Plaintiffs have provided the Court with no evidence whatsoever regarding this alleged investigation and how it was related to any harm or damage to plaintiffs' computer. Indeed, the only evidence cited by plaintiffs is a reference to paragraph 55 of the complaint, the merely conclusory allegation that Section 1030 was violated. In this vacuum, one is left to assume that any costs incurred by plaintiffs were spent recovering the offending e-mails and searching for other evidence of disloyal conduct. Gathering evidence from a computer to prove your state law employment claims does not turn defendants' conduct - even disloyal conduct in breach of contract - into the kind of conduct that so concerned Congress that it criminalized it.

*Id.* at *13 n.7. Likewise, because WestLB has not alleged that Mr. Fei damaged or harmed any data, computer, or computer network, the CFAA claim should be dismissed with prejudice.

### B. Mr. Fei's Foreseeable Email Transmissions May Have Violated Company Policies, But Did Not Violate the CFAA.

While WestLB claims that Mr. Fei's email transmissions violated company policies, it does not sufficiently allege that they violated the CFAA. WestLB's allegations that Mr. Fei violated its Code of Conduct, the WestLB Handbook, and its Security Awareness Guidelines do not translate into violations of the CFAA because the statute was not intended to address alleged employee disloyalty.

While the CFAA protects against unauthorized access to data, computers and computer networks, it does not prohibit unapproved or disloyal disclosures of company data by an employee with authorized access. *Int'l Ass'n of Machinists & Aero. Workers*

6

*v. Werner-Matsuda*, 390 F. Supp. 2d 479, 499 (D. Md. 2005) ("The SECA and the CFAA, however, do not prohibit the unauthorized disclosure or use of information, but rather unauthorized access. Nor do their terms proscribe authorized access for unauthorized or illegitimate purposes."). The CFAA was designed to target criminal computer hackers and others who improperly obtain information and use it, not to penalize former employees for violating company rules. *Chas. S. Winner, Inc.*, 2007 U.S. Dist. LEXIS 40741, at *14-15. In *Chas. S. Winner, Inc.*, the district court stressed that Congress never intended the CFAA to redress mere employee disloyalty:

> We find nothing in the structure or language of the statute to suggest that Congress intended to create a private cause of action against employees whose crime, if you will, merely involved the use of ordinary e-mail in a manner disloyal to their employer and in breach of their employment contract. The use of e-mail in the context of routine business activity - and for purposes both banal and hurtful - is almost universal and was so when Congress amended the statute. If such conduct violates the CCFA there would be no principled limit to the kinds of business disputes that Section 1030, and perforce its private right of action, would reach. We are convinced that *if Congress had intended to bring the kind of employment dispute found in this case and so common in state court within the jurisdiction of the federal courts merely because a disloyal employee used e-mail to further his disloyal conduct it would have done so much more directly and with resounding clarity.*

*Id.* at *14-15 (emphasis added). Because WestLB failed to plead any actual injury to its company data, computers, or computer networks, its CFAA claim must be dismissed.

Moreover, WestLB's allegations of Mr. Fei's use of the company's email system, data, computers, and computer networks was foreseeable in the normal course of his job as Payroll Manager. Indeed, it was completely foreseeable that Mr. Fei, as well as other WestLB employees, would transmit company documents to users, including himself, using the company's email system, computers, and computer networks. It is not a CFAA violation for an employee to use the company's email system, data, computers, and

7

computer networks to send business documents in the normal course of his duties to a foreseeable recipient. 18 U.S.C. § 1030. To find otherwise would thwart the whole purpose of the CFAA and expand the CFAA too far, so that any employee could be held liable merely for using the company's computer systems in the normal course of his or her job.

While WestLB has policies guarding against the use of the company's email system, computers, and computer networks for non-business uses, and sending emails to objectionable recipients or with objectionable content, the CFAA is silent on these issues. The CFAA only governs unauthorized access and damage to a computer system as a result of such access. 18 U.S.C. § 1030(a)(4). WestLB cannot make out a CFAA claim by asserting that Mr. Fei violated company policies by sending documents to an improper recipient or sending objectionable, non-business content simply because he used the company's email system, computers, and computer networks to do so, and because they were transmissions of which the company disapproved. Accordingly, the Court should dismiss Defendant's CFAA Counterclaim against Mr. Fei.

