UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILIP FEI, on behalf of himself and classes
of those similarly situated,

                              Plaintiff,

               v.

WESTLB AG,

                              Defendant.

Index No.:  07 Civ. 8785 (HB) (FM)


**REPLY MEMORANDUM OF LAW OF WESTLB AG
IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT OR
ALTERNATIVELY TO PRECLUDE THE USE OF MISAPPROPRIATED
INFORMATION AND PRECLUDE PHILIP FEI FROM BEING THE
<u>COLLECTIVE/CLASS ACTION REPRESENTATIVE</u>**

# TABLE OF CONTENTS

Page

I.      PRELIMINARY STATEMENT ........................................................................1

II.     STATEMENT OF FACTS ..............................................................................1

III.    ARGUMENT ...................................................................................................3

        A.      Fei's Complaint Should Be Dismissed. ....................................................3

        B.      Alternatively, The Misappropriated Information Should Not Be Able To
                Be Used In This Lawsuit And Fei Should Be Precluded From Being The
                Collective/Class Action Representative....................................................6

                1.      The Misappropriated Information Should Not Be Able To Be Used
                        In This Lawsuit. ..........................................................................6

                2.      Fei Should Be Disqualified From Serving As Collective/Class
                        Action Representative...................................................................8

CONCLUSION..............................................................................................................10

60184490_1.DOC

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Bodner v. Banque Paribas*, 202 F.R.D. 370 (E.D.N.Y. 2000)........................................................9

*Chateau de Ville Prods., Inc. v. Tams-Witmark Music Library, Inc.*, 586 F.2d 962 (2d Cir. 1978).........................................................................................................................8, 9

*Cobb v. Avon Prods, Inc.*, 71 F.R.D. 652 (W.D. Pa. 1976) ........................................................9

*Fayemi v. Hambrecht & Quist, Inc.*, 174 F.R.D. 319 (S.D.N.Y. 1997)..............................3, 4, 6, 7

*Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249 (S.D.N.Y. 1997)........................................................8

*Jackson v. Microsoft Corp.*, No. C01-775P, 2002 U.S. Dist. LEXIS 19048 (W.D. Wa. Feb. 12, 2002), *aff'd*, 78 F. App'x 588 (9th Cir. 2003)...............................................6

*Kalwasinski v. Ryan*, No. 96-CV-6475, 2007 U.S. Dist. LEXIS 68736 (W.D.N.Y. Sept. 13, 2007) .......................................................................................................4

*Kline v. Wolf*, 702 F.2d 400 (2d Cir. 1983) ...............................................................................9

*Lahr v. Fulbright & Jaworski, L.L.P.*, No. 3:94-CV-0981-D, 1996 U.S. Dist. LEXIS 20133 (N.D. Tex. July 10, 1996) ...............................................................................7

*Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962) ...........................................................................4

*Lipin v. Bender*, 84 N.Y.2d 562, 644 N.E.2d 744 (1994) ......................................................4, 6

*McCall v. Drive Fin. Servs., L.P.*, 236 F.R.D. 246 (E.D. Pa. 2006)...........................................9

*New Pac. Overseas Grp. (USA) Inc. v. Excal Int'l Dev. Corp.*, No. 99 Civ. 2436 (DLC), 2000 U.S. Dist. LEXIS 4695 (S.D.N.Y. Apr. 12, 2000)...............................................4

*Perna v. Elec. Data Sys. Corp.*, 916 F. Supp. 388 (D.N.J. 1995)............................................5, 6

*Robinson v. Sheriff of Cook County*, 167 F.3d 1155 (7th Cir. 1999)......................................8, 10

*Scholastic, Inc. v. Stouffer*, 221 F. Supp. 2d 425 (S.D.N.Y. 2002) ...........................................6

*Sheehan v. Purolator, Inc.*, 103 F.R.D. 641 (E.D.N.Y. 1984)....................................................9

*In re Shell Oil Refinery*, 143 F.R.D. 105 (E.D. La. 1992) .........................................................7

60184490_1.DOC

**<u>Table of Authorities</u>**
(Continued)

Page(s)

## RULES

Local Civ. R. 7.2 ..................................................................................................3

Fed. R. Civ. P. 12(c) ............................................................................................3

Fed. R. Civ. P. 23 ................................................................................................8

## MISCELLANEOUS

*Black's Law Dictionary* (8th ed. 2004).............................................................5

Defendant and Counterclaim Plaintiff WestLB AG ("WestLB") respectfully submits this reply memorandum of law in further support of its Motion to Dismiss ("WestLB's Motion").

