UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILIP FEI, on behalf of himself and classes
of those similarly situated,

                                          Plaintiff,

                    v.

WESTLB AG,

                                          Defendant.

Index No.:  07 Civ. 8785 (HB) (FM)


**MEMORANDUM OF LAW OF WESTLB AG IN OPPOSITION TO PLAINTIFF'S
MOTION TO DISMISS COUNTERCLAIMS**

## TABLE OF CONTENTS

Page

I.      PRELIMINARY STATEMENT ........................................................................1

II.     STATEMENT OF FACTS ...............................................................................2

III.    ARGUMENT ....................................................................................................4

       A.      WestLB Has Alleged Facts Sufficient To State A Claim Under The
               CFAA.................................................................................................5

             1.      Fei's Misappropriation Is Within The Scope Of The CFAA.......................5

             2.      WestLB Has Alleged Sufficient Facts To Show A Loss Of At
                 Least $5000...................................................................................8

       B.      WestLB Has Alleged Sufficient Facts To Support Claims For Breach Of
               His Fiduciary Duty And Duty Of Loyalty Under New York Law. .......................12

             1.      WestLB Is Not Required To Separately Allege "Use" Of
                 Confidential Information To State A Claim For Breach Of
                 Fiduciary Duty And Duty Of Loyalty............................................12

             2.      WestLB Has Alleged Sufficient Facts To Show That Fei Used The
                 Confidential And Proprietary Information He Took From WestLB. ........13

       C.      WestLB's Counterclaims Are Not Frivolous Or Retaliatory................................14

CONCLUSION.............................................................................................................16

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Atkinson v. Oliver T. Carr Co.*, Civ. A. No. 85-1950, 1986 WL 6997 (D.D.C. Apr. 22, 1986) ................................................................................................................15

*Calyon v. Mizuho Sec. USA, Inc.*, No. 07 Civ. 2241(RO), 2007 U.S. Dist. LEXIS 66051 (S.D.N.Y. Sept. 5, 2007) ........................................................................5, 6

*Chas. S. Winner, Inc. v. Polistina*, Civ. No. 06-4865(NLH), 2007 U.S. Dist. LEXIS 40741 (D.N.J. June 4, 2007) ................................................................7, 11

*Civic Ctr. Motors, Ltd. v. Mason Street Import Cars, Ltd.*, 387 F. Supp. 2d 378 (S.D.N.Y. 2005) ...............................................................................................11

*Cozzi v. Pepsi-Cola Gen. Bottlers, Inc.*, No. 96 C 7228, 1997 U.S. Dist. LEXIS 7979 (N.D. Ill. June 6, 1997) .............................................................................14, 15

*Creative Collections of N.Y., Inc. v. Dibasic*, No. 12455/06, 2007 N.Y. Misc. LEXIS 3154 (Sup. Ct. Erie County Apr. 24, 2007) ...........................................13

*Dudick v. Vaccarro*, No. 3:06-CV-2175, 2007 U.S. Dist. LEXIS 45953 (M.D. Pa. June 25, 2007) .............................................................................................7, 9, 10

*EF Cultural Travel BV v. Explorica, Inc.*, 274 F.3d 577 (1st Cir. 2001) .....................................10

*Frees, Inc. v. McMillian*, No. 05-1979, 2007 U.S. Dist. LEXIS 57211 (W.D. La. Aug. 6, 2007) ...................................................................................................................9

*Garvin GuyButler Corp. v. Cowen & Co.*, 588 N.Y.S.2d 56 (Sup. Ct. N.Y. County 1992) .........13

*Gliatta v. Tectum, Inc.*, 211 F. Supp. 2d 992 (S.D. Ohio 2002) ....................................................14

*H&R Block E. Enters. v. J&M Sec., LLC*, No. 05-1056-CV-W-DW, 2006 U.S. Dist. LEXIS 26690 (W.D. Mo. Apr. 24, 2006) ...............................................................10

*Hudson Global Res. Holdings, Inc. v. Hill*, No. 02:07cv132, 2007 U.S. Dist. LEXIS 14840 (W.D. Pa. Mar. 2, 2007).................................................................................9

*I.M.S. Inquiry Mgmt. Sys. v. Berkshire Info. Sys., Inc.*, 307 F. Supp. 2d 521 (S.D.N.Y. 2004) ...............................................................................................10

*Int'l Airport Ctrs., L.L.C. v. Citrin*, 440 F.3d 418 (7th Cir. 2006) .................................................7

60173642_1.DOC

**Table of Authorities**
(Continued)

Page(s)

*Int'l Ass'n of Machinists & Aero. Workers v. Werner-Matsuda*, 390 F. Supp. 2d 479 (D. Md. 2005) ........................................................................................................6

*Int'l Sec. Mgmt. Group, Inc. v. Sawyer*, No. 3:06cv0456, 2006 U.S. Dist. LEXIS 37059 (M.D. Tenn. June 6, 2006) ........................................................................................7

*Jacques v. DiMarzio, Inc.*, 216 F. Supp. 2d 139 (E.D.N.Y. 2002) ........................................14, 15

*Jones v. Ryder Servs. Corp.*, No. 95 C 4763, 1997 U.S. Dist. LEXIS 3975 (N.D. Ill. Mar. 31, 1997) ........................................................................................................15

*Kaufman v. Nest Seekers, LLC*, No. 05 CV 6782 (GBD), 2006 U.S. Dist. LEXIS 71104 (S.D.N.Y. Sept. 27, 2006) ........................................................................................10

*Lamdin v. Broadway Surface Advert. Corp.*, 272 N.Y. 133 (1936) ........................................12

*Leo Silfen, Inc. v. Cream*, 29 N.Y.2d 387 (1972) ........................................................................13

*Lincoln Nat'l Life Ins. Co. v. Raffle*, No. 17573-04, 2005 N.Y. Misc. LEXIS 3485 (Sup. Ct. Nassau County Oct. 6, 2005) ........................................................................13

*Nexans Wires S.A. v. Sark-USA, Inc.*, 319 F. Supp. 2d 468 (S.D.N.Y. 2004) ........................11

*Nilfisk-Advance, Inc. v. Mitchell*, Civ. No. 05-5179, 2006 U.S. Dist. LEXIS 21993 (W.D. Ark. Mar. 28, 2006) ........................................................................................7

*PharMerica, Inc. v. Arledge*, No. 8:07-CV-486-T-26MAP, 2007 U.S. Dist. LEXIS 19992 (M.D. Fla. Mar. 21, 2007) ........................................................................................7

*Priestley v. Comrie*, No. 07 CV 1361(HB), 2007 U.S. Dist. LEXIS 87386 (S.D.N.Y. Nov. 27, 2007) ........................................................................................................4

*Shurgard Storage Ctrs., Inc. v. Safeguard Self Storage, Inc.*, 119 F. Supp. 2d 1121 (W.D. Wa. 2000) ........................................................................................................6

*In re UFG Int'l, Inc.*, 225 B.R. 51 (S.D.N.Y. 1998) ........................................................................13

*W. Elec. Co. v. Brenner*, 41 N.Y.2d 291 (1977) ........................................................................12

**STATUTES AND RULES**

18 U.S.C. § 1030(a)(4) (2007) ........................................................................................*passim*

18 U.S.C. § (a)(5)(B)(i) (2007) ........................................................................................5

iii

## <u>Table of Authorities</u>
(Continued)

Page(s)

18 U.S.C. § 1030(e)(11) (2007) ..............................................................................8

18 U.S.C. § 1030(g) (2007) ....................................................................................5

Fed. R. Civ. P. 12(b)(6) ...............................................................................1, 4, 11

## MISCELLANEOUS

*Black's Law Dictionary* (8th ed. 2004)................................................................14

Defendant and Counterclaim Plaintiff WestLB AG ("WestLB") respectfully submits this memorandum of law in opposition to Plaintiff and Counterclaim Defendant Philip Fei's ("Fei") Motion to Dismiss Counterclaims ("Motion to Dismiss").  In his Complaint, Fei alleges that WestLB violated the Fair Labor Standards Act and New York State law by failing to pay overtime to Fei and other current and former WestLB employees.  WestLB answered Fei's Complaint by denying that there is any factual or legal basis for these allegations, moved to dismiss Fei's Complaint or alternatively to preclude the use of misappropriated information and preclude Fei from being the collective or class action representative, and has asserted counterclaims against Fei for misappropriating WestLB's documents and information ("Counterclaims").

## I.  PRELIMINARY STATEMENT

Fei has moved under Fed. R. Civ. P. 12(b)(6) to dismiss WestLB's Counterclaims for his violation of the federal Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(a)(4), and for his Breach of Fiduciary Duty and Duty of Loyalty based on his misappropriation of WestLB's proprietary, confidential and attorney-client privileged information, and the personal and private information of its employees.  In his Motion to Dismiss, Fei argues that WestLB's Counterclaims should be dismissed because: (1) WestLB has failed to state claims upon which relief can be granted; and (2) WestLB filed its counterclaims in retaliation for Fei's filing of the instant action.

WestLB has more than sufficiently alleged facts to state a federal CFAA claim as well as claims for Breach of Fiduciary Duty and Duty of Loyalty under New York law.  Fei's Motion to Dismiss argues to the contrary because he ignored the facts plead in WestLB's Counterclaims, misstated the law, and even disregarded applicable legal precedent, including seminal cases and

precedent in this very District.  Further, Fei's contention that WestLB's Counterclaims were filed in retaliation for Fei's filing of the instant action is wholly without merit.  WestLB's Counterclaims were filed for one and only one reason, *viz.*, Fei misappropriated WestLB's proprietary, confidential and attorney-client privileged information, and the personal and private information of its employees.

## II.     STATEMENT OF FACTS

The background facts are set forth more fully in WestLB's Counterclaims, and in its Motion to Dismiss the Complaint or Alternatively to Preclude the Use of Misappropriated Information and Preclude Philip Fei From Being the Collective/Class Action Representative ("WestLB's Motion to Dismiss") and Reply Memorandum in Further Support of WestLB's Motion to Dismiss.  In summary, WestLB has plead the following undisputed[1] facts in its Counterclaims:

- WestLB maintains several policies prohibiting employees from transmitting or removing Bank documents and information outside the Bank without authorization.  (Answer & Counterclaims ¶¶ 67-74.)

- On June 19, 2007, Fei's last day of employment with WestLB, Human Resources Manager Amy Favetta had an exit interview with Fei and asked Fei whether he had returned all WestLB property.  Fei stated that he had.  (*Id.* ¶ 75.)

- Notwithstanding WestLB's policies and his representation to Ms. Favetta, Fei transmitted to his personal Hotmail account, *inter alia,* personal and private information of WestLB's employees, including, but not limited to, their social security numbers, home addresses, birthdates, home telephone numbers and salaries.  Fei also transmitted to his personal Hotmail account, *inter alia*, WestLB's confidential, proprietary and attorney-client privileged information.  By letter dated December 13, 2007, Fei's counsel, Outten &

---

1.    In Fei's Memorandum of Law In Opposition To WestLB's Motion to Dismiss, he fails to dispute these facts.

Golden LLP, confirmed that "Fei does have emails related to West LB in his hotmail account." Fei's transmission of this information to his personal Hotmail account was not necessary for or in furtherance of his job responsibilities with WestLB, and was not authorized by WestLB. (*Id.* ¶¶ 76-79.)

- The WestLB information that Fei, in fact, misappropriated rather than returned includes data assembled by a team of Human Resources professionals—of which Fei was a member—and WestLB's attorneys in connection with a privileged review of WestLB's classification of employees for overtime purposes that is the very subject of this lawsuit. (*Id.* ¶¶ 77-78.)

- Fei transmitted WestLB documents and information to his personal Hotmail account at least ten times between June 6, 2007, the date he gave WestLB notice of his resignation, and June 19, 2007, his last day of employment. (*Id.* ¶ 80.)

- Beginning on September 25, 2006, the same day that Fei forwarded to his personal Hotmail account the Benefits Checklist for the month of September 2006, containing WestLB's employees' Social Security Numbers, home addresses and telephone numbers, WestLB became aware that employees included on this list had become the victims of identity theft. (*Id.* ¶ 82.)

- Separate and apart from using the WestLB email system to misappropriate information, Fei also removed hard copies of over 30 documents containing WestLB confidential information. Fei's counsel, Outten & Golden LLP enclosed and returned the documents with their December 13, 2007 letter. (*Id.* ¶¶ 76, 81.)

- WestLB incurred costs of over $5000 in responding to Fei's misappropriation and by retaining a computer forensics consultant. (*Id.* ¶ 89.)

Fei's only response to these undisputed facts is that he "openly sent some of this material…over the course of seven years" to his personal Hotmail account and WestLB "knew or should have known of his common practice" but did not object. (Pl.'s Br. 1.) To the contrary, WestLB's allegations in its Counterclaims, which, as discussed *infra*, must be construed as true for purposes of Fei's Motion to Dismiss, make clear that Fei did not openly commit such misappropriation and WestLB did not know or have reason to know that Fei misappropriated WestLB's documents and information. Indeed, WestLB alleges that it maintained policies prohibiting such misappropriation, that Fei's misappropriation was without authorization and not

3

in furtherance of his work responsibilities, and that WestLB did not learn about such

misappropriation until November 21, 2007 while conducting its due diligence relating to the

instant action.  (Answer & Counterclaims ¶¶ 67-74, 76-79.)  In addition, in response to

WestLB's Motion to Dismiss, Fei did not provide, because he could not provide, even a shred of

evidence demonstrating that WestLB "knew or should have known" that he was

misappropriating WestLB's documents and information and violating WestLB policies.  Rather,

in his brief, Fei admits not only that he sent "sensitive payroll-related documents and

information" to his personal e-mail account but that this was his common practice. (Pl.'s Br. 1.)[2]

## III.     ARGUMENT

WestLB's Counterclaims against Fei should not be dismissed pursuant to Fed. R.

Civ. P. 12(b)(6) because WestLB has alleged facts sufficient to state a federal CFAA claim as

well as claims for Breach of Fiduciary Duty and Duty of Loyalty under New York law.  As Fei

concedes, "When considering a Rule 12(b)(6) motion to dismiss, a court must accept a plaintiff's

allegations as true and draw all reasonable inferences in the plaintiff's favor."  (*Id.* at 3); *see also*

*Priestley v. Comrie*, No. 07 CV 1361(HB), 2007 U.S. Dist. LEXIS 87386, at *12 (S.D.N.Y. Nov.

27, 2007).  Further, WestLB's Counterclaims are grounded in both fact and law, and it is the

retaliation argument that Fei has manufactured that is frivolous.

---

2.   Moreover, Fei's counsel is in no position to argue that Fei did not commit misconduct by misappropriating
     WestLB's documents and information given that as they state in their December 13, 2007 letter they "have
     neither looked at the documents in the package nor retained any copies." (*See* Affirmation of Jason Habinsky,
     attached to WestLB's Motion to Dismiss the Complaint, Ex. K.)

4

**A.      WestLB Has Alleged Facts Sufficient To State A Claim Under The CFAA.**

WestLB has alleged that Fei violated the federal CFAA which makes it unlawful for a person to "knowingly and with intent to defraud, access[] a protected computer without authorization, or exceed[] authorized access, and by means of such conduct further[] the intended fraud and obtain[] anything of value."  18 U.S.C. § 1030(a)(4) (2007).  To have a private cause of action against a wrongdoer, the loss caused must in the aggregate be at least $5,000. 18 U.S.C. § 1030(g), (a)(5)(B)(i).

The Motion to Dismiss argues that: (1) the intended scope of the CFAA does not cover misappropriation such as Fei's; and (2) WestLB has not adequately alleged a loss in the aggregate of at least $5,000.  These arguments are wholly without merit.  Fei's misappropriation: (1) falls squarely within the scope of the CFAA, and (2) WestLB has alleged sufficient facts to show that Fei's violation of the CFAA caused a loss of over $5,000.

**1.      Fei's Misappropriation Is Within The Scope Of The CFAA.**

Fei argues in his Motion to Dismiss that the CFAA does not cover his misappropriation because it "was designed to target criminal computer hackers and others who improperly obtain information and use it, not to penalize former employees for violating company rules."  (Pl.'s Br. 7.)  Fei also argues that the CFAA does not cover an employee like he who had "authorized access" to an employer's computer system.  (*Id.* at 6.)  These arguments are erroneous under the legion of cases in this District and nationwide that have held that the CFAA covers claims by employers against employees who had engaged in misappropriation exactly like Fei's.

Fei improperly fails to recognize *Calyon v. Mizuho Sec. USA, Inc.*, No. 07 Civ. 2241(RO), 2007 U.S. Dist. LEXIS 66051 (S.D.N.Y. Sept. 5, 2007) (Owen, J.), a recent case in

5

this District that is strikingly similar to the instant case.  In *Calyon*, the Court denied a motion to dismiss an employer's CFAA claims against former employees who like Fei "emailed copies of [proprietary] documents to their personal email accounts" when those "acts violated [the plaintiff's] internal email policies."  *Id.* at *2-3.  Also like Fei, some of these documents were transmitted after the employees had resigned from their positions with their employer.  *Id.* at *2.  The Court made clear in *Calyon* that under the plain language of the CFAA, "the statute seems to contemplate that, whatever else, 'without access' and 'exceeds authorized access' would include an employee who is accessing documents on a computer system which that employee had to know was in contravention of the wishes and interest of his employer."  *Id.* at *4.[3]

Fei also improperly ignores *Shurgard Storage Ctrs., Inc. v. Safeguard Self Storage, Inc.*, 119 F. Supp. 2d 1121, 1127 (W.D. Wa. 2000), a seminal case oft-cited for the proposition that the CFAA is not "limited to 'outsiders' or 'hackers'", as Fei argues, but also covers employers' claims against employees challenging the unauthorized removal of information or programs from a company's computer database.  In *Shurgard*, the court denied a motion to dismiss an employer's CFAA claim and found that the employees acted without authorization when, like Fei, they transmitted proprietary information by e-mail outside the company without the employer's knowledge or approval.  *Id.* at 1123, 1129.  Likewise, courts nationwide have recognized that a cause of action exists under the CFAA when someone like Fei

---

3.   In *Calyon*, the court cited to *Int'l Ass'n of Machinists & Aero. Workers v. Werner-Matsuda*, 390 F. Supp. 2d 479 (D. Md. 2005), a case that Fei relies on, as an example of a court in *another* Circuit that has interpreted these terms differently.  However, courts in *this* Circuit and elsewhere nationwide disagree with *Werner-Matsuda*.

has misappropriated an employer's confidential and proprietary information.  *See*, *e.g.*, *Int'l Airport Ctrs., L.L.C. v. Citrin*, 440 F.3d 418, 420 (7th Cir. 2006) (finding that an employer had stated a valid claim against a former employee who accessed confidential data without authorization after the employee decided to resign his employment); *Dudick v. Vaccarro*, No. 3:06-CV-2175, 2007 U.S. Dist. LEXIS 45953, at *14 (M.D. Pa. June 25, 2007) ("[T]he CFAA has been held to apply in cases involving former employees wrongfully acquiring and using a plaintiff employer's confidential or trade secret information."); *PharMerica, Inc. v. Arledge*, No. 8:07-CV-486-T-26MAP, 2007 U.S. Dist. LEXIS 19992, at *18-19 (M.D. Fla. Mar. 21, 2007) (holding employer was likely to succeed on a CFAA claim when employee downloaded "highly confidential" documents to his personal account); *Nilfisk-Advance, Inc. v. Mitchell*, Civ. No. 05-5179, 2006 U.S. Dist. LEXIS 21993, at *1 (W.D. Ark. Mar. 28, 2006) (denying motion to dismiss CFAA claim where employer alleged that its former employee "transmitted confidential information and trade secrets from his work computer to his home computer"); *Int'l Sec. Mgmt. Group, Inc. v. Sawyer*, No. 3:06cv0456, 2006 U.S. Dist. LEXIS 37059, at *59 (M.D. Tenn. June 6, 2006) ("An employee who exceeds authorized access to an employer's computer may violate the CFAA.").  Even in *Chas. S. Winner, Inc. v. Polistina*, Civ. No. 06-4865(NLH), 2007 U.S. Dist. LEXIS 40741, at *7 (D.N.J. June 4, 2007), upon which Fei relies, the court recognized that "[t]he CFAA has been used increasingly in civil suits by employers to sue former employees . . . for misappropriation of information from the employer's computer system."

Fei is also wrong in his argument that his misappropriation of WestLB's documents and information was foreseeable and therefore not a violation of the CFAA.  First, as discussed *supra*, WestLB's allegations in its Counterclaims, which must be construed as true for purposes of Fei's Motion to Dismiss, make clear that WestLB had no reason to foresee that Fei

7

would misappropriate WestLB's documents and information. Even assuming *arguendo* that Fei's misappropriation was foreseeable, he has not cited, because he cannot cite, a single case or provision of the CFAA that supports his proposition that since his misappropriation was foreseeable it therefore is not a violation of the CFAA.

Accordingly, WestLB has alleged that Fei engaged in misappropriation that has been found to be well within the scope of the CFAA.

### 2. WestLB Has Alleged Sufficient Facts To Show A Loss Of At Least $5000.

WestLB also has alleged facts sufficient to show that it suffered a loss of at least $5,000 as a result of Fei's violation of the CFAA. The CFAA defines loss in relevant part as "any reasonable cost to any victim, including the cost of responding to an offense, [and] conducting a damage assessment." 18 U.S.C. § 1030(e)(11) (2007). WestLB has alleged that Fei "caused loss of at least $5,000 in value in the aggregate, including the cost of WestLB responding to Fei's misappropriation and retaining a computer forensics consultant." (Answer & Counterclaims ¶ 89.) Specifically, as WestLB's 30(b)(6) witness testified at deposition, WestLB "engaged [the computer forensic consultant] to determine what exactly had happened with respect to the computers, whether or not they had been tampered with, whether or not our network may have been tampered with, what documents may have been taken." (WestLB 30(b)(6) Deposition, January 17, 2007 ("30(b)(6) Deposition") at 32.)[4] The initial retainer alone for the computer forensic expert was $9,000, well above the $5,000 threshold. (*Id*. at 33)

---

4. Relevant excerpts of the 30(b)(6) Deposition are attached to the Affirmation of Ned H. Bassen as Exhibit A.

Further, as WestLB has alleged in its Counterclaims, on the very day that Fei forwarded to his personal Hotmail account a document containing WestLB's employees Social Security Numbers, home addresses and telephone numbers, WestLB became aware that employees included on this list had become the victims of identity theft. (Answer & Counterclaims ¶ 82.) Therefore, as WestLB's 30(b)(6) witness testified, "[w]ith respect to the identity theft, the fact that Mr. Fei e-mailed certain information to himself using non-secure means" has necessitated further review by the computer forensic consultant. (30(b)(6) Deposition at 73.)

Contrary to Fei's argument, it is black letter law that costs incurred in retaining a consultant to conduct a forensic examination of a computer system, such as those alleged by WestLB, are sufficient to meet the statutory definition of "loss" under the CFAA. For example, in *Hudson Global Res. Holdings, Inc. v. Hill*, No. 02:07cv132, 2007 U.S. Dist. LEXIS 14840, at *5-6 (W.D. Pa. Mar. 2, 2007), the court found that an employer met the monetary threshold necessary to sustain a claim under the CFAA where, like here, an employer retained a computer expert to investigate the extent to which the defendant misappropriated the employer's confidential information. Similarly, in *Frees, Inc. v. McMillian*, No. 05-1979, 2007 U.S. Dist. LEXIS 57211, at *7-9 (W.D. La. Aug. 6, 2007), where former employees had misappropriated their former employer's proprietary information, the court held that the employer's payment of "expert fees" for a "forensic investigation" of former employees' computers was sufficient to constitute loss under the CFAA. *See also Dudick*, 2007 U.S. Dist. LEXIS 45953, at *14-15 (loss sufficiently plead under the CFAA "in the form of the responsive costs [plaintiff] incurred due to [the defendant's] putative violation of the CFAA" including the cost of hiring an expert to research and assess misappropriation of information and assets); *H&R Block E. Enters. v. J&M Sec., LLC*, No. 05-1056-CV-W-DW, 2006 U.S. Dist. LEXIS 26690, at *10-11 (W.D. Mo. Apr.

9

24, 2006) (sufficient allegation of loss in CFAA complaint where plaintiff alleged "damages and a loss of no less than $ 5,000.00, including but not limited to its costs to respond to this offense"); *I.M.S. Inquiry Mgmt. Sys. v. Berkshire Info. Sys., Inc.*, 307 F. Supp. 2d 521, 526 (S.D.N.Y. 2004) (allegations of "costs of more than $5,000 in damage assessment and remedial measures . . . adequately state a claim under the CFAA").

Fei's argument that "loss" under the CFAA "must be tied to <u>actual</u> damage to the company's data, computer, computer system, or computer network" is contrary to the law of this District and legal precedent nationwide.  (Pl.'s Br. 4.)  Indeed, it is well settled that loss sustained "is not lessened merely because fortuitously no physical damage was allegedly caused to the computer system or software."  *Kaufman v. Nest Seekers, LLC*, No. 05 CV 6782 (GBD), 2006 U.S. Dist. LEXIS 71104, at *25 (S.D.N.Y. Sept. 27, 2006); *see also EF Cultural Travel BV v. Explorica, Inc.*, 274 F.3d 577, 584-85 (1st Cir. 2001) (finding that expenses paid "to assess whether [the plaintiff's] website had been compromised" qualified as a loss under the CFAA even where the defendant's "actions neither caused any physical damage nor placed any stress on [plaintiff's] website"); *Dudick*, 2007 U.S. Dist. LEXIS 45953, at *14-15 (finding that "while Defendants may be correct in arguing that no physical damage or impairment to the integrity of [the employer's] computer system, the CFAA has been held to apply in cases involving former employees wrongfully acquiring and using a plaintiff's employer's confidential or trade secret information").  In all events, notwithstanding Fei's unsupported assertions to the contrary, the computer forensic consultant here not only investigated the extent of Fei's misappropriation, but also investigated whether Fei had caused damage by tampering with Fei's computers and/or WestLB's computer network.  (30(b)(6) Deposition at 32.)

10

Significantly, *Chas. S. Winner, Inc.*, 2007 U.S. Dist. LEXIS 40741, the case upon which Fei relies heavily to support his argument that WestLB has not pled sufficient facts to allege a loss under the CFAA, actually confirms that WestLB has sufficiently plead such a loss. Fei inexcusably fails to mention that in *Chas. S. Winner*, where the employer alleged losses related to the hiring of a computer expert in response to an employee's improper use of its e-mail system, the court "d[id] not presume the truthfulness of the allegations in plaintiff's complaint" because the motion at issue was not a Fed. R. Civ. P. 12(b)(6) motion like Fei has brought here. *Id.* at *5-6. Fei improperly ignores the *Chas. S. Winner* court's specific statement that if the motion there were a "facial attack" pursuant to Fed R. Civ. P. 12(b)(6), like it is here, "this allegation [of loss] meets the liberal pleading requirements." *Id.* at *9 n.5.[5]

Further, Fei's assertion that "WestLB hired the expert to build a case against Mr. Fei and attempt to substantiate the damages prong of the CFAA" is both unsupported and untrue. (Pl.'s Br. 5.) As WestLB appropriately plead in its Counterclaims, WestLB was forced to hire a computer forensic consultant in order to respond to and address Fei's misappropriation. (Answer & Counterclaims ¶ 89.)

---

5. The additional authorities Fei cites in his Motion to Dismiss are inapposite. In *Nexans Wires S.A. v. Sark-USA, Inc.*, 319 F. Supp. 2d 468, 473, 477 (S.D.N.Y. 2004), the losses alleged by the plaintiff were "the cost of two business trips" where the alleged violation of the CFAA was discussed by senior executives, "including one [meeting] at Le Cirque restaurant", and lost revenue from lost business opportunities due to the use of the misappropriated information. In *Civic Ctr. Motors, Ltd. v. Mason Street Import Cars, Ltd.*, 387 F. Supp. 2d 378, 382 (S.D.N.Y. 2005), the court found that plaintiff's lost profits resulting from the theft of data and the loss of plaintiff's wasted investment in the compilation of such data were not losses under the CFAA. In neither of these cases did the plaintiffs allege the loss that WestLB has suffered here, *viz.*, the costs related to responding to Fei's misappropriation including the hiring of a forensic consultant.

11

Accordingly, WestLB has alleged facts sufficient to show loss of at least $5,000 as required by the CFAA and Fei's Motion to Dismiss WestLB's CFAA cause of action should be denied.

**B.     WestLB Has Alleged Sufficient Facts To Support Claims For Breach Of His Fiduciary Duty And Duty Of Loyalty Under New York Law.**

Fei argues in his Motion to Dismiss that WestLB has failed to allege sufficient facts to state a cause of action for a Breach of his Fiduciary Duty and Duty of Loyalty because WestLB has not specifically alleged that Fei "used" the documents and information that he misappropriated.  (Pl.'s Br. 8-9.)  Fei's argument is without merit for two reasons: (1) WestLB is not required to separately allege "use" of the documents and information he took for causes of action for Breach of Fiduciary Duty and Duty of Loyalty; and (2) even assuming *arguendo* that there is such a requirement, WestLB has alleged sufficient facts to show that Fei used the documents and information that he took from WestLB.

**1.     WestLB Is Not Required To Separately Allege "Use" Of Confidential Information To State A Claim For Breach Of Fiduciary Duty And Duty Of Loyalty.**

It is a fundamental principal of New York law that "an employee is to be loyal to his employer and is 'prohibited from acting in any manner inconsistent with his agency or trust and is at all times bound to exercise the utmost good faith and loyalty in the performance of his duties.'"  *W. Elec. Co. v. Brenner*, 41 N.Y.2d 291, 295 (1977) (quoting *Lamdin v. Broadway Surface Advert. Corp.*, 272 N.Y. 133, 138 (1936)).  Contrary to Fei's argument, New York courts repeatedly have found that the "physical taking" by an employee of an employer's confidential information may constitute "an egregious breach of trust and confidence while in [the employer's] service."  *Leo Silfen, Inc. v. Cream*, 29 N.Y.2d 387, 391-92 (1972).  New York

12

courts also have found that such a physical taking alone "might give rise to a claim for breach of fiduciary duty."  *In re UFG Int'l, Inc.*, 225 B.R. 51, 57 (S.D.N.Y. 1998); *see, e.g.*, *Creative Collections of N.Y., Inc. v. Dibasic*, No. 12455/06, 2007 N.Y. Misc. LEXIS 3154, at *10-11 (Sup. Ct. Erie County Apr. 24, 2007); *Lincoln Nat'l Life Ins. Co. v. Raffle*, No. 17573-04, 2005 N.Y. Misc. LEXIS 3485, at *7 (Sup. Ct. Nassau County Oct. 6, 2005); *Garvin GuyButler Corp. v. Cowen & Co.*, 588 N.Y.S.2d 56, 57 (Sup. Ct. N.Y. County 1992).  WestLB has alleged that Fei took WestLB's proprietary, confidential and privileged information, and the private information of its employees, without authorization, in violation of WestLB's policies and the CFAA.  (Answer & Counterclaims ¶¶ 76-83.)  Therefore, WestLB has alleged sufficient facts to state causes of action for Breach of Fiduciary Duty and Duty of Loyalty under New York law.

The cases that Fei relies on to argue that WestLB has failed to allege his "use" of the documents and information that he took are inapposite.  (Pl.'s Br. 9-10.)  Notably, Fei does not cite to a single case where a court granted an employee's motion to dismiss an employer's Breach of Fiduciary Duty and Duty of Loyalty claims, let alone a single case where a court dismissed such a claim *because* the employer had failed to allege that the employee "used" the information he or she improperly took.

### 2.    WestLB Has Alleged Sufficient Facts To Show That Fei Used The Confidential And Proprietary Information He Took From WestLB.

Even assuming *arguendo* that WestLB is required to specifically allege that Fei used the documents and information that he took from WestLB, WestLB has alleged such sufficient facts.  Repeatedly throughout its Counterclaims, WestLB alleges that Fei "misappropriated" WestLB's documents and information.   (Answer & Counterclaims ¶¶ 58, 81, 83, 96.)  By definition, "misappropriation" means "the application of another's property or

13

money dishonestly *to one's own use*." *Black's Law Dictionary* 1019 (8th ed. 2004) (emphasis added). By alleging that Fei "misappropriated" WestLB's confidential information, WestLB necessarily has alleged that Fei "used" the information in question.

Accordingly, WestLB's Breach of Fiduciary Duty and the Duty of Loyalty claims should not be dismissed.

### C.    WestLB's Counterclaims Are Not Frivolous Or Retaliatory.

WestLB's Counterclaims based on Fei's misappropriation of WestLB's documents and information, as discussed *supra*, are grounded in fact and applicable law, and clearly are not frivolous. Fei's unsupported assertion notwithstanding, WestLB's counterclaims were not filed in retaliation for his filing of the instant lawsuit, but rather were asserted once WestLB discovered evidence of Fei's misappropriation in conducting due diligence in responding to his claims. As a case cited by Fei himself notes, "the fact that an employee files a charge [against an employer] does not immunize such employee from a suit brought by the employer." *Gliatta v. Tectum, Inc.*, 211 F. Supp. 2d 992, 1009 (S.D. Ohio 2002).

In his Motion to Dismiss, Fei cites only one case in this Circuit in which a court dismissed an employer's counterclaim against an employee on the basis of retaliation.[6] (Pl.'s Br. 11-12.) In *Jacques v. DiMarzio, Inc.*, 216 F. Supp. 2d 139, 142 (E.D.N.Y. 2002), the court

---

6.    The authorities cited by Fei from outside the Second Circuit are even further misplaced than *Jacques*. In none of these cases does the court dismiss an employer's counterclaim against an employee because it was brought in retaliation against the employee for filing a lawsuit. Rather, the courts in these decisions merely allow an employee's own cause of action for retaliation to proceed without dismissing the employer's counterclaims against the employee. *See Gliatta*, 211 F. Supp. 2d at 1009; *Cozzi v. Pepsi-Cola Gen. Bottlers, Inc.*, No. 96 C 7228, 1997 U.S. Dist. LEXIS 7979, at *3 (N.D. Ill. June 6, 1997); *Jones v. Ryder Servs. Corp.*, No. 95 C 4763, 1997 U.S. Dist. LEXIS 3975, at *5 (N.D. Ill. Mar. 31, 1997); *Atkinson v. Oliver T. Carr Co.*, Civ. A. No. 85-1950, 1986 WL 6997, at *2 (D.D.C. Apr. 22, 1986).

dismissed a counterclaim raised by an employer against a former employee because it was "utterly devoid of factual allegations to raise a colorable claim under New York law." The employer's counterclaim consisted solely of a "cryptic, generalized, and ill-defined conclusory claim of harassment." *Id.* However, here, WestLB's counterclaims are certainly not "utterly devoid of factual allegations." *Id.* Rather, WestLB's Counterclaims contain specific factual allegations describing misappropriation by Fei. (Answer & Counterclaims ¶¶ 67-80.) These allegations, *inter alia*, include the identification of over 35 specific examples of proprietary and confidential information that Fei misappropriated and the very dates on which Fei took them. (*Id.* ¶ 78.) In fact, in response to WestLB's Motion to Dismiss, Fei has not disputed that he misappropriated WestLB's documents and information. Even Fei's counsel has admitted that Fei is in possession of "emails related to West LB in his hotmail account" (*see* Affirmation of Jason Habinsky, attached to WestLB's Motion to Dismiss the Complaint, Ex. K), and has returned over 30 hard copy documents that Fei removed from WestLB without authorization. (*Id.* ¶ 13, Ex. L.) As discussed, *supra*, WestLB has alleged sufficient facts to raise "colorable claim[s]" under the CFAA and for Breach of Fiduciary Duty and Duty of Loyalty under New York law. Accordingly, Fei's Motion to Dismiss WestLB's counterclaims on the grounds that they are frivolous and retaliatory should be denied.

**CONCLUSION**

For the foregoing reasons, Fei's Motion to Dismiss should be denied in its entirety.


Dated: New York, New York
       January 31, 2008

                    HUGHES HUBBARD & REED LLP


                By:/s/ Ned H. Bassen
                  Ned H. Bassen
                  Vilia B. Hayes
                  Jason Habinsky
                  One Battery Park Plaza
                  New York, New York 10004
                  bassen@hugheshubbard.com
                  (212) 837-6000

                  Attorneys for Defendant WestLB AG

16