UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILIP FEI, on behalf of himself and classes of those similarly situated,

                Plaintiff,

v.

WESTLB AG,

                Defendant.

Case No. 07 CV 8785 (HB) (FM)

## MEMORANDUM IN OPPOSITION TO AMENDED COMPLAINT

This memorandum is submitted on behalf of WestLB AG ("WestLB") in opposition to Plaintiff's ("Fei") request to amend the Complaint to add a retaliation claim.

### FACTS

Fei's Complaint alleges that WestLB violated the Fair Labor Standards Act and New York State law by failing to pay overtime to Fei and other current and former WestLB employees. (Compl., Doc. No. 1.) WestLB's Answer and Counterclaims denies that there is any factual or legal basis for Fei's allegations and asserts counterclaims against Fei for misappropriating WestLB's documents and information ("Counterclaims"). (Doc. No. 10.) WestLB also moved to dismiss Fei's Complaint or alternatively to preclude the use of misappropriated information and preclude Fei from being the collective or class action representative. (Doc. No. 11-14.)

Fei then moved to dismiss WestLB's Counterclaims for his violation of the federal Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(a)(4), and for his Breach of Fiduciary Duty and Duty of Loyalty based on his misappropriation of WestLB's proprietary, confidential and attorney-client privileged information, and the personal and private information of its employees. (Doc. No. 19-20.) In his Motion to Dismiss, Fei argued that the Counterclaims

should be dismissed because they failed to state claims upon which relief can be granted, and because they were filed in retaliation for Fei's filing of the instant action. The motions are pending.

Fei has not submitted an affidavit or evidence of any nature denying that he misappropriated WestLB's documents and information. Nevertheless, Fei's counsel, Linda Neilan, has submitted a letter requesting that the Court permit Fei to file an Amended Complaint against WestLB alleging retaliation or alternatively permit the filing of a motion to seek leave to file such an Amended Complaint. Fei is attempting to assert a retaliation claim based not on evidence but, rather, solely on his counsel's argument that WestLB's Counterclaims are frivolous and retaliatory.

## ARGUMENT

### I. LEAVE TO AMEND THE COMPLAINT SHOULD BE DENIED BECAUSE AMENDMENT WOULD BE FUTILE.

A court may deny leave to amend a complaint where the amendment would be futile, *Jones v. N.Y. State Div. of Military & Naval Affairs*, 166 F.3d 45, 50 (2d Cir. 1998), or "unlikely to be productive." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Here, Fei's amendment to add a retaliation claim would be futile, both procedurally and substantively.

As to the former, pursuant to the Scheduling Order entered in this action, (Doc. No. 22), January 25, 2008 was the deadline by which Fei had to file a motion for leave to amend the Complaint in this action. Fei did not file such a motion on or before January 25, 2008. Instead, Fei's counsel, Linda Neilan, wrote a letter to the Court on January 25, 2008 requesting that the Court permit the filing of an Amended Complaint against WestLB alleging retaliation or alternatively permit the filing of a motion to seek leave to file such an Amended Complaint. The Court endorsed the letter, stating "I rarely deny amendments to complaints and while this may be

ill conceived I will grant the motion subject to a valid objection in accordance with the FRCP filed within 10 days of the date hereof." (Doc. No. 21.)

WestLB's first objection, which it respectfully submits is valid, is that Fei's letter request, faxed to the Court the day the motion to amend was due to be filed pursuant to the Scheduling Order, to which the parties agreed and the Court entered, did not meet the liberal standard of Rule 15(a) that leave to amend be freely granted when justice so requires.

Fei's proposed amendment to add a retaliation claim should not be permitted because the amendment would be futile. Extraordinarily, without ever denying that he misappropriated WestLB's documents and information, Fei requests amendment of his Complaint to allege that WestLB unlawfully retaliated against him on the sole basis that WestLB asserted counterclaims in this action alleging that Fei misappropriated WestLB's documents and information. (A copy of the proposed Amended Complaint is annexed hereto as Exhibit A.)

Counterclaims alone rarely are sufficient to serve as a basis for a retaliation claim, where as here, the counterclaims have merit. *See Beltran v. Brentwood N. Healthcare Ctr., LLC*, 426 F. Supp. 2d 827, 833-34 (N.D. Ill. 2006) (dismissing retaliation claim premised solely on defendant's counterclaim for breach of fiduciary duty). Even where a counterclaim fails to state a claim, it cannot serve as the basis for an action for retaliation unless it is frivolous. *Id.* Ms. Neilan's argument notwithstanding, WestLB's counterclaims here are neither frivolous nor were they filed in retaliation for Fei's filing of the instant lawsuit, but rather were brought after WestLB discovered evidence of Fei's misappropriation in conducting due diligence in responding to his claims, including that he took documents after he gave notice. Again, Fei has not denied this. The only case Ms. Neilan cites in support of her application, *Jacques v. DiMarzio, Inc.*, 216 F. Supp. 2d 139, 142 (E.D.N.Y. 2002) is inapposite. In *Jacques*, the court dismissed a counterclaim raised by an employer against a former employee because it was

"utterly devoid of factual allegations to raise a colorable claim under New York law" and was comprised solely of a "cryptic, generalized, and ill-defined conclusory claim of harassment." *Id.* Here, WestLB's Counterclaims certainly are not "utterly devoid of factual allegations." *Id.* Rather, WestLB's Counterclaims contain specific undisputed factual allegations describing Fei's misappropriation.

Contrary to Ms. Neilan's unsupported assertions, WestLB's Counterclaims against Fei for violation of the Computer Fraud and Abuse Act ("CFAA") and his Breach of his Fiduciary Duty and the Duty of Loyalty are neither frivolous nor retaliatory. Instead, as set forth more fully in its Counterclaims and Opposition to Fei's Motion to Dismiss Counterclaims (Doc. No. 24-25),[1] WestLB's Counterclaims are well grounded in fact and law. As WestLB also has made clear in its Opposition to Fei's Motion to Dismiss Counterclaims, Fei's counsel in Fei's Motion to Dismiss Counterclaims has ignored facts plead in WestLB's Counterclaims, misstated the law and disregarded applicable legal precedent, including cases in this District and seminal cases outside of this District.

As WestLB has set forth more fully in its Counterclaims, Fei transmitted to his personal Hotmail account, *inter alia,* the private information of WestLB's employees, including, but not limited to, their social security numbers, home addresses, birthdates, home telephone numbers and salaries. (Counterclaims ¶ 77.) Fei also transmitted to his personal Hotmail account, *inter alia*, WestLB's confidential, proprietary and attorney-client privileged information. (*Id.*) WestLB's Counterclaims identify over 35 specific examples of proprietary and confidential information that Fei misappropriated and the very dates on which Fei took them. (*Id.* ¶ 78.) By

---

1. In lieu of repeating all the arguments again here, WestLB refers to and incorporates its Opposition to Fei's Motion to Dismiss Counterclaims and the Affirmation of Jason Habinsky.

letter dated December 13, 2007, Ms. Neilan even admitted that "Fei does have emails related to West LB in his hotmail account." (*See* Affirmation of Jason Habinsky, attached to WestLB's Motion to Dismiss the Complaint, Ex. K.)  In addition to using the WestLB email system to misappropriate information, Fei also removed hard copies of over 30 documents containing WestLB confidential information.  (*Id.*, ¶ 13, Ex. L; Counterclaims ¶ 81.)  Indeed, Ms. Neilan enclosed and returned the documents with her December 13, 2007 letter.  (Counterclaims ¶ 76; Habinsky Aff. ¶ 13, Ex. K.)  Fei's misappropriation of WestLB's documents and information was not necessary for or in furtherance of his job responsibilities with WestLB, and was not authorized by WestLB.  (Counterclaims ¶ 79.)  Significantly, Fei's opposition to WestLB's Motion to Dismiss his Complaint does not dispute that Fei misappropriated the WestLB documents and information.  Indeed, Fei did not submit an affidavit, provide a single document, or otherwise even dispute that he misappropriated WestLB's confidential, proprietary and attorney-client privileged information, and the personal and private information of WestLB's employees.

      Further, Ms. Neilan's assertion that "WestLB's 30(b)(6) witness could not identify *any* way in which Mr. Fei allegedly harmed WestLB" is belied by the very testimony of WestLB's 30(b)(6) witness.  In addition to WestLB's 30(b)(6) witness's belief that Fei has used the misappropriated information for use in this very lawsuit, WestLB's 30(b)(6) witness testified that as a result of Fei's misappropriation, WestLB was required to "engage[] [a computer forensic consultant] to determine what exactly had happened with respect to the computers, whether or not they had been tampered with, whether or not [WestLB's] network may have been tampered with, what documents may have been taken." (WestLB 30(b)(6) Deposition, January 17, 2007

("30(b)(6) Deposition") at 32.)[2] The initial fee alone for the computer forensic consultant was $9,000, and the investigation is ongoing. (*Id*. at 33.)[3] Further, as WestLB has alleged in its Counterclaims, on the very day that Fei forwarded to his personal Hotmail account a document containing WestLB's employees Social Security Numbers, home addresses and telephone numbers, WestLB became aware that employees included on this list had become the victims of identity theft. Therefore, as WestLB's 30(b)(6) witness further testified, "[w]ith respect to the identity theft, the fact that Mr. Fei e-mailed certain information to himself using non-secure means" has necessitated further review by the computer forensic consultant. (*Id*. at 73.)

Accordingly, Fei's purported retaliation claim is frivolous and amendment would futile. Therefore, WestLB respectfully requests that the Court deny Fei's Motion to amend his Complaint.

---

2. WestLB refers to and incorporates the Affirmation of Ned H. Bassen and the accompanying deposition exhibits submitted with its Opposition to Fei's Motion to Dismiss Counterclaims.

3. To have a private cause of action under the CFAA, the loss caused must in the aggregate be at least $5,000. 18 U.S.C. § 1030(g), (a)(5)(B)(i). It is black letter law that costs incurred in retaining a consultant to conduct a forensic examination of a computer system, such as those alleged by WestLB, are sufficient to meet the statutory definition of "loss" under the CFA. *See Hudson Global Res. Holdings, Inc. v. Hill*, No. 02:07cv132, 2007 U.S. Dist. LEXIS 14840, at *5-6 (W.D. Pa. Mar. 2, 2007) (denying motion to dismiss CFAA claim where employer retained a computer expert to investigate the extent to which the defendant misappropriated the employer's confidential information); *Frees, Inc. v. McMillian*, No. 05-1979, 2007 U.S. Dist. LEXIS 57211, at *7-9 (W.D. La. Aug. 6, 2007) (where employees misappropriated information from employers, payment of "expert fees" for a "forensic investigation" of former employees' computers sufficient).

## CONCLUSION

For the foregoing reasons, Fei's motion to amend the complaint should be denied in its entirety.

Dated: February 8, 2008
       New York, New York

                        HUGHES HUBBARD & REED LLP

                        By: /s/ Vilia B. Hayes
                            Vilia B. Hayes
                            Ned H. Bassen
                            Jason Habinsky
                            One Battery Park Plaza
                            New York, New York 10004
                            hayes@hugheshubbard.com
                            (212) 837-6000

                            Attorneys for Defendant WestLB AG

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY under penalty of perjury under the laws of the United States that on February 8, 2008, I electronically filed the foregoing Memorandum In Opposition To Amended Complaint and accompanying exhibit with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who have registered to receive notices from the Court under the CM/ECF system.

Dated: February 8, 2008
      New York, New York

                    HUGHES HUBBARD & REED LLP

                    By: /s/ Vilia B. Hayes
                        Vilia B. Hayes
                        Ned H. Bassen
                        Jason Habinsky
                        One Battery Park Plaza
                        New York, New York 10004
                        hayes@hugheshubbard.com
                        (212) 837-6000

                    Attorneys for Defendant WestLB AG