**Outten & Golden LLP**
Adam T. Klein (AK 3293)
Jack A. Raisner (JR 6171)
Linda A. Neilan (LN 4095)
Tara Lai Quinlan (TQ 0717)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **PHILIP FEI,** on behalf of himself and classes of those similarly situated,  **Plaintiff,**  -against-  **WESTLB AG,**  **Defendant.** | 07 Civ. 8785 (HB) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS**

## **INTRODUCTION**

Plaintiff submits this reply memorandum of law in further support of Plaintiff's Motion to Dismiss Defendant's counterclaims alleging that he breached the Computer Fraud and Abuse Act of 1986 ("CFAA") and his fiduciary duty and duty of loyalty. The Court should dismiss Defendant's CFAA counterclaim because (1) it is outside the intended scope of CFAA, and (2) Defendant fails to allege that it suffered a "loss" aggregating at least $5,000 as defined by the statute. Defendant also fails to state a claim for breach of fiduciary duty and duty of loyalty. For these reasons, the Court should dismiss the counterclaims with prejudice.

## **ARGUMENT**

**I.    THE CFAA IS A CRIMINAL STATUTE WITH LIMITED CIVIL APPLICATIONS THAT ARE INAPPLICABLE HERE.**

The CFAA is primarily a criminal statute enacted to target computer hacking and other criminal computer violations. *P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC*, 428 F.3d 504, 510 (3d Cir. 2005); *Lockheed Martin Corp. v. Speed*, No. 6:05-cv-1580, 2006 U.S. Dist. LEXIS 53108, at *7 (M.D. Fla. Aug. 1, 2006); *Chas. S. Winner, Inc. v. Polistina*, No. 06-4865, 2007 U.S. Dist. LEXIS 40741, at *6-7 (D.N.J. June 4, 2007). Recently, employers have used the CFAA to target trade secret and unfair competition violations by former employees. *See, e.g.*, *P.C. Yonkers, Inc.*, 428 F.3d at 510 ("Employers … are increasingly taking advantage of the CFAA's civil remedies to sue former employees and their new companies who seek a competitive edge through wrongful use of information from the former employer's computer system."); *Chas. S. Winner*, No. 06-4865, 2007 U.S. Dist. LEXIS 40741, at *6-7; *Hudson Global Res. Holdings, Inc. v. Hill*, No. 02:07cv132, 2007 U.S. Dist. LEXIS 14840, at *4 (W.D. Pa. Mar. 2, 2007) (quoting

*P.C. Yonkers, Inc.*, 428 F.3d at 508). The CFAA, however, was not designed to target run-of-the-mill allegations of employee disloyalty. *See, e.g., Winner*, No. 06-4865, 2007 U.S. Dist. LEXIS 40741, at *14-15 ("We find nothing in the structure or language of the statute to suggest that Congress intended to create a private cause of action against employees whose crime, if you will, merely involved the use of ordinary e-mail in a manner disloyal to their employer and in breach of their employment contract.").

   Defendant does not allege – because it cannot – that Mr. Fei transmitted the documents for trade secret or unfair competition purposes; rather, it accuses him solely of violating company policies. The authority upon which Defendant relies is inapposite because all of the cases involve former employees who misappropriated proprietary information and trade secrets to gain competitive advantages over their former employers. *See, e.g.*, *Int'l Airport Ctrs., L.L.C. v. Citrin*, 440 F.3d 418, 419 (7th Cir. 2006) (concluding that employee breached his employment contract by erasing valuable data he had accumulated about potential acquisition targets before leaving his employer for a competitor); *Calyon v. Mizuho Secs. USA, Inc.*, No. 07 Civ. 2241, 2007 U.S. Dist. LEXIS 66051, at *4 (S.D.N.Y. Sept. 5, 2007) (finding that former employees who had resigned after signing employment agreements with competing bank had taken "proprietary documents for use by competitor bank"); *Dudick v. Vaccarro*, No. 3:06-CV-2175, 2007 U.S. Dist. LEXIS 45953, at *2-3 (M.D. Pa. June 25, 2007) (finding that employee had opened a competing business while still employed by employer, and had diverted a customer's information to his own company, resulting in employer's significant loss of sales revenues from the customer); *Pharmerica, Inc. v. Arledge*, No. 8:07-cv-486-T-26MAP, 2007 U.S. Dist. LEXIS 19992, at *9-10 (M.D. Fla. Mar. 21,

3

2007) (finding that former vice president had downloaded critical trade secret and proprietary documents about employer's paperless communication system, quality management program and pricing matrix and deleted nearly 500 other trade secret files before going to work for direct competitor); *Int'l Sec. Mgmt. Group, Inc. v. Sawyer*, No. 3:06cv0456, 2006 U.S. Dist. LEXIS 37059, at *16-17 (M.D. Tenn. June 6, 2006) (finding that former employee had used proprietary documents from prior employer to submit a competing proposal after he opened a competing business); *Nilfisk-Advance, Inc. v. Mitchell*, No. 05-5179, 2006 U.S. Dist. LEXIS 21993, at *3 (W.D. Ark. Mar. 28, 2006) (finding that former employee had "transmitted confidential information and trade secrets from his work computer to his home computer, with the intent of conveying that information to [defendant's] competitors"); *Shurgard Storage Ctrs., Inc. v. Safeguard Self Storage, Inc.*, 119 F. Supp. 2d 1121, 1123-25 (D. Wash. 2000) (finding that former employees who had been solicited for employment by direct competitor had e-mailed trade secrets to competitor before quitting). Here, there are no allegations of such impropriety.[1]

## II. DEFENDANT FAILS TO PROVIDE SUFFICIENT DETAILS OF ITS ALLEGED LOSS.

Establishing a CFAA claim requires pleading a loss in aggregate of $5,000. Loss is defined as:

> any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service

---

[1] Moreover, because Defendant granted Mr. Fei access to the disputed documents, it cannot now allege that he exceeded his authority by accessing them. *See Lockheed Martin Corp. v. Speed,* No. 6:05-cv-1580, 2006 U.S. Dist. LEXIS 53108, at *15 (finding that employees could not have exceeded their authority if the company allowed them access to the precise documents in dispute).

4

18 U.S.C. § 1030(e)(11). In this Circuit, loss under the statute is "any remedial costs of investigating the computer for damage, remedying the damage and any costs incurred because the computer cannot function while or until repairs are made." *Nexans Wires S.A. v. Sark-USA, Inc.*, 319 F. Supp. 2d 468, 474-75 (S.D.N.Y. 2004). "Cases in this jurisdiction have found that 'losses' under the CFAA are compensable only when they result from damage to, or the inoperability of, the accessed computer system." *Civic Ctr. Motors, Ltd. v. Mason St. Imp. Cars, Ltd.*, 387 F. Supp. 2d 378, 381 (S.D.N.Y. 2005).

Defendant's complaint contains no allegation that it investigated its computers or computer systems for *damage*, remedied any such damage, or incurred costs because of malfunctioning computers. Rather, Defendant's complaint merely states that Defendant incurred loss for "the cost of WestLB responding to Mr. Fei's offenses and retaining a computer forensics consultant." (Def.'s Ans. and Countercls. ¶ 89.) As for Defendant's citations to deposition testimony regarding its supposed loss, (Def.'s Mem. Opp'n at 8-10), the Court should disregard this testimony as it is outside of the pleadings, and therefore, improper on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Kopec v. Coughlin*, 922 F.2d 152, 155 (2d Cir. 1991) (courts may not simply accept matters outside the pleadings as "uncontroverted" facts); *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985) ("the court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient.").

Because Defendant cannot allege "loss" as it has been interpreted in this Circuit, it relies on unpublished, out-of-Circuit cases to claim that retaining a computer forensics consultant, in the absence of allegations of actual damage. That is not "loss," however, in

5

this Circuit. *See Nexans Wires S.A.*, 319 F. Supp. 2d at 474-75; *Civic Ctr. Motors, Ltd.*, 387 F. Supp. 2d at 381. Accordingly, because Defendant fails to state a claim upon which relief can be granted, its CFAA claim should be dismissed with prejudice.

### III.   **DEFENDANT FAILS TO STATE CLAIMS FOR BREACH OF FIDUCIARY DUTY AND DUTY OF LOYALTY.**

Defendant cannot support its claim for breach of fiduciary duty and duty of loyalty because its counterclaim is completely devoid of any allegation that Mr. Fei *used* confidential company information for the benefit of himself or others. *Paz Sys., Inc. v. Dakota Group Corp.*, 514 F. Supp. 2d 402, 405-06 (E.D.N.Y. 2007). The counterclaims do not even allege that Mr. Fei used the company information that he forwarded to himself for *any* purpose. (Pl. Mem. in Supp. at 8.) WestLB's citation to a definition of misappropriation from *Black's Law Dictionary* will not salvage its claim in light of the overwhelming, binding authority in this Circuit and New York courts regarding the *use* of confidential information in breach of one's fiduciary duty and duty of loyalty. (Pl. Mem. in Supp. at 9-10.)

Because WestLB cannot respond to the overwhelming authority on point, it cites a slew of decisions, purportedly in support of its claim for breach of fiduciary duty and duty of loyalty, that speak to issues not before this Court. For example, at issue in *Leo Silfen, Inc. v. Cream* was whether a list of customers was entitled to trade secret protection. 278 N.E.2d 636; 328 N.Y.S.2d 423 (1972). In dicta, the court stated that "[i]f there has been a physical taking . . . the court *in a proper case may* enjoin solicitation . . . as an egregious breach of trust and confidence . . . ." *Id.* at 639 (emphasis added). Similarly, the other cases cited by WestLB simply cite back to the same dictum in *Leo Silfen*, supposing what a court "may" do should a "proper case" arise. (Def.'s Mem. Opp'n at 13.)

6

The only two relevant cases upon which Defendant relies state that the employee must *use* confidential company information to support a claim for breach of fiduciary duty and duty of loyalty. In *In re UFG Int'l, Inc.*, the court stated that the defendants "may be liable for breach of fiduciary duty" if they "misappropriate[d] and *use[d]* such information." 225 B.R. 51, 58 (S.D.N.Y. 1998). Likewise, in *Lincoln Nat'l Life Ins. Co. v. Ranftle*, the court denied summary judgment stating that

> [w]hether the individual Defendants breached their fiduciary duties by *making improper use* of the employer's time, facilities or proprietary secrets (confidential information) while still in Lincoln's employ and whether Defendants exploited confidential information to obtain Lincoln customers or *used* proprietary secrets in a competing business are factual issues which must be resolved by the trier of fact.

No. 17573-04, 2005 N.Y. Misc. LEXIS 3485, at *7 (N.Y. Sup. Ct. Oct. 6, 2005) (emphasis added). Because WestLB's counterclaim does not allege that Mr. Fei *used* any confidential information for the benefit of himself or others, it should be dismissed.

## VI. DEFENDANT'S COUNTERCLAIMS ARE FRIVOLOUS AND RETALIATORY

Contrary to Defendant's assertions, the counterclaims are frivolous and retaliatory. In *Burlington Northern and Santa Fe Ry. Co. v. White*, the Supreme Court recently held that conduct actionable under Title VII's anti-retaliation provision includes conduct that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." 126 S. Ct. 2405, 2414 (2006). "Thus, the category of challenged actions that might be considered retaliatory is broader than 'adverse employment actions' or 'ultimate employment decisions.'" *Wright v. Stern*, 450 F. Supp. 2d 335, 373 (S.D.N.Y. 2006) (citing *Burlington Northern and Santa Fe Ry. Co.*, 126 S. Ct. at 2414). This standard is properly imported into FLSA and NYLL retaliation jurisprudence. *Brock v. Casey Truck*

*Sales, Inc.*, 839 F.2d 872, 876 (2d Cir. 1988); *see also, Phillips* v. *Bowen,* 278 F.3d 103, 109 (2d Cir. 2002).

The Supreme Court has recognized that legal proceedings can be a potent weapon against employees who assert their statutory rights and may constitute actionable retaliation because of their *in terrorem* effect. *See Bill Johnson's Rests., Inc., v. NLRB*, 461 U.S. 731, 740-41 (1983) ("[a] lawsuit no doubt may be used by an employer as a powerful instrument of coercion or retaliation," and can have a chilling effect on co-workers). Retaliatory lawsuits can be so damaging to statutory enforcement that even the threat of a retaliatory lawsuit can constitute retaliation. *See Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 223 (2d Cir. 2001); *Jacques v. DiMarzio, Inc.*, 200 F. Supp. 2d 151, 163 (E.D.N.Y. 2002) (admonishing the practice of "asserting baseless, retaliatory counterclaims," and finding that "[s]uch claims constitute the type of abusive, harassing practices proscribed by Rule 11 and violate 'the principle that attorneys and . . . litigants have an obligation to the court to refrain from conduct that frustrates the aims of [Fed. R. Civ. P. 1].'").

Here, Defendant's only reason for filing these meritless counterclaims was to intimidate Mr. Fei and chill others who seek to assert their statutory rights. The counterclaims were designed to make Mr. Fei and the members of the putative class and collective think twice before filing or participating in an action to assert their rights to proper payment under the law. By suing Mr. Fei, WestLB sent a message to potential class members and opt-in plaintiffs: "If you sue us, we'll sue you." That is retaliation. Accordingly, the counterclaims should be dismissed.

## **CONCLUSION**

For the foregoing reasons, Mr. Fei respectfully requests that the Court dismiss Defendant's counterclaims with prejudice, together with such further relief this Court deems appropriate and just.

Dated:  New York, NY
        February 20, 2008

                            **OUTTEN & GOLDEN LLP**
                            *Attorneys for Plaintiff and the Putative Class*


                            By:  /s/ Linda A. Neilan

                               Adam T. Klein (AK 3293)
                               Jack A. Raisner (JR 6171)
                               Linda A. Neilan (LN 4095)
                               Tara Lai Quinlan (TQ 0717)
                               3 Park Avenue, 29th Floor
                               New York, NY 10016
                               Telephone: (212) 245-1000
                               Facsimile: (212) 977-4005