UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
PHILIP FEI, on behalf of himself and classes of   :
Those similarly situated,                          :
                                                   :
                          Plaintiff,               :     07CV8785(HB)(FM)
                  v.                               :     OPINION & ORDER
WESTLB AG,                                         :
                                                   :
                          Defendant.               :
-------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**

## I. BACKGROUND

Mr. Fei ("Plaintiff and Counterclaim Defendant") is suing his former employer West LB, a German bank ("Defendant and Counterclaim Plaintiff"), on behalf of himself and other similarly situated employees for violations of the wage and hour provisions of the Fair Labor Standards Act (FLSA) by willfully misclassifying himself and other clerical and non-managerial employees as salaried exempt employees and failing to pay for overtime hours worked.

Defendant moves to dismiss the complaint and has filed an answer with counterclaims alleging misappropriation of highly confidential personnel information. Defendant alleges that this misappropriation of information violated the company's rules, violated the Computer Fraud and Abuse Act of 1986, and constituted a breach of fiduciary duty and duty of loyalty to WestLB. See Answer ¶¶76-97. The Plaintiff moves to dismiss the counterclaims and by letter dated January 25, 2008, seeks leave to amend his Complaint under Fed. R. Civ. P. 15(a) to add a claim of retaliation alleging that Defendant's counterclaims are frivolous and retaliatory, or in the alternative to file a motion to seek leave to file an amended complaint. The Defendant opposes amendment arguing that the proposed retaliation claim is procedurally and substantively futile. See Def. Amend. Opp. Mem, at 2. I GRANT the Plaintiff's motion to amend the complaint to add a claim for retaliation because the form of the request is sufficient under Fed. R. Civ. P. 15(a) and 7; the claim is not substantively futile; and the Defendants have failed to demonstrate prejudice for its inclusion.

## II. DISCUSSION

Rule 15(a) provides that once responsive pleadings are filed "a party may amend the party's pleading . . . by leave of court . . . and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  A district court has broad discretion to decide whether to grant leave to amend.  See Gurary v. Winehouse, 235 F.3d 792, 801 (2d Cir. 2000).  "A motion to amend should only be denied for good reason such as 'undue delay, bad faith, futility of amendment, and perhaps, most important, the resulting prejudice to the opposing party.'" Christiana Gen. Ins. Corp. of New York v. Great Am. Ins. Co., 745 F. Supp. 150, 164 (S.D.N.Y. 1990) quoting Richardson Greenshields Secur., Inc. v. Mui-Hin Lau, 825 F.2d 647, 653 n.6 (2d Cir. 1987).

1) Properly filed motion

Rule 15(a) does not set forth a specific procedure for obtaining leave to amend, though typically, it is sought by a motion.  6 Charles A. Wright, et al., Federal Practice and Procedure § 1485 (2d ed. 1990). Lack of a formal motion is not a sufficient ground for a district court's dismissal without leave to amend, so long as the plaintiff has made its willingness to amend clear.  See Gurary, 235 F.3d at 801.  Plaintiff's intention to file an amended pleading was made in advance of its actual letter requesting leave to amend and this intention was memorialized in the stipulated pretrial scheduling order by the parties. See Pretrial Scheduling Order, Docket #22.

Defendant points to Plaintiff's failure to file a proposed amendment of complaint; but again, this is not fatal where there is no undue prejudice to defendant.  See Christiana Gen. Ins., 745 F. Supp. at 164.   Mr. Fei submitted his proposed amended complaint to the Defendant, which it in turn submitted to this Court, attached to its opposition; moreover, the Plaintiff described in detail the proposed addition of and the basis for the retaliation claim in the letter request.[1]  Thus, the objection to the form of the request for leave to amend fails.

2) Substantive Futility

Amended pleadings that would clearly not prevail or improve the position of a party will be rejected.  See Foman v. Davis, 371 U.S. 178 (1962).  If the proposed amendment cannot survive a 12(b)(6) motion to dismiss, a court may properly deny it.  See Van Buskirk v. N.Y. Times Co., 325 F.3d 87, 91-92 (2d Cir. 2003).  The Defendant argues that the retaliation claim is

---

[1] In addition, the Court was on notice of the retaliation argument by reference in the Plaintiff's Motion to Dismiss the Counterclaims filed on January 11, 2008.

substantively futile because it fails to meet the FLSA standards of a retaliation claim and because counterclaims alone rarely suffice to serve as a basis for a retaliation claim.  See Def. Opp. Mem. at 3.  Relying on Beltran v. Brentwood N. Healthcare Ctr., LLC, 426 F. Supp. 2d 827, 833-34 (N.D. Ill. 2006), Defendants argue that because their counterclaims for violation of breach of the duty of loyalty or the Computer Fraud Act are not frivolous or retaliatory, the retaliation claim is futile.  See Def. Opp. Mem. at 4.  But, at this stage, what is relevant is whether the amendment is untimely, futile, made in bad faith, or will cause prejudice.  Gilliam v. Addicts Rehabilitation Ctr. Fund, 05CV3452, 2006 WL 1040352, at *3 (S.D.N.Y. Apr. 19, 2006).

      The proper standard for evaluating Defendant's opposition to the proposed amendment, on the ground that it would be futile, requires the Court to examine whether Plaintiff's proposed retaliation claims could withstand a Rule 12(b)(6) motion to dismiss. See Kreinik v. Showbran Photo, Inc., 02CV1172, 2003 WL 22339268 at *2 (S.D.N.Y. Oct. 14, 2003).  The Plaintiff's retaliation claim will survive a motion to dismiss if, after construing all reasonable inferences and allegations in the complaint liberally in his favor, the Court determines that he has pleaded facts sufficient to support the elements of a prima face case by showing that: 1) he was engaged in a protected activity; 2) the Defendant was aware of Fei's participation in the protected activity; 3) the Defendant took adverse employment action against Fei; and 4) a causal connection existed between the protected activity and the adverse action.  See Kreinik, 2003 WL 22339268, at * 3.

      Here, the Plaintiff satisfies the first two prongs because he engaged in protected activity by filing suit to recover his overtime wages, which qualifies as protected activity under the FLSA and NYLL and the Defendant is obviously aware of this.  The issue in dispute is whether a counterclaim can constitute an "adverse employment action" given that Mr. Fei has not been fired.  The FLSA and NYLL prohibit actions taken in retaliation against employees who engage in protected activity by attempting to vindicate their rights.  See 29 U.S.C. §215(3), N.Y.L.L. §215; Wright v. Stern, 450 F. Supp. 2d 335, 372 (S.D.N.Y. 2006).[2]

      Lawsuits in response to a former employee's attempt to vindicate his rights can constitute retaliation.  Lovejoy-Wilson v. NOCO Motor Fuel, Inc., 263 F.3d 208, 223 (2d Cir. 2001). Counterclaims may not as a matter of law fail to qualify as retaliatory.  Kreinik, 2003 WL

---

[2] Title VII standard for retaliation is imported into FLSA and NYLL.  Brock v. Casey Truck Sales, Inc., 839 F.2d 872, 876 (2d Cir. 1988).

22339268 at *6 citing Yankelvitz v. Cornell Univ., 95cv4593, 1996 WL 447749, at *4 (S.D.N.Y. Aug. 7, 1996). Plaintiffs rely on Jacques v. DiMarzio, Inc., 200 F. Supp. 2d 151, 163 (E.D.N.Y. 2002) where a judge determined that the defendant's counterclaims against the pro se plaintiff were baseless and retaliatory because they were abusive harassing practices. But for a counterclaim to be actionable as retaliatory, it must have some impact on the plaintiff's employment or prospective employment. Kreinik, 2003 WL 22339268 citing Yankelvitz, 1996 WL 447749 at *4. The Plaintiff alleges in his proposed amended complaint that he has suffered harm to his reputation, intimidation, legal costs and delay as a result of the counterclaims. This is enough to satisfy the third prong.

Finally, the causal connection can be demonstrated by closeness in time between complaints and adverse action. Kreinik, 2003 WL 22339268 at *8. The Plaintiff argues that based on a 30(b)(6) witness's testimony, an employee of West LB, the company only investigated Mr. Fei after being served with the complaint in this case. Defendants reject this characterization of events. Regardless, the Plaintiff satisfies the third prong since it is not clear that the Defendants would have filed its claims independently of the suit and they did occur closely in time with one another. Thus, Plaintiffs satisfies the prima facie standard for establishing a retaliation claim sufficient to survive a motion to dismiss and thus should be permitted to amend his complaint. Defendants have shown no prejudice in doing so and this is early enough in the litigation to have provided sufficient notice.

### III. CONCLUSION

Based on the foregoing, I GRANT Plaintiff's request to amend the complaint. The Clerk of the Court is ordered to close this motion and the parties shall continue with discovery. There are now two fully briefed motions to dismiss the complaint and counterclaims. Because the Plaintiff has been permitted to amend his complaint, I will extend the time for a fully briefed motion to dismiss the amended complaint until March 31, 2008. Both parties have requested oral argument and these cross-motions will be heard simultaneously on April 3, 2008. The remaining schedule for collective action and class certifications remains unchanged.

SO ORDERED
New York, New York
March 5, 2008

_____
U.S.D.J.

4