```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/18/08
```

RECEIVED
MAR 0 2008
U.S. DISTRICT JUDGE
S.D.N.Y.

HUGHES HUBBARD & REED LLP
Ned H. Bassen
Vilia B. Hayes
Jason Habinsky
One Battery Park Plaza
New York, New York 10004
(212) 837-6000
Attorneys for Defendant WestLB AG

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------

PHILIP FEI, on behalf of himself and classes of those similarly situated,

    Plaintiff,

v.

WESTLB AG,

    Defendant.

------------------------------

Index No.: 07 Civ. 8785 (HB) (FM)

**STIPULATION AND ORDER CONCERNING CONFIDENTIAL MATERIAL PRODUCED IN DISCOVERY**

WHEREAS, the parties to the above-captioned action (the "Litigation") are engaged in discovery proceedings, which may include, among other things, the taking of depositions and the production of documents for inspection and copying; and

WHEREAS, these discovery proceedings may involve the production of certain non-public information which a party may believe to be confidential sensitive personnel information and confidential proprietary information (the "Confidential Information");

WHEREAS, the parties believe it would serve the interests of judicial economy, and avoid unnecessary litigation regarding the confidentiality of documents produced which contain Confidential Information during the discovery process, if the Court entered a protective order generally applicable to documents which contain Confidential Information, rather than considering motions for protective orders, seriatim;

60236951_1.DOC

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for plaintiff and counsel for defendant, as follows:

1.  As used herein, "Confidential Information" shall include all non-public information which a party may believe to be sensitive personnel information or proprietary information, however communicated, which: (1) is provided by any party herein for purposes of this Litigation and (2) is, at the time of such provision, designated as Confidential or Highly Confidential by the producing party. No party may designate as Confidential or Highly Confidential documents or information that the party did not itself produce.

2.  Confidential Information shall be designated as "Confidential" by placing the legend "CONFIDENTIAL" on the document, or on at least the first page of a multi-page document, prior to production.

3.  The parties recognize that there may be certain discrete categories of extremely sensitive confidential and proprietary information, the disclosure of which may compromise and/or jeopardize the producing party's business interests, or the privacy rights of the producing party's current or former employees. Any producing party may designate those documents as "HIGHLY CONFIDENTIAL," and disclosure of such information shall be limited to the persons identified in Paragraph 6(i), (iii), and (iv).

4.  The inadvertent failure to designate any Confidential Information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" may be corrected by supplemental written notice to the receiving party as soon as practicable. Plaintiff's agreement to treat certain documents produced by defendant as Confidential Information pursuant to this Stipulation and Order is not a concession by plaintiff that documents of a similar kind produced by plaintiff are confidential or proprietary. Defendant's agreement to treat certain documents produced by plaintiff as Confidential Information pursuant to this Stipulation and Order is not a concession by

defendant that documents of a similar kind produced by defendants are confidential or proprietary.

5.  All Confidential Information shall be used exclusively for purposes of conducting this Litigation. Use of Confidential Information for any other purpose is strictly prohibited. No person receiving or having access to any such Confidential Information shall reveal such Confidential Information or discuss such Confidential Information with anyone not entitled to receive such Confidential Information under the terms of this Stipulation and Order. Furthermore, Confidential Information may be disclosed only in the manner and under the conditions set forth below.

6.  Confidential Information may be disclosed only to (i) outside counsel of record for the parties, including partners, associates, and employees of the law firm of counsel of record; (ii) the plaintiff; class members, if any, certified by the Court; opt-in plaintiffs who have filed a consent to sue; the defendant; and the administrators, employees and representatives of the parties, to the extent that counsel of record determines such disclosure is necessary for the prosecution or defense of this Litigation; (iii) outside experts or consultants retained by the parties to assist in the litigation of this matter, under the conditions set forth below; (iv) witnesses, provided that the witness(es) (excluding deposition witnesses to the extent that such witnesses shall be permitted to review, sign and keep a copy of his/her deposition transcript with exhibits) shall not be permitted to copy or retain any Confidential Information, and only to the extent that counsel of record determines such disclosure is necessary for the prosecution or defense of this Litigation.

7.  Disclosure of Confidential Information to experts, consultants or witnesses may be made only if such experts, consultants or witnesses are advised of the terms of this Stipulation and Order, furnished with a copy, and agree in writing to comply with the provisions of this

60236951_1.DOC

Stipulation and Order. Should a witness refuse to agree in writing to comply with the provisions of this Stipulation and Order, the Disclosing Party shall seek direction from the Court prior to showing the witness Confidential Information.

8. Whenever Confidential Information is to be discussed or disclosed in a deposition or other hearing or proceeding, including trial, any person who has produced or will produce such material may, subject to order of the Court, require the exclusion from the room of any person who is not entitled to receive such material under this Stipulation and Order.

9. All Confidential Information subject to the terms of this protective order that is filed with the Court, or any pleadings, motions, or other papers filed with the Court which reveals any information which has been designated as "Confidential Information" by any party, shall be filed under seal and kept under seal until further order of the Court. To the extent possible, the Confidential Information shall be filed separately under seal.

10. Any party may, at any time, apply to the Court for an order that the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation be removed from information so designated hereunder by any other party or for an amendment of or other relief from this Order. The burden rests on the party seeking confidentiality to make a prima facie showing that such designation is appropriate.

11. No later than 30 days after the conclusion of this Litigation, including all appeals, all Confidential Information will be returned to the party that produced it, with the exception of Confidential Information containing attorney work product, which will be destroyed rather than returned. No originals, copies, summaries, or other embodiment of the information contained in the Confidential Information will be retained by the party to which production was made.

12. Nothing herein shall restrict or limit a party's own use of materials (i) created by or for that party in the course of that party's conduct of business or (ii) materials created by or for a party for personal use unrelated to its business which it has produced to an opposing party.

13. Nothing herein shall be construed as a waiver of any rights by any party with respect to matters not specifically provided for herein.

14. The parties agree that this Stipulation and Order shall be submitted to the Court to be "So Ordered."

15. This Stipulation and Order shall remain in effect unless modified by order of the Court on the motion of any party.

16. This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument. It is further stipulated and agreed that a facsimile signature shall be treated as an original for all purposes.

Dated: March 4, 2008

HUGHES HUBBARD & REED LLP

By: _____
Ned H. Bassen
Vilia B. Hayes
Jason Habinsky
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

Attorneys for Defendant
WestLB AG

SO ORDERED:

_____ 3/18/08
U.S.D.J.

60236951_1.DOC

OUTTEN & GOLDEN LLP

By: _____
Adam T. Klein
Jack A. Raisner
Linda A. Neilan
Tara Lai Quinlan
3 Park Avenue, 29th Floor
New York, NY 10016
(212) 245-1000

Attorneys for Plaintiff
Philip Fei

aled documents may be unsealed, upon notice to e parties, pursuant to further order of the Court.

SO ORDERED:

_____
Hon. Harold Baer, Jr., U.S.D.J.

ate: 3/18/08