UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

PHILIP FEI, on behalf of himself and classes :
of those similarly situated,

                                                  Plaintiff,          **DISCOVERY ORDER**

        -against-          07 Civ. 8785 (HB)(FM)

WESTLB AG,

                                              Defendant.
------------------------------------------------------------x

**Frank Maas,** United States Magistrate Judge.

        In this putative class action, plaintiff Philip Fei ("Fei") alleges that his former employer, defendant WestLB AG ("WestLB"), violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and Article 19 of the New York Labor Law, §§ 650 et seq., by failing to pay overtime. Fei is also suing on behalf of others who are similarly situated. He therefore has moved to compel the production of identifying information concerning all persons "employed by [WestLB] as executives, managers, or comparable positions with different titles from October 11, 2001, through the present." Specifically, Fei seeks these individuals' names, positions, job titles, dates of employment, home addresses, telephone numbers, and social security numbers. WestLB opposes Fei's motion on the grounds that: (a) it is premature; (b) the class definition is overbroad; (c) the request is unduly burdensome; and (d) Fei already possesses this information. At a discovery conference on April 3, 2008, I granted Fei's motion, subject to certain modifications. This Discovery Order explains my decision.

        Section 216(b) of the FLSA permits an aggrieved employee to bring a collective action on behalf of himself and all those similarly situated. Unlike Federal Rule of Civil Procedure 23 – which governs class actions and thus Fei's state law claims – Section 216(b) provides for an opt-in mechanism, pursuant to which potential plaintiffs become part of the collective action only after they file written consents in the court where the action was brought. The Supreme Court has held that district courts may facilitate notice to potential collective class members in an action under Section 216(b). Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 169-70 (1989). Thus, courts routinely allow plaintiffs to discover identifying information regarding potential class members so that they may be told about the pending FLSA action. See, e.g., Anglada v.

Linens 'N Things, Inc., No. 06 Civ. 12901 (LMS)(CM), 2007 WL 1552511, at *7 (S.D.N.Y. May 29, 2007); Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 369-70 (S.D.N.Y. 2007); Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 91, 100 (S.D.N.Y. 2003); Smith v. T-Mobile USA, Inc., No. CV 05-5274, 2007 WL 2385131, at *1 (C.D. Cal. Aug. 15, 2007); Henry v. Quicken Loans, Inc., No. 04-40346, 2006 WL 2811291, at *7 (E.D. Mich. Sept. 28, 2006); Kane v. Gage Merch. Servs., Inc., 138 F. Supp. 2d 212, 215 (D. Mass. 2001).

   To decide whether to certify a collective action under FLSA, courts in this Circuit engage in a two-step process. See Lynch v. United Servs. Auto. Ass'n, 491 F. Supp. 2d 357, 367-68 (S.D.N.Y. 2007); Iglesias-Mendoza, 239 F.R.D. at 367. The first step is the "notice" stage, during which the court preliminarily determines whether the plaintiff has made a sufficient showing that similarly-situated plaintiffs exist. Lynch, 491 F. Supp. 2d at 368. Because this step is taken early in the litigation, the plaintiff need only make a "modest factual showing" for the court to grant conditional certification of the collective action. After discovery is complete or nearly complete, the court revisits the question of class certification. This step, which often is taken in response to a defendant's motion for decertification, requires the court to make a determination on the merits. If discovery has demonstrated the existence of other similarly-situated plaintiffs, the case typically goes forward as an FLSA collective action. If not, the claims of plaintiffs other than the named plaintiff are dismissed without prejudice; the case then proceeds on behalf of the original plaintiff. Id.

   WestLB's first objection to Fei's motion to compel the production of information identifying potential opt-in plaintiffs is that the request is premature because the action has yet to be certified. (Letter from Vilia B. Hayes, Esq., to the Court, dated Mar. 7, 2008 ("Hayes Letter"), at 1, 3). WestLB correctly points out that courts often grant such motions to compel in tandem with their decision to grant conditional certification of the class. (Id. at 1). However, conditional certification is not a prerequisite to the turnover of information concerning the identity of potential class members. See Sperling, 493 U.S. at 170; Flores v. Osaka Health Spa, Inc., No. 05 Civ. 962 (VM)(KNF), 2006 WL 695675, at *4 (S.D.N.Y. Mar. 16, 2006); Morales v. Plantworks, Inc., No. 05 Civ. 2349, 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006); Acevedo v. Ace Coffee Bar, Inc., No. 07 C. 4091, 2008 WL 538915, at *3 (N.D. Ill. Feb. 25, 2008) (citing cases); Morden v. T-Mobile USA, Inc., No. C.05-2112, 2006 WL 1727987, at *2 (W.D. Wash. June 22, 2006). Indeed, the information that Fei seeks obviously will be of considerable help to Fei in his efforts to define the class. See Sperling, 493 U.S. at 171-72 (in Section 216(b) cases, district courts may "begin their involvement early" to promote the FLSA's "broad remedial goal[s]" and help potential plaintiffs make informed decisions about whether to opt in). Furthermore, allowing Fei to

discover the identity of potential opt-ins at an early stage may help the plaintiffs show that there are enough similarly-situated plaintiffs that the action should be conditionally certified.

WestLB's second objection is that Fei's definition of "class member" is overbroad. Fei has defined the term "class member" to include anyone "employed by [WestLB] as executives, managers, or comparable positions with different titles from October 11, 2001, through the present." (Letter from Linda A. Neilan, Esq., to the Court, dated Mar. 5, 2008 ("Neilan Letter"), Ex. A at 2). WestLB suggests that this would lead to discovery which is overbroad because the company has many "executives" and "managers" with varying functional roles. (Hayes Letter at 2). However, the gravamen of Fei's complaint is that WestLB improperly was placing employees in exempt "executive" or "manager" positions to avoid paying them overtime. (Compl. ¶¶ 2, 15, 20, 30-31). Identifying the employees who have been classified as "executives" or "managers" consequently may lead to information "relevant to [Fei's] claim." Fed. R. Civ. P. 26(b)(1). The request therefore is not overbroad.

WestLB also objects to Fei's request as unduly burdensome because it would require the company to conduct a "manual search" for records for the period before 2003, when the company first started keeping electronic records. (Hayes Letter at 2). WestLB has not explained, however, why it would be unduly burdensome to require the company to resort to the only method of recordkeeping that it employed until relatively recently. In any event, even if that potentially were a concern, for reasons explained below which are wholly unrelated to the alleged burden, the Court will not require WestLB to consult its manual records. WestLB's burdensomeness objection consequently is not an impediment to the granting of Fei's motion.

WestLB's final basis for declining to produce the requested documentation is that Fei allegedly has already acquired the information he seeks. This argument is based on WestLB's contention that Fei stole certain documents from WestLB before he resigned. (See Answer ¶¶ 76-79, 81-83, 86). Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure authorizes a court to limit discovery when there is an easier way for the requesting party to obtain the information or he already has had "ample opportunity" to discover the information. Although it appears that Fei did remove certain information from WestLB's files before his departure, the company has not shown that Fei has adequate contact information for every "executive" or "manager." Nor has WestLB suggested that the documents allegedly in Fei's possession will lead him to the sought-after information more easily than WestLB could assemble it. The privilege issues previously raised by WestLB also counsel against requiring Fei's attorneys to comb

3

through the documents that WestLB claims were purloined to obtain the necessary information.

        Notwithstanding my determination that Fei is entitled to discovery regarding other potential claimants, the document request must be narrowed. Fei seeks information for the six-year period from October 11, 2001, to the present based on the six-year statute of limitations applicable to Fei's state Labor Law claim. (See Compl. ¶¶ 19, 21). However, his FLSA claim is subject to a three-year statute of limitations. See Fasanelli v. Heartland Brewery, Inc., 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007); Patton v. Thomson Corp., 364 F. Supp. 2d 263, 268 n.2 (E.D.N.Y. 2005). Since Fei's motion to compel proceeds on the premise that he wants to notify potential plaintiffs of their opt-in rights under Section 216(b) of the FLSA, (see Compl. ¶¶ 19-20; Neilan Letter at 2), so that they will be able to stop the limitations clock from continuing to run, there is no need to provide discovery at this preliminary stage for the longer state law limitations period. Accordingly, WestLB will only be required to produce information regarding its employees in managerial or executive positions for the three-year period prior to the filing of this suit, i.e., from October 11, 2004, to the present. See Rehwaldt v. Elec. Data Sys. Corp., No. 95-876, 1996 WL 947568, at *7-8 (W.D.N.Y. Mar. 28, 1996) ("[I]t would be excessive to require that such notice be sent to employees for whom the statute of limitations has run."). But see Iglesias-Mendoza, 239 F.R.D. at 369 (suggesting that in a hybrid case, "notice will be sent to employees who have worked for the defendants over the last six years whether or not the FLSA action is subject to a shorter statute of limitations," and therefore "certifying the same class period for plaintiffs' FLSA and New York Labor Law claims").

Conclusion

For the reasons set forth above, Fei's motion to compel is granted and WestLB will be required to produce an electronic database for the period from October 11, 2004, to the present which identifies the names, positions, job titles, dates of employment, social security numbers, addresses, and telephone numbers of WestLB's "executives" and "managers," and any other persons with comparable titles. To ensure the privacy of affected employees, the database need only list the last four digits of each employee's social security number.

SO ORDERED.

Dated:     New York, New York
           April 23, 2008

                                        _____
                                        FRANK MAAS
                                        United States Magistrate Judge

Copies to:

Honorable Harold Baer, Jr.
United States District Judge

Linda A. Neilan, Esq.
Outten & Golden, LLP
Fax: (212) 977-4005

Ned H. Bassen, Esq.
Hughes Hubbard & Reed LLP
Fax: (212) 422-4726