## II.     DEFENDANT FAILS TO STATE A CLAIM FOR BREACH OF FIDUCIARY DUTY AND DUTY OF LOYALTY.

WestLB also fails to state a claim for its second counterclaim: breach of fiduciary duty and duty of loyalty. While it does not designate any particular body of law as governing this claim, presumably, WestLB's meant to ground its generic breach of fiduciary claim in New York law. Misappropriation may support a claim of fiduciary breach in New York where the actions involve some use of company property for a wrongful personal benefit. WestLB, however, does not allege that Mr. Fei ever *used* the company information he forwarded to himself or copied for *any* purpose, rightful or

wrongful. WestLB's omission of such an allegation is fatal to its purported claim that Mr. Fei breached his fiduciary duty. WestLB's belated attempt to enforce an internal company policy that it declined to enforce during the many years that Mr. Fei worked there is not cognizable under any fiduciary breach theory.

Under New York law, an employee has a common law duty of good faith and fair dealing to the employer not to exploit its confidential information for the benefit of himself and others. *Paz Sys., Inc. v. Dakota Group Corp.*, 514 F. Supp. 2d 402, 405-06 (E.D.N.Y. 2007). To support a breach of fiduciary duty claim, the employer must demonstrate that the employee "used or divulged confidential knowledge acquired during his employment." *Kader v. Paper Software*, 111 F.3d 337, 342 (2d Cir. 1997) (quoting *Kaufman v. IBM Corp.*, 97 A.D.2d 925, 927 (N.Y. 1983) (emphasis added), *aff'd mem.*, 463 N.E.2d 37 (1984)). It is the "utilization of confidential information constituting a breach of trust, and not the mere knowledge of a business's intricacies, which is prohibited." *Newco Waste Sys., Inc. v. Swartzenberg*, 125 A.D.2d 1004, 1005 (N.Y. 1986) (citing *Reed, Roberts Assoc. v. Strauman,* 353 N.E.2d 590 593-94 (1976)).

Both this Circuit and numerous New York courts have held that "an agent has a duty 'not to use confidential knowledge acquired in his employment in competition with his principal.'" *ABKCO Music Inc. v. Harrisongs Music, Ltd.*, 722 F.2d 988, 994 (2d Cir. 1983) (quoting *Byrne v. Barret*, 197 N.E. 217, 218 (1935)); *see, e.g.*, *Paz Sys., Inc,* 514 F. Supp. 2d at 409 (finding an employee liable for breach of fiduciary duty under New York law because employee misappropriated company data and used it to divert sales to his future employer); *CBS Corp. v. Dumsday*, 268 A.D.2d 350, 353 (N.Y. 2000) (holding that employer sufficiently stated a cause of action for breach of fiduciary and common-

9

law duties against former employees who, while employed by plaintiff, planned and later formed a competing corporation which obtained a contract from employer's customer using employer's confidential information); *Laro Maint. Corp. v. Culkin*, 267 A.D.2d 431, 433 (N.Y. 1999) (affirming an order finding former employees, including a former corporate officer, violated their duty of loyalty and fiduciary duty by using their former employer's proprietary secrets to build a competing business). For example, in *Gibbs v. Breed, Abbott & Morgan*, the appellate court affirmed the trial court's finding that law partners had breached their fiduciary duty to their former law firm by supplying confidential employee information to their prospective law firm before giving notice of their intent to leave. 271 A.D.2d 180, 184-87 (N.Y. 2000). The plaintiffs in *Gibbs* provided their new employer with employees' names, salaries, annual billable hours, and hourly rates. *Id.* The disclosure of this information gave the plaintiffs a competitive advantage, and therefore, was a violation of their fiduciary duty. *Id.*

      WestLB alleges that Mr. Fei breached his fiduciary duty and duty of loyalty to WestLB by misappropriating company documents and information, and the personal and private information of its employees. (Def.'s Ans. and Counterclaims ¶ 96.) WestLB's counterclaim is completely devoid of any allegation that Mr. Fei *used* any confidential information for the benefit of himself or others. *Paz Sys.,* 514 F. Supp. 2d at 408-09. Thus, WestLB's allegations do not support a claim for breach of fiduciary duty. *Compare Am. Bldg. Maint. Co. v. ACME Prop. Servs.*, 515 F. Supp. 2d 298 (N.D.N.Y. 2007) (finding that company sufficiently alleged breach of duty of loyalty and fiduciary duty claims against former employees because company alleged that employees, while in employ of company, engaged in negotiations with current and prospective clients for the

purpose of establishing competing businesses). Accordingly, WestLB's counterclaim for breach of fiduciary duty should be dismissed.

### III. THE COURT SHOULD DISMISS THE COUNTERCLAIMS BECAUSE THEY ARE FRIVOLOUS AND RETALIATORY.

The counterclaims lack merit and, as discussed below, can only be retaliatory in aim. For these reasons alone, they are legal nullities and the Court may – and should – dismiss them. *Jacques v. DiMarzio, Inc.*, 216 F. Supp. 2d 139 (E.D.N.Y. 2002) (dismissing baseless and retaliatory counterclaims *sua sponte* and awarding sanctions).

Both the FLSA and the NYLL prohibit retaliation. Section 215(a)(3) of the FLSA makes it unlawful for any person "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter . . . or has testified or is about to testify in any such proceeding." 29 U.S.C. § 215(a)(3). NYLL similarly prohibits retaliation against any employee who has "made a complaint to his employer, or to the commissioner or his authorized representative, that he has not been paid . . . ." N.Y. Lab. Law § 662; *see also* N.Y. Lab. Law § 215.

Legal proceedings – including counterclaims – can constitute actionable retaliation if they are filed against an employee in response to the employee asserting statutory workplace rights. *See*, *e.g.*, *Jacques*, 216 F. Supp. 2d at 141-43 (defendant's counterclaims found *sua sponte* to be retaliatory, dismissal and sanctions issued *sua sponte*); *Gliatta v. Tectum, Inc.*, 211 F. Supp. 2d 992, 1008-09 (S.D. Ohio 2002) (counterclaim alleged to be retaliatory) (citing *EEOC v. Outback Steakhouse of Fl., Inc.*, 75 F. Supp. 2d 756 (N.D. Ohio 1999) (same)); *Cozzi v. Pepsi-Cola Gen. Bottlers, Inc.*, No. 96 C 7228, 1997 U.S. Dist. LEXIS 7979, at *3 (N.D. Ill. June 6, 1997) (state court

11

fraud lawsuit alleged to be retaliatory); *Jones v. Ryder Servs. Corp.*, No. 95 C 4763, 1997 U.S. Dist. LEXIS 3975, at *5 (N.D. Ill. Mar. 31, 1997) (withdrawing workers' compensation settlement offer following EEOC charge alleged to be retaliatory); *Atkinson v. Oliver T. Carr Co.*, Civ. A. No. 85-1950, 1986 WL 6997, at *2, 4 (D.D.C. Apr. 22, 1986) (complaint to police about employee following EEOC charge alleged to be retaliatory).

The counterclaims are designed to make Mr. Fei and the members of the putative class/collective think twice before filing or participating in an action to assert their rights to proper payment under the law. For Defendant to frighten workers by threatening to sue them on any basis it can manufacture is extremely damaging. In a collective action, employees may not recover their unpaid minimum wages, overtime and liquidated damages under the FLSA, unless they first take affirmative action to file with the court individual consents to sue. 29 U.S.C. § 216(b). Until such individual consents are filed, the statute of limitations runs on their federal claims.

Defendant's counterclaims have no merit and were brought in bad faith to retaliate against Mr. Fei for bringing this action. To deter such use of judicial resources in unlawful retaliation, the Court should discuss the counterclaims.

## **CONCLUSION**

For the foregoing reasons, Mr. Fei respectfully requests that the Court dismiss Defendant's counterclaims with prejudice, together with such further relief this Court deems appropriate and just.

Dated: New York, NY
January 11, 2008

**OUTTEN & GOLDEN LLP**
*Attorneys for Plaintiff and the Putative Class*

By: /s/ Linda A. Neilan

Adam T. Klein (AK 3293)
Jack A. Raisner (JR 6171)
Linda A. Neilan (LN 4095)
Tara Lai Quinlan (TQ 0717)
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005