## I.     PRELIMINARY STATEMENT

Fei's papers in opposition to WestLB's Motion (Fei's "Opposition Brief") simply confirm that his claims should be dismissed or alternatively the use of the misappropriated documents and information should be precluded and Fei should be disqualified from serving as collective/class action representative.

Significantly, as part of Fei's Opposition Brief, he did not submit an affidavit, provide a single document, or otherwise even dispute that he misappropriated WestLB's confidential, proprietary and attorney-client privileged information, and the personal and private information of WestLB's employees.  Instead, recognizing his inability to dispute his misconduct, Fei baldly raises meritless procedural arguments and unsuccessfully attempts to distinguish the cases cited by WestLB by claiming that his own misconduct "does not rise to the level of deceit or misconduct as in the cases."  (Pl.'s Br. 10.)  Accordingly, Fei's failure to even dispute his own misconduct is fatal and confirms that the Court should sanction him accordingly.

## II.     STATEMENT OF FACTS

The background facts are set forth more fully in WestLB's Motion.  Notably, in Fei's Opposition Brief, he has not disputed the following facts:

- Fei's own resume and self-evaluations show that he was a senior level member of the WestLB Human Resources Department and vested with substantial discretion, and had responsibility for developing and implementing WestLB's policies and procedures.  On several occasions Fei stated to Linda Shirley, an Executive Director for Human Resources, that he wanted his position title to be changed to Associate Director based upon his responsibilities and performance.  (Def.'s Moving Br. 2-4.)

- WestLB maintains several policies prohibiting employees from transmitting or removing Bank documents and information outside the Bank without authorization.  (*Id.* at 4-6.)

- On June 19, 2007, Fei's last day of employment with WestLB, Human Resources Manager Amy Favetta had an exit interview with Fei and asked Fei whether he had returned all WestLB property.  Fei stated that he had.  (*Id.* at 7.)

- Notwithstanding WestLB's policies and his representation to Ms. Favetta, Fei transmitted to his personal Hotmail account, *inter alia*, personal and private information of WestLB's employees, including, but not limited to, their social security numbers, home addresses, birthdates, home telephone numbers and salaries.  Fei also transmitted to his personal Hotmail account, *inter alia*, WestLB's confidential, proprietary and attorney-client privileged information.  By letter dated December 13, 2007, Fei's counsel, Outten & Golden LLP, confirmed that "Fei does have emails related to West LB in his hotmail account."  Fei's transmission of this information to his personal Hotmail account was not necessary for or in furtherance of his job responsibilities with WestLB, and was not authorized by WestLB.  (*Id.* at 7-11.)

- The WestLB information that Fei, in fact, misappropriated rather than returned includes data assembled by a team of Human Resources professionals—of which Fei was a member—and WestLB's attorneys in connection with a privileged review of WestLB's classification of employees for overtime purposes that is the very subject of this lawsuit. (*Id.* at 10, 12.)

- Fei transmitted WestLB documents and information to his personal Hotmail account at least ten times between June 6, 2007, the date he gave WestLB notice of his resignation, and June 19, 2007, his last day of employment.  (*Id.* at 11.)

- Beginning on September 25, 2006, the same day that Fei forwarded to his personal Hotmail account the Benefits Checklist for the month of September 2006, containing WestLB's employees' Social Security Numbers, home addresses and telephone numbers, WestLB became aware that employees included on this list had become the victims of identity theft.  (*Id.* at 12.)

- Separate and apart from using the WestLB email system to misappropriate information, Fei also removed hard copies of over 30 documents containing WestLB confidential information.  Fei's counsel, Outten & Golden LLP enclosed and returned the documents with their December 13, 2007 letter.  (*Id.* at 7, 12.)

- Fei's misappropriation of WestLB's documents and information, and the personal and private information of its employees, violated WestLB's policies.  (*Id.* at 12.)

Fei's only response to the clear and convincing evidence of his misconduct is an unsworn and unsupported assertion in a brief that he "openly" sent the documents and information to his personal Hotmail account and WestLB "knew or should have known."  (Pl.'s Br. 2-3.)  Not surprisingly, Fei has not provided, because he cannot provide, even a shred of evidence

demonstrating that WestLB "knew or should have known" that he was misappropriating WestLB's documents and information and violating WestLB policies. Indeed, WestLB had no reason to know and, in fact, did not know about Fei's misconduct until November 21, 2007, while due diligence was being conducted in response to Fei's lawsuit.

## III.    ARGUMENT

### A.    Fei's Complaint Should Be Dismissed.

Fei spends much of his Opposition Brief arguing that WestLB's Motion is a "procedural nullity" because it is an improper Rule 12(c) or Summary Judgment motion. (Pl.'s Br. 4-6.) However, this is nothing more than poorly disguised gamesmanship as Fei is well-aware, and in fact, admits that WestLB's Motion is premised on this Court's inherent equitable power over its own process "to prevent abuses, oppression and injustices." (*Id.* at 7.) It is well settled that pursuant to its inherent authority, this Court has the power to sanction a party like Fei who has wrongfully obtained evidence for use in a litigation. *Fayemi v. Hambrecht & Quist, Inc.*, 174 F.R.D. 319, 324 (S.D.N.Y. 1997). Neither the Federal Rules of Civil Procedure nor the Local Civil Rules require a party to file a Rule 12(c) or Summary Judgment motion in circumstances like these.[1] Instead, a court's inherent power to supervise and sanction parties before it is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see, e.g.*, *Kalwasinski v. Ryan*, No. 96-CV-6475, 2007

---

1.    Fei's argument that WestLB disregarded Local Civil Rule 7.2 is disingenuous at best. The Rule states in full: "*Upon any motion based upon rules or statutes*, the notice of motion or order to show cause shall specify the rules or statutes upon which the motion is predicated." (emphasis added). WestLB's Motion is based upon the Court's inherent authority, not upon any rule or statute. Therefore, Defendant's Notice of Motion fully

U.S. Dist. LEXIS 68736, at *4 (W.D.N.Y. Sept. 13, 2007) (stating, "It is well settled that federal courts have the inherent authority to impose sanctions, including dismissal, for a litigant's bad faith conduct," and noting that this authority is not governed by rule or statute).

Fei's argument that dismissal of his claims would "deny [him] his due process rights" because he has not been given an "opportunity to be heard" is equally misplaced.  (Pl.'s Br. 7.)  To the contrary, Fei has been given an opportunity to be heard by submitting his Opposition Brief.  As Fei concedes therein, (*id.* at 8), a party's submission of a written brief is sufficient to provide that party with an opportunity to be heard.  *See, e.g.*, *New Pac. Overseas Grp. (USA) Inc. v. Excal Int'l Dev. Corp.*, No. 99 Civ. 2436 (DLC), 2000 U.S. Dist. LEXIS 4695, at * 10 (S.D.N.Y. Apr. 12, 2000).  Significantly, in addition to his written brief, Fei had an "opportunity to be heard" through submission of an affidavit or other evidence supporting his position, but chose not to do so.  Fei instead relies on *Fayemi*, 174 F.R.D. at 321-22 & n.1, and *Lipin v. Bender*, 84 N.Y.2d 562, 568, 644 N.E.2d 744, 746 (1994), where the courts permitted an evidentiary hearing and conducted an in camera review of evidence, respectively, when considering whether to dismiss a complaint for misconduct.  While WestLB contends that Fei already has had an "opportunity to be heard," it would welcome oral argument or an in camera review of the evidence, as WestLB suggested in its Motion, if it would assist the Court in deciding this Motion.

Furthermore, Fei's argument that his claims should not be dismissed because "[his] actions do not constitute 'extreme circumstances'" is belied by the undisputed facts.  (Pl.'s Br. 9-10.)  Specifically, Fei argues that WestLB did not allege that Fei "acted in bad faith" or "used in

---

complied.

any manner, rightly or wrongly, any of [the] materials he emailed and copied", or that WestLB was "prejudiced by [his] actions." (*Id.* at 9.)  To the contrary, WestLB has demonstrated, and Fei himself has failed to dispute, that Fei indeed "acted in bad faith" by a deliberate pattern of misappropriating WestLB's confidential, proprietary and attorney-client privileged information, and the personal and private information of its employees, notwithstanding WestLB's policies prohibiting such misconduct and Fei's untruthful denial to WestLB's Human Resources Manager.  (Def.'s Moving Br. 4-12.)  Fei's campaign of misappropriation culminated with his transmission of WestLB documents and information to his personal Hotmail account at least ten times between June 6, 2007, the date he gave WestLB notice of his resignation, and June 19, 2007, his last day of employment.  (*Id.* at 11.)  Fei's removal of WestLB documents and transmission of WestLB's information to his personal Hotmail account were neither authorized nor work-related and, not surprisingly, much of the information that Fei misappropriated pertains to the very subject of this lawsuit.  Likewise, contrary to Fei's argument, WestLB's Motion indeed contends that Fei misappropriated[2] this information for use in this litigation[3] and gained an unfair advantage that prejudiced WestLB by circumventing the Court's well-established

---

2.  Furthermore, repeatedly throughout its counterclaims, WestLB alleges that Fei "misappropriated" WestLB's documents and information.  (Answer & Counterclaims ¶¶ 58, 81, 83, 96.)  By definition, "misappropriation" means "the application of another's property or money dishonestly *to one's own use*."  *Black's Law Dictionary* 1019 (8th ed. 2004) (emphasis added).  By alleging that Fei "misappropriated" WestLB's confidential information, WestLB necessarily has alleged that Fei "used" the information in question.

3.  Even assuming *arguendo* that Fei did not use the information he misappropriated, "[i]t is the *act* that necessitates discipline."  *Perna v. Elec. Data Sys. Corp.*, 916 F. Supp. 388, 389, 400 (D.N.J. 1995) (dismissing complaint because plaintiff's unauthorized viewing of documents "irrespective of whether or not the documents were privileged, work-product, or relevant, was the type of scandalous behavior that must not be condoned").

discovery procedures through his misappropriation.[4]  (*Id.* at 14.)

      Moreover, Fei fails in his attempt to distinguish the cases cited by WestLB that dismissed claims for misconduct similar to Fei's.  Like the plaintiffs in *Lipin*, *Jackson v. Microsoft Corp.*, No. C01-775P, 2002 U.S. Dist. LEXIS 19048 (W.D. Wa. Feb. 12, 2002), *aff'd*, 78 F. App'x 588 (9th Cir. 2003), and *Perna*, Fei also wrongfully obtained documents and information, including confidential and privileged company information and private employee information.  To make matters worse, Fei flatly lied about his misconduct to a fellow member of WestLB's Human Resources Department.  (Def.'s Moving Br. 7.)  Accordingly, like in *Lipin*, *Jackson* and *Perna*, the dismissal of Fei's Complaint is an appropriate remedy here.

      **B.**    **Alternatively, The Misappropriated Information Should Not Be Able To Be Used In This Lawsuit And Fei Should Be Precluded From Being The Collective/Class Action Representative.**

          **1.**    **The Misappropriated Information Should Not Be Able To Be Used In This Lawsuit.**

      In the event that the Court chooses not to dismiss this lawsuit, alternatively, the information that Fei misappropriated should not be able to be used herein.  Again, Fei fails in his argument that the caselaw supporting preclusion is "readily distinguishable."  (Pl.'s Br. 11.)  For example, in *Fayemi*, 174 F.R.D. at 322, where an employee, like Fei, copied "highly confidential" information from his former employer's computers, the court found the plaintiff's conduct "clearly wrongful" and determined that precluding the plaintiff from using the information in the litigation was an appropriate remedy.  *Id.* at 325.  Fei attempts to distinguish

---

4.  Whether the Court analyzes the factors set forth in *Scholastic, Inc. v. Stouffer*, 221 F. Supp. 2d 425, 444 (S.D.N.Y. 2002) or *Fayemi*, 174 F.R.D. at 325, as Fei suggests to "determine the appropriate sanction to impose," Fei's misconduct clearly satisfies all such factors.

*Fayemi* because the court ultimately decided against preclusion as a result of the defendant's unclean hands – i.e., the defendant's destruction of the very information at issue. Fei improperly fails to mention that the court held that the doctrine of unclean hands applies where the party seeking relief "itself acted unconscionably *in relation to the matter at issue.*" *Id.* at 326. Here, there is *no* evidence whatsoever that WestLB has unclean hands with respect to the misappropriated information at issue (or with respect to any other matter).

In addition, Fei's attempt to distinguish *In re Shell Oil Refinery*, 143 F.R.D. 105 (E.D. La. 1992), only confirms that preclusion is warranted here. Indeed, Fei's Opposition Brief itself states that the plaintiff in *Shell* was in possession of "documents that had not been obtained in the discovery process" and that the court therefore awarded sanctions as a result of its concern "with preserving the integrity of this judicial proceeding." (Pl.'s Br. 11.) Likewise, here, it is undisputed that Fei is in possession of misappropriated "documents that had not been obtained in the discovery process" and similarly the Court should be concerned "with preserving the integrity of this judicial proceeding."[5]

Accordingly, in the event that Fei's Complaint is not dismissed, the information that Fei

---

[5]. Fei's attempt to distinguish *Lahr v. Fulbright & Jaworski, L.L.P.*, No. 3:94-CV-0981-D, 1996 U.S. Dist. LEXIS 20133, at *12-13 (N.D. Tex. July 10, 1996), because "the documents in question were readily at [Fei's] disposal and not all of the documents could have qualified for a protective order" also is unavailing. (Pl.'s Br. 12.) First, that Fei had access to certain documents while employed at WestLB did not give him the right to misappropriate the documents without authorization and in violation of Bank policy. Like in *Lahr*, to permit Fei to use the documents "would reward malfeasant conduct and encourage the use of the subversive tactics employed." *Lahr*, 1996 U.S. Dist. LEXIS 20133, at *10. Further, Fei incorrectly suggests that the *Lahr* court precluded the use of the misappropriated documents *because* the documents "could have been subject to a protective order." (Pl.'s Br. 11.) Instead, the Court was stating how the plaintiff "circumvented the discovery process" and that had the plaintiff properly sought the documents in discovery the defendant "would have had the opportunity to seek a protective order." *Lahr*, 1996 U.S. Dist. LEXIS 20133, at *7-8. Again, here, like in *Shell* and *Lahr*, Fei circumvented discovery, and in all events, had Fei properly sought the misappropriated documents in discovery, WestLB could have sought a protective order with respect to much of the information, including its privileged and proprietary information, and the private information of its employees.

misappropriated should not be able to be used in this lawsuit.

### 2. Fei Should Be Disqualified From Serving As Collective/Class Action Representative.

Notwithstanding Fei's Opposition Brief, it remains clear that he should be disqualified from serving as collective/class action representative as a result of his misappropriation of WestLB's information and because his claim is "extremely weak." *Robinson v. Sheriff of Cook County*, 167 F.3d 1155, 1157 (7th Cir. 1999).

Fei's statement that "there simply is no such thing as a 'collective representative'…whose adequacy the Court must assess in the FLSA context" is belied by the caselaw Fei cites.  (Pl.'s Br. 13.)  Indeed, Fei's adequacy as a representative is material to his FLSA collective action claim.  While courts in the Second Circuit do not apply the full litany of Rule 23 class action requirements, they have considered the plaintiff's adequacy.  In fact, in *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 263-64 (S.D.N.Y. 1997), cited by Fei, the court stated that "FLSA collective actions are still representative actions", and considered arguments as to the plaintiff's and counsel's adequacy.

Fei also attempts to mislead this Court by arguing that "[i]t is clearly too early to make a class certification determination."  (Pl.'s Br. 13.)  On this point, WestLB does not seek to defeat class certification at this stage; rather, it seeks only to preclude Fei from serving as representative.  Accordingly, the cases cited by Fei analyzing the appropriate time to determine class certification all are inapplicable to the issue at hand.[6]  At this stage, Fei may properly be

---

6.  In any event, the cases cited by plaintiff are unconvincing. *Chateau de Ville Productions, Inc. v. Tams-Witmark Music Library, Inc.*, 586 F.2d 962 (2d Cir. 1978), involved certification of a class before the responsive pleading was served, *id.* at 964, and the court noted certification decisions should be deferred "if the

precluded from serving as representative because, as discussed *supra*, Fei failed to submit *any* evidence disputing his misappropriation of WestLB documents and information.  Therefore, preclusion is appropriate.

Fei also erroneously argues that Fei's "supposed 'wrongful conduct' and his 'deliberate pattern of misappropriation[]'…do not render him an inadequate class representative."  (Pl.'s Br. 14.)  Again, WestLB is not attempting "to shield itself from class-wide liability," (*id.*), or "defeat representation of a class," (*id.* at 14-15), at this stage as Fei argues, but rather simply asks on this point that Fei be disqualified as a representative as a result of his undisputed misconduct.  In fact, the caselaw cited by Fei himself acknowledges that class representatives may be disqualified on the basis of wrongful conduct that raises credibility issues central to the litigation.  *See Kline v. Wolf*, 702 F.2d 400, 402-03 (2d Cir. 1983) (affirming trial court's denial of certification motion on credibility grounds).  Here, Fei has not disputed that the information he misappropriated is directly relevant to the very claims he purports to bring on behalf of the class. *Cf. Sheehan v. Purolator, Inc.*, 103 F.R.D. 641, 656 (E.D.N.Y. 1984) (representative adequate where credibility was questionable only on "collateral…issues").[7]  Accordingly, Fei appropriately should be disqualified from serving as representative.

---

existing record is inadequate for resolving the relevant issues." *Id.* at 966.  No discovery is needed here on the limited issue at hand as Fei's misappropriation is undisputed.  Similarly, in *Bodner v. Banque Paribas*, 202 F.R.D. 370, 373-74 (E.D.N.Y. 2000), discovery was deemed necessary because of its "substantial relevance" to the issues of typicality and commonality.  Here, again, no additional discovery is necessary on the issue of Fei's misconduct.

7.   Plaintiff's attempt to distinguish *McCall v. Drive Financial Services., L.P.*, 236 F.R.D. 246 (E.D. Pa. 2006), is unavailing.  The *McCall* court specifically noted it was not faced with a situation where the proposed class representative's misconduct was related to the subject matter of the litigation, a situation in which previous courts had disqualified the representative.  *Id.* at 252.  Additionally, just as the employee in *Cobb v. Avon Products, Inc.*, 71 F.R.D. 652, 655 (W.D. Pa. 1976), breached her obligations to her employer by holding two jobs, Fei breached his obligations to WestLB by misappropriating documents.

Further, in his Opposition Brief, Fei fails to even address overwhelming evidence, including Fei's own resume and self-evaluations demonstrating that Fei occupied a position that clearly falls within the administrative exemption to overtime to both the FLSA and the New York Labor Law.  (Def.'s Moving Br. 17-19.)  Accordingly, this remains an independent reason for the Court to preclude Fei's serving as representative.  *Robinson*, 167 F.3d at 1157.

## CONCLUSION

For the foregoing reasons, WestLB's Motion to Dismiss should be granted in its entirety, or alternatively, Fei and his attorneys should be precluded from using in this litigation documents and information that he misappropriated from WestLB and Fei should be disqualified from serving as collective/class action representative.  In addition, Fei should be ordered to immediately return to WestLB all documents and information that he transmitted or removed from the premises of WestLB, including copies, and any copies that he provided to others.

Dated: New York, New York
       January 31, 2008

                                HUGHES HUBBARD & REED LLP


                                By:/s/ Ned H. Bassen
                                   Ned H. Bassen
                                   Vilia B. Hayes
                                   Jason Habinsky
                                   One Battery Park Plaza
                                   New York, New York 10004
                                   bassen@hugheshubbard.com
                                   (212) 837-6000

                                   Attorneys for Defendant WestLB AG

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILIP FEI, on behalf of himself and classes
of those similarly situated,

                                    Plaintiff,

              v.

WESTLB AG,

                                    Defendant.

Index No.:  07 Civ. 8785 (HB) (FM)

**<u>CERTIFICATE OF SERVICE</u>**

        I HEREBY CERTIFY under penalty of perjury under the laws of the United States that

on January 31, 2008, I electronically filed the foregoing Reply Memorandum Of Law Of

WestLB AG In Further Support Of Its Motion To Dismiss The Complaint Or Alternatively To

Preclude The Use Of Misappropriated Information And Preclude Philip Fei From Being The

Collective/Class Action Representative with the Clerk of the Court by using the CM/ECF system

which will send a notice of electronic filing to all counsel of record who have registered to

receive notices from the Court under the CM/ECF system.

Dated: January 31, 2008
        New York, New York

                        HUGHES HUBBARD & REED LLP

                        By:/s/ Ned H. Bassen
                            Ned H. Bassen
                            Vilia B. Hayes
                            Jason Habinsky
                            One Battery Park Plaza
                            New York, New York 10004
                            bassen@hugheshubbard.com
                            (212) 837-6000

                            Attorneys for Defendant WestLB AG