# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILIP FEI, on behalf of himself and classes
of those similarly situated,

                                    Plaintiff,

                    v.

WESTLB AG,

                                    Defendant.

Index No.:  07 Civ. 8785 (HB) (FM)

**ANSWER AND
COUNTERCLAIMS**

**Jury Trial Demanded**

Defendant WestLB AG ("WestLB") by and through its attorneys, Hughes Hubbard &

Reed LLP, answers the First Amended Class Action and Collective Action Complaint ("First

Amended Complaint") as follows:

        1.      WestLB denies each and every allegation contained in Paragraph 1 of the First

Amended Complaint, except admits that Plaintiff purports to bring this action on behalf of

himself individually and on behalf of other current and former employees of WestLB, but denies

that Plaintiff's First Amended Complaint states a claim on behalf of "similarly situated" current

and former employees of WestLB and further denies that there is a legal or factual basis for

Plaintiff's action and denies that Plaintiff is entitled to any relief.

        2.      WestLB denies each and every allegation contained in Paragraph 2 of the First

Amended Complaint, except admits that Plaintiff purports to bring this action on behalf of

himself individually and on behalf of other current and former employees of WestLB, but denies

that Plaintiff's First Amended Complaint states a claim on behalf of "similarly situated" current

and former employees of WestLB and further denies that there is a legal or factual basis for

Plaintiff's action and denies that Plaintiff is entitled to any relief.

3.      WestLB denies each and every allegation contained in Paragraph 3 of the First

Amended Complaint, except admits that Plaintiff seeks certain relief on behalf of himself

individually and on behalf of other current and former employees of WestLB, but denies that

"similarly situated" employees seek the relief stated in Paragraph 3 of the First Amended

Complaint and further denies that Plaintiff is entitled to any relief.

4.      WestLB denies each and every  allegation contained in Paragraph 4 of the First

Amended Complaint, except admits that Plaintiff purports to bring this action on behalf of

himself individually and on behalf of other current and former employees, but denies that

Plaintiff's First Amended Complaint states a claim on behalf of "similarly situated" current and

former employees of WestLB and further denies that there is a legal or factual basis for

Plaintiff's action and denies that Plaintiff is entitled to any relief.

5.      The allegations contained in Paragraph 5 of the First Amended Complaint are

legal conclusions as to which no responsive pleading is required.  To the extent a further

response is deemed required, WestLB denies each and every allegation contained in Paragraph 5

of the First Amended Complaint, except admits that the Court has subject matter jurisdiction

over Plaintiff's federal law claim.

6.      The allegations contained in Paragraph 6 of the First Amended Complaint are

legal conclusions as to which no responsive pleading is required.  To the extent a further

response is deemed required, WestLB denies each and every allegation contained in Paragraph 6

of the First Amended Complaint.

7.      The allegations contained in Paragraph 7 of the First Amended Complaint are

legal conclusions as to which no responsive pleading is required.  To the extent a further

60247042_1.DOC

response is deemed required, WestLB admits the Court has power to issue a declaratory judgment, but denies that plaintiff is entitled to any relief.

8.    The allegations contained in Paragraph 8 of the First Amended Complaint are legal conclusions as to which no responsive pleading is required. To the extent a further response is deemed required, WestLB admits that venue is proper.

9.    WestLB admits the allegations contained in Paragraph 9 of the First Amended Complaint.

10.    The allegations contained in Paragraph 10 of the First Amended Complaint are legal conclusions as to which no responsive pleading is required. To the extent a further response is deemed required, WestLB admits the allegation of paragraph 10 of the First Amended Complaint.

11.    WestLB denies each and every allegation contained in Paragraph 11 of the First Amended Complaint, except admits that Plaintiff was employed by WestLB as a Payroll Manager from July 2000 until June 2007 and that Plaintiff did not receive overtime compensation, because as an exempt employee he had no entitlement to overtime compensation.

12.    WestLB denies each and every allegation contained in Paragraph 12 of the First Amended Complaint, except admits that in his capacity as a Payroll manager, Plaintiff had access to certain confidential and privileged information about other employees of WestLB.

13.    WestLB denies each and every allegation contained in Paragraph 13 of the First Amended Complaint.

14.    WestLB denies each and every allegation contained in Paragraph 14 of the First Amended Complaint, except admits that "Executive" and "Manager" are the names of two categories of employees used by WestLB and that Plaintiff was a "Manager."

3

15.    WestLB denies each and every allegation contained in Paragraph 15 of the First Amended Complaint.

16.    WestLB denies each and every allegation contained in Paragraph 16 of the First Amended Complaint, except admits that it conducted a review of "Executive" and "Manager" positions and adjusted classifications as appropriate after such review.

17.    WestLB denies each and every allegation contained in Paragraph 17 of the First Amended Complaint, except admits that it is a European commercial bank owned by several German entities, that it maintains its principal office in the United States at 1211 Avenue of Americas, New York, New York, and that Plaintiff was employed at that location.

18.    The allegations contained in the first sentence of Paragraph 18 of the First Amended Complaint are legal conclusions as to which no responsive pleading is required. To the extent a further response is deemed required, WestLB respectfully refers the court to the cited statutes for their terms and provisions. WestLB denies each and every allegation contained in the second sentence of Paragraph 18 of the First Amended Complaint, and avers that employees of WestLB holding "Executive" positions are properly classified as non-exempt.

19.    WestLB denies each and every allegation contained in Paragraph 19 of the First Amended Complaint, except admits that Plaintiff purports to bring his FSLA claim behalf of all "Executives" and "Managers" employed by WestLB from three years prior to the filing of the First Amended Complaint to entry of judgment, but avers that the members of the proposed FLSA collective ("Proposed FLSA Collective") are not employees whose positions are substantially similar to Plaintiff's position as Payroll Manager and that the time period is overbroad.

20.     WestLB denies each and every allegation contained in paragraph 20 of the First Amended Complaint.

21.     WestLB denies each and every allegation contained in Paragraph 21 of the First Amended Complaint, except admits that Plaintiff purports to bring a claim under the New York Labor Law on behalf of himself and a class of all "Executives" and "Managers" employed by WestLB who were not paid for all hours worked at anytime from six years prior to the filing of the First Amended Complaint to entry of judgment, but avers that the members of the proposed class ("Proposed Class") are not employees whose positions are substantially similar to Plaintiff's position as Payroll Manager and that the class is otherwise inappropriate for certification.

22.     WestLB denies each and every allegation contained in Paragraph 22 of the First Amended Complaint.

23.     WestLB denies each and every allegation contained in Paragraph 23 of the First Amended Complaint.

24.     With respect to the allegations contained in Paragraph 24 of the First Amended Complaint, WestLB admits that it filed a pleading in response to Plaintiff's initial complaint in according with the Federal Rules of Civil Procedure.

25.     WestLB admits the allegations contained in Paragraph 25 of the First Amended Complaint.

26.     WestLB denies each and every allegation contained in Paragraph 26 of the First Amended Complaint.

27.     WestLB denies each and every allegation contained in Paragraph 27 of the First Amended Complaint.

60247042_1.DOC

## FIRST CLAIM FOR RELIEF (Fair Labor Standards Act)

28.     With respect to the allegations contained in Paragraph 28 of the First Amended

Complaint, WestLB repeats and realleges each and every admission, denial, averment and

statement set forth in Paragraphs 1 to 27 hereof with the same force and effect as though here set

forth in full.

29.     On information and belief, WestLB admits the allegations contained in Paragraph

29 of the First Amended Complaint.

30.     WestLB denies each and every allegation contained in Paragraph 30 of the First

Amended Complaint.

31.     WestLB denies each and every allegation contained in Paragraph 31 of the First

Amended Complaint.

32.     WestLB denies each and every allegation contained in Paragraph 32 of the First

Amended Complaint.

33.     WestLB denies each and every allegation contained in Paragraph 33 of the First

Amended Complaint.

34.     WestLB denies each and every allegation contained in Paragraph 34 of the First

Amended Complaint.

## SECOND CLAIM FOR RELIEF (New York State Labor Law)

35.     With respect to the allegations contained in Paragraph 35 of the First Amended

Complaint, WestLB repeats and realleges each and every admission, denial, averment and

statement set forth in Paragraphs 1 to 34 hereof with the same force and effect as though here set

forth in full.

36.     The allegations contained in Paragraph 36 of the First Amended Complaint are legal conclusions as to which no responsive pleading is required.  To the extent a further response is deemed required, WestLB denies each and every allegation contained in Paragraph 36 of the First Amended Complaint, except admits that plaintiff was employed by WestLB and respectfully refers the Court to the relevant statute for its terms and provisions.

37.     WestLB denies each and every allegation contained in Paragraph 37 of the First Amended Complaint.

38.     The allegations contained in Paragraph 38 of the First Amended Complaint are legal conclusions as to which no responsive pleading is required.  To the extent a further response is deemed required, WestLB respectfully refers the Court to the relevant statute for its terms and provisions.

39.     WestLB denies each and every allegation contained in Paragraph 39 of the First Amended Complaint.

40.     WestLB denies each and every allegation contained in Paragraph 40 of the First Amended Complaint.

41.     WestLB denies each and every allegation contained in Paragraph 41 of the First Amended Complaint, except admits that Plaintiff seeks certain relief, and denies that plaintiff is entitled to any relief.

42.     WestLB denies each and every allegation contained in Paragraph 42 of the First Amended Complaint, except admits that Plaintiff seeks certain relief, and denies that plaintiff is entitled to any relief.

60247042_1.DOC

**THIRD CLAIM FOR RELIEF (Fair Labor Standards Act, Mr. Fei As Individual)**

43.    With respect to the allegations contained in Paragraph 43 of the First Amended Complaint, WestLB repeats and realleges each and every admission, denial, averment and statement set forth in Paragraphs 1 to 42 hereof with the same force and effect as though here set forth in full.

44.    WestLB lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 44 of the First Amended Complaint.

45.    The allegations contained in Paragraph 45 of the First Amended Complaint are legal conclusions as to which no responsive pleading is required.   To the extent a further response is deemed required, WestLB respectfully refers the Court to the relevant statute for its terms and provisions.

46.    WestLB denies each and every allegation contained in Paragraph 46 of the First Amended Complaint, except admits that it filed Counterclaims in the instant action.

47.    WestLB denies each and every allegation contained in Paragraph 47 of the First Amended Complaint.

48.    WestLB denies each and every allegation contained in Paragraph 48 of the First Amended Complaint.

49.    WestLB denies each and every allegation contained in Paragraph 49 of the First Amended Complaint.

50.    WestLB denies each and every allegation contained in Paragraph 50 of the First Amended Complaint.

51.    WestLB denies each and every allegation contained in Paragraph 51 of the First Amended Complaint.

60247042_1.DOC

52.     WestLB denies each and every allegation contained in Paragraph 52 of the First Amended Complaint.

53.     WestLB denies each and every allegation contained in Paragraph 53 of the First Amended Complaint.

**FOURTH CLAIM FOR RELIEF (New York Labor Law, Mr. Fei As Individual)**

54.     With respect to the allegations contained in Paragraph 54 of the First Amended Complaint, WestLB repeats and realleges each and every admission, denial, averment and statement set forth in Paragraphs 1 to 53 hereof with the same force and effect as though here set forth in full.

55.     The allegations contained in Paragraph 55 of the First Amended Complaint are legal conclusions as to which no responsive pleading is required. To the extent a further response is deemed required, WestLB respectfully refers the Court to the relevant statute for its terms and provisions.

56.     WestLB denies each and every allegation contained in Paragraph 56 of the First Amended Complaint.

57.     WestLB denies each and every allegation contained in Paragraph 57 of the First Amended Complaint.

58.     WestLB denies each and every allegation contained in Paragraph 58 of the First Amended Complaint.

59.     WestLB lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 59 of the First Amended Complaint.

60.     WestLB denies each and every allegation contained in Paragraph 60 of the First Amended Complaint.

61.    WestLB denies each and every allegation contained in Paragraph 61 of the First Amended Complaint.

62.    WestLB denies that Plaintiff is entitled to any of the relief sought in the Prayer for Relief.

## FIRST AFFIRMATIVE DEFENSE

63.    The First Amended Complaint fails to state any claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

64.    The claims asserted by Plaintiff, the Proposed FLSA Collective, and the Proposed Class are barred, in whole or in part, by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

65.    At all times during the employment of Plaintiff, Plaintiff was an administrative employee and therefore exempt from the overtime provisions of the Fair Labor Standards Act and New York State Labor Law.

## FOURTH AFFIRMATIVE DEFENSE

66.    Members of the proposed FLSA Collective and the Proposed Class are and/or were exempt from the overtime provisions of the Fair Labor Standards Act and New York State Labor Law and they are not proper members of the FLSA Collective or the Proposed Class.

## FIFTH AFFIRMATIVE DEFENSE

67.    Members of the Proposed FLSA Collective and the Proposed Class are classified by WestLB as non-exempt and are paid overtime for hours worked in excess of forty per week and they are therefore not proper members of the FLSA Collective or the Proposed Class.

60247042_1.DOC

## SIXTH AFFIRMATIVE DEFENSE

68.     WestLB acted in good faith at all times in its dealings with Plaintiff, the Proposed

FLSA Collective, and the Proposed Class and had reasonable grounds to believe that it was in

compliance with the Fair Labor Standards Act and New York Labor Law.  WestLB did not

engage in willful conduct which would justify an award of liquidated damages or extend the

statute of limitations under the FLSA.

## SEVENTH AFFIRMATIVE DEFENSE

69.     If damaged, Plaintiff, the Proposed FLSA Collective, and the Proposed Class

failed to make reasonable efforts to mitigate their damages.

## EIGHTH AFFIRMATIVE DEFENSE

70.     Some or all of the claims asserted by Plaintiff, the Proposed FLSA Collective, and

the Proposed Class are barred by the doctrines of estoppel, waiver, or unclean hands.

## NINTH AFFIRMATIVE DEFENSE

71.     Members of the Proposed FLSA Collective are not similarly situated to Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

72.     Plaintiff, the Proposed FLSA Collective, and the Proposed Class cannot show that

they were victims of a common policy or plan that violated the law.

## ELEVENTH AFFIRMATIVE DEFENSE

73.     Plaintiff has not alleged sufficient facts to justify any collective action.

## TWELFTH AFFIRMATIVE DEFENSE

74.     The state Labor Law claim may not be maintained as a class action because the

claims of the proposed class representative are not typical of those of the Proposed Class.

60247042_1 DOC

### THIRTEENTH AFFIRMATIVE DEFENSE

75.    The state Labor Law claim may not be maintained as a class action because the Proposed Class is not so numerous that joinder of all members would be impracticable.

### FOURTEENTH AFFIRMATIVE DEFENSE

76.    Plaintiff has not shown and cannot show that class action treatment of the State Labor Law claim is superior to other methods of adjudicating the controversy.

### FIFTEENTH AFFIRMATIVE DEFENSE

77.    The types of claims alleged by Plaintiff on behalf of the Proposed Class are matters in which individual questions predominate and thus are not appropriate for class action treatment.

### SIXTEENTH AFFIRMATIVE DEFENSE

78.    The state Labor Law claim cannot proceed as a class action because difficulties likely to be encountered render the action unmanageable.

### SEVENTEENTH AFFIRMATIVE DEFENSE

79.    Plaintiff is not an appropriate Class Representative.

### EIGHTEENTH AFFIRMATIVE DEFENSE

80.    Plaintiff, the Proposed FLSA Collective, and the Proposed Class are not entitled to equitable relief.

### NINETEENTH AFFIRMATIVE DEFENSE

81.    The alleged actions or failure to act were justified by legitimate non-retaliatory reasons.

60247042_1.DOC

## **TWENTIETH AFFIRMATIVE DEFENSE**

82.    Defendant reserves its right to amend this Answer and Counterclaims and/or to

add any affirmative defenses for which a sufficient basis may be determined during discovery.

60247042_1.DOC

## COUNTERCLAIMS

Pursuant to Fed. R. Civ. P. 13, Defendant and Counterclaim Plaintiff WestLB AG

("WestLB"), by and through its attorneys, for its Counterclaims against Plaintiff and

Counterclaim Defendant Philip Fei states as follows:

### Nature of the Action

83.     Counterclaim Plaintiff WestLB AG brings these counterclaims against

Counterclaim Defendant Philip Fei because Fei misappropriated WestLB's highly sensitive,

confidential and privileged information, and the personal and private information of its

employees.

### Jurisdiction and Venue

84.     The Court has jurisdiction over the claim for relief arising under the Computer

Fraud and Abuse Act, 18 U.S.C. § 1030 et seq. (Count I) pursuant to 28 U.S.C. § 1331, and

supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

85.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that events

giving rise to the claims set forth herein occurred in this District.

### The Parties

86.     WestLB is a European commercial bank owned by several German entities.  It

maintains its primary place of business in the United States at 1211 Avenue of the Americas,

New York, New York.

87.     WestLB hired Fei in July 2000 as its Payroll Manager.  Fei worked independently

and with little supervision to administer the payroll obligations of WestLB.  His responsibilities

included running payroll; resolving queries raised by WestLB's Human Resources staff and

other employees, most of which required advanced knowledge and research; providing expertise

to employees regarding payroll, tax, benefits, expatriate calculations and other issues; advising

foreign nationals as to the Bank's payroll policies; liaising with the accounting firms retained by

WestLB; and interpreting and applying WestLB's policies governing payments to employees.

WestLB employees deferred to Fei's knowledge and judgment in his areas of responsibility.

88.    In his position as Payroll Manager, Fei was involved in issues regarding the

payment of overtime and classification of employees for overtime purposes. For example, Fei

received the names of employees classified as non-exempt for overtime purposes, sent them the

appropriate timesheet form, and explained WestLB's policies regarding the recording of hours to

the employees. Non-exempt employees submitted their timesheets directly to Fei. Fei was

responsible for reviewing the timesheets, and could raise objections as to the accuracy of the

timesheets. Fei also generated reports providing the hours of overtime worked by the Bank's

non-exempt employees and therefore was aware of the amounts of overtime worked by the

employees. Moreover, Fei participated in reclassification projects where certain employees'

overtime status was reviewed and revised. Fei served as a WestLB representative who would

answer any questions from the reclassified employees.

89.    Fei held a sensitive position and, accordingly, was required under New York State

law to take two consecutive weeks of vacation per year. He had B-level signature authority,

which allowed him to contractually bind WestLB, sign checks and execute wire transfers on

behalf of the Bank with the concurrence of another employee holding signature authority.

90.    In accordance with his job responsibilities, Fei had access to highly sensitive,

confidential, and privileged information belonging to WestLB, including personal and private

information regarding WestLB's employees.

15

91.    On June 6, 2007, Fei gave notice of his resignation from employment with

WestLB. Fei's last day of employment was June 19, 2007.

### WestLB's Policies Concerning Use Of Its Documents And Information

92.    WestLB maintains several policies governing its employees' use of Bank

documents and information.

93.    WestLB maintains the WestLB Code of Conduct ("Code of Conduct") by which

all employees are required to abide. The Code of Conduct provides:

> all employees...are required to read and follow the WestLB Code of Conduct. WestLB expects that all of its employees and representatives to act in accordance with the highest standards of personal and professional integrity in all aspects of their activities and to comply with the letter and spirit of all applicable laws, regulations and internal policies.

As an employee of WestLB, Fei was required to read and follow the Code of Conduct and, on

August 22, 2005 and December 7, 2006, acknowledged that he had done so.

94.    The Code of Conduct further provides:

> Employees should not disclose or use for their own benefit, or the benefit of anyone other than WestLB, information about WestLB that is not known to the general public . . . . While employed at WestLB, employees will have access to certain confidential and/or proprietary information, including but not limited to . . . personnel and compensation records, business strategies and practices, and financial data. In consideration of employment, employees are prohibited from revealing any of WestLB's confidential and/or proprietary information to persons outside the employ of WestLB, both during their employment with WestLB or at any time after WestLB employment ends.

95.    The Code of Conduct also provides:

> Employees are not allowed to remove from WestLB's offices any of WestLB's . . . records, documents, files, correspondence, reports, memoranda, or other materials or property of any kind, whether in electronic, paper or other form, except as necessary for the performance of their job responsibilities while working at WestLB. In the event of any

> such removal being necessary, manager approval must be obtained… Employees agree not to make, retain or distribute any copies of any such material for any reason except as authorized and necessary for the performance of their responsibilities. They shall not divulge to any third person the nature or contents of any such material or of any information to which they may have access or with which for any reason they may become familiar, except as such disclosure shall be necessary in the performance of their job responsibilities.

96.     All WestLB employees receive the WestLB-US Policy Manual & Employee Handbook (the "WestLB Handbook"). On August 3, 2000, Fei signed an Acknowledgment Form stating that "I have received a copy of the WestLB-US Policy Manual & Employee Handbook. I understand that as an employee of WestLB that I am obligated to adhere to and cooperate with the policies as written."

97.     Bank Policy 4.1.3, "Electronic Messaging, Remote Access and Communication" in the WestLB Handbook provides:

> Employees may not use e-mail to disclose confidential or proprietary information about or belonging to the Bank or for any purpose that is illegal, against Bank policy or contrary to the Bank's interest.

98.     On July 31, 2000, Fei executed an E-mail/Hardware/Software Policy Consent Form and acknowledged that WestLB's electronic communication systems "are to be used solely for job related purposes . . . ."

99.     WestLB also maintains Security Awareness Guidelines. The Security Awareness Guidelines provide, "All members of staff (employees, temps, consultants, etc.) are responsible for the security of the information that is entrusted to them. Within his or her area of influence, every manager is directly responsible for the implementation of and compliance with the rules governing the security of information." Section 8 "Sensible Communication Practices", provides: "Do not send attachments of Bank documents to non-WestLB email addresses without permission."

17

60247042_1 DOC

100.    On June 19, 2007, Fei's last day of employment with WestLB, Human Resources Manager Amy Favetta had an exit interview with Fei. Ms. Favetta asked Fei whether he had returned all WestLB property. Fei stated that he had.

### Fei's Misappropriation Of WestLB's
### Documents And Information

101.    Following Fei's resignation, on November 21, 2007 WestLB learned that during Fei's employment, he used his WestLB computer that WestLB had given him access to for authorized purposes to transmit without authorization highly sensitive WestLB documents and information to his personal Hotmail account. On November 30, 2007, WestLB's counsel Hughes Hubbard & Reed LLP sent a letter to Fei's counsel Outten & Golden LLP demanding the return of the WestLB documents and information that Fei transmitted to his personal Hotmail account, along with any other WestLB information in Fei's and/or his attorneys' possession. By letter dated December 13, 2007 and received December 14, 2007, Fei's counsel, Outten & Golden LLP, confirmed that "Fei does have emails related to West LB in his hotmail account." That letter also enclosed and returned separate, additional documents from Fei "related to West LB in his possession", as described in Paragraph 81, *infra*.

102.    The information that Fei transmitted to his personal Hotmail account, includes, *inter alia*, personal and private information of WestLB's employees, including, but not limited to, their social security numbers, home addresses, birthdates, home telephone numbers and salaries. The information that Fei transmitted to his personal Hotmail account also includes, *inter alia*, WestLB's confidential, proprietary and attorney-client privileged information.

103.    Specifically, the WestLB documents and information Fei transmitted to his personal Hotmail account include, but are not limited to:

60247042_1.DOC

12/10/2002 – an email from Pankaj Khosla, an accountant at PricewaterhouseCoopers, containing tax advice received by Fei's then-supervisor, Patt Reid, and Fei.

10/19/2004 – an email and document from Executive Director of Human Resources Janine Cristiano setting forth WestLB's updated Severance Benefit Plan.

10/25/2004 – an email and document from Mark Tobia, an accountant at KPMG, setting forth the incomes of 13 WestLB employees.

10/25/2004 – an agreement between WestLB and former employee Jack Seifert, labeled "STRICTLY PERSONAL AND CONFIDENTIAL", governing the termination of the employment relationship.

12/1/2004 – an email from Connie Kain, an employee in Group Communications setting forth WestLB's priorities for a new marketing strategy.

12/2/2004 – a 9/16/2003 email from Sonya Clark, an accountant, containing New York City tax advice received in connection with his duties at WestLB.

12/2/2004 – a 11/3/2003 email from Sonya Clark, an accountant, containing New York City tax advice received in connection with his duties at WestLB.

12/3/2004 – a secondment contract between WestLB and employee Thomas Rapp, outlining pay and benefits and marked "Private/Confidential".

12/15/2004 – a document from WestLB's London Payroll Manager specifying the income and benefits paid in 2004 to an employee who moved to New York.

3/15/2005 – an email listing the Human Resources employees who received title promotions that month.

3/15/2005 – an email concerning an applicant for a Human Resources position, including the applicant's resume.

3/25/2005 – a spreadsheet containing a listing of all employees and their total compensation, bonuses, and all promotions given in the 2004 review cycle.

6/2/2005 – a 3/22/2005 email from Phillip Grasso, an accountant at KPMG, containing tax advice concerning an ex-patriate.

7/6/2005 – an email between Daniel Orchant, an accountant at KPMG, and WestLB employees concerning tax calculation issues for an ex-patriate.

9/9/2005 – an email between Executive Director Human Resources Lisa Carro and Mary Claire Costello, a former WestLB employee containing information about Ms. Costello's hours worked, as well as her 401k participation level.

10/18/2005 – an email and PowerPoint presentation from a Ceridian web seminar that Fei attended entitled "Data Privacy and Security Trends: Here and Abroad."

11/17/2005 – an email from Phillip Grasso, an accountant at KPMG, containing tax and accounting advice Fei received in his position as Payroll Manager.

4/7/2006 – an email from Tommi Aberle regarding overtime eligibility of employee and memorializing Fei's role in informing employee of eligibility.

8/8/2006 – July 2006 Department List and Personnel Activity containing a list of WestLB employees and information concerning their employment, including corporate positions and titles, as well as a list of all employment actions, such as hirings and firings, that occurred in July 2006.

8/8/2006 – a "gross-up" calculator created by Phillip Grasso for Fei's use in his job duties at WestLB.

9/25/2006 – Benefits Checklist for the month of September 2006 containing a list of WestLB employees and their personal information, including their Social Security Numbers, home addresses and telephone numbers, birthdates and salaries.

9/25/2006 – August 2006 Department List and Personnel Activity containing a list of WestLB employees and information concerning their employment, including corporate positions and titles, as well as a list of all employment actions, such as hirings and firings, that occurred in August 2006.

11/9/2006 – an email received by WestLB employees from KPMG accountants, containing detailed accounting advice concerning federal tax law.

12/6/2006 – an attorney-client privileged email and document received by WestLB employees from Hughes Hubbard & Reed attorneys containing legal advice concerning "seconded employees."

12/6/2006 – an email chain between Fei and Executive Director Human Resources Gregg Rieber regarding WestLB's policy for providing additional compensation to exempt employees who worked on holidays.

1/19/2007 and 1/23/2007 - internal emails concerning overtime to be paid to specific employees, including details of hours worked on specific days by the employees.

1/30/2007 – an email between Fei and WestLB Human Resources employees concerning specific, named employees who had been recently classified as non-exempt for overtime purposes and the Bank's decisions regarding retroactive pay and the bank's reasons for reclassifying the employees.

6/8/2007 – the Human Resources departmental phone list.

6/8/2007 – a document entitled "Final exemption report Updated June 6.xls" containing information regarding the Bank's overtime reclassification project as of June 6, 2005, including names of employees and their classification status, their annual salaries, and the number of overtime hours that they had worked in 2005.

6/8/2007 – May 2007 Department List & Personnel Activity report containing a list of WestLB employees and information concerning their employment, including corporate positions and titles, as well as a list of all employment actions, such as hirings and firings, that occurred in May 2007.

6/8/2007 – stock option information provided to WestLB by a prospective employee, Michael Xie, containing information regarding stock options he received from Moody's, including the date, number, and prices of various grants of stock options.

6/12/2007 – a 5/15/2006 email and salary update letters for the HR department containing information regarding the promotion of certain employees to new positions.

6/12/2007 – an email and document that Fei had originally sent to HR employees on 2/27/2006 specifying the amounts of overtime pay paid to WestLB employees in 2005, including the amount the employees received in overtime pay, as well as their overall compensation for 2005 including their bonuses.

6/12/2007 – the June 6 Final Exemption report that he originally sent himself on 6/8/2007.

60247042_1.DOC

> 6/12/2007 – a 1/31/2005 email and document that contained a headcount of WestLB employees as of December 2004 listing WestLB employees and their place in the organizational structure, as well as their status as employees, temporary workers or consultants, or in-pats.

> 6/13/2007 and 6/14/2007 – emails concerning the federal employer tax identification numbers used by WestLB, including advice from KPMG accountants and Hughes Hubbard & Reed attorneys.

104.    Fei's transmission of this information to his personal Hotmail account was not necessary for or in furtherance of his job responsibilities with WestLB, and was not authorized by WestLB.

105.    Fei transmitted WestLB documents and information to his personal Hotmail account at least ten times between June 6, 2007, the date he gave WestLB notice of his resignation, and June 19, 2007, his last day of employment.

106.    Separate and apart from using the WestLB email system to misappropriate information, Fei also removed hard copies of over 30 documents containing WestLB confidential information. These hard copy documents that Fei misappropriated include: records of overtime payments made to specific WestLB employees; agendas and notes memorializing Human Resources meetings at which FLSA reclassification projects were discussed; notifications to Fei of particular employees' eligibility for overtime payments; an email authored by Fei that notified WestLB employees that they were eligible to receive overtime payments and offering to answer any related questions; a proposed WestLB policy governing payments to non-exempt employees; and a PowerPoint presentation entitled "Americas Human Resources, 2005 Year In Review," dated March 16, 2006.

107.    Beginning on September 25, 2006, the same day that Fei forwarded to his personal Hotmail account the Benefits Checklist for the month of September 2006, containing

WestLB's employees Social Security Numbers, home addresses and telephone numbers, WestLB became aware that employees included on this list had become the victims of identity theft.

108.    Fei's misappropriation of WestLB's documents and information, and the personal and private information of its employees, violated WestLB's policies, included those contained in its Code of Conduct, WestLB Handbook and Security Awareness Guidelines. Fei violated the Computer Fraud and Abuse Act and his fiduciary duty and duty of loyalty to WestLB by misappropriating WestLB's documents and information, and the personal and private information of its employees.

**AS AND FOR A**
**FIRST COUNTERCLAIM**

COMPUTER FRAUD AND ABUSE ACT
(18 U.S.C. § 1030(a)(4))

109.    WestLB re-alleges and incorporates herein by reference the allegations in numbered paragraphs 58 through 83 as if set forth fully herein.

110.    The Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.,* permits any person who suffers damage or loss by reason of the activity prohibited by this federal statute to bring a civil action for damages and injunctive relief.

111.    By engaging in the conduct described herein, Fei knowingly and with intent to defraud accessed protected computers and data – to wit, the computer network, computers and data owned by WestLB – without authorization or in excess of his authorization, and by means of such conduct and obtained things of value, to wit, valuable confidential and proprietary computer data belonging to WestLB, in violation of Title 18 U.S.C. § 1030(a)(4).

112.    WestLB's computer system is, and at all relevant times has been, used in interstate and foreign commerce and communication, and is thus a "protected computer" under the Computer Fraud and Abuse Act.

113.    Fei, as an employee and agent of WestLB, was not authorized to access WestLB's computer in any manner prohibited by WestLB's policies, including those contained in its Code of Conduct, WestLB Handbook and Security Awareness Guidelines, and in any manner adverse to the interests of WestLB.

114.    Fei's violations of 18 U.S.C. § 1030(a)(4) alleged above involved and caused loss of at least $5,000 in value in the aggregate, including the cost of WestLB responding to Fei's offenses and retaining a computer forensics consultant.

115.    By reason of the acts alleged herein, WestLB has been damaged in an amount in excess of $5,000 to be determined at trial.

### AS AND FOR A
### SECOND COUNTERCLAIM

BREACH OF FIDUCIARY DUTY AND DUTY OF LOYALTY

116.    WestLB incorporates by reference and realleges the allegations contained in paragraphs 58 through 90 above as if fully set forth herein.

117.    By virtue of Fei's employment relationship with WestLB, WestLB reposed trust and confidence in Fei and allowed Fei to be privy to WestLB's confidential and proprietary information, and its employees' personal and private information.

118.    Fei undertook such trust and confidence.

119.    By reason of the foregoing, Fei owed WestLB a fiduciary duty to act in good faith and in WestLB's best interests and a duty of loyalty to WestLB.

120.    Such fiduciary duty and duty of loyalty owed by Fei to WestLB existed throughout his term of employment with WestLB and survived the termination of that employment.

121.    In engaging in the activity as described herein, including Fei's misappropriation of WestLB's documents and information, and the personal and private information of its employees, Fei has breached his fiduciary duty and duty of loyalty to WestLB.

122.    Fei's breach of fiduciary duty and duty of loyalty has directly and proximately caused damage to WestLB in an amount to be determined at trial.

WHEREFORE, WestLB demands judgment against Fei as follows:

A.    Awarding to defendant WestLB and against Fei damages in an amount to be determined at trial;

B.    Ordering Fei to return to WestLB all documents and information that he transmitted or removed from the premises of WestLB, including copies, and any copies that he provided to others;

C.    Awarding to defendant WestLB all attorneys' fees, costs and disbursements incurred by it in this action;

D.    Dismissing Fei's First Amended Complaint in this action; and

25

E.    Granting such other, further and different relief as the Court may deem

just and proper.

Dated: New York, New York
       March 24, 2008

HUGHES HUBBARD & REED LLP


By: /s/ Ned H. Bassen
    Ned H. Bassen
    Vilia B. Hayes
    Jason Habinsky
    One Battery Park Plaza
    New York, New York 10004
    bassen@hugheshubbard.com
    (212) 837-6000

    Attorneys for Defendant WestLB AG

60247042_1.DOC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILIP FEI, on behalf of himself and classes
of those similarly situated,

Plaintiff,

v.

WESTLB AG,

Defendant.

Index No.: 07 Civ. 8785 (HB) (FM)

**Jury Trial Demanded**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY under penalty of perjury under the laws of the United

States that on March 24, 2008, I electronically filed the foregoing Answer and Counterclaims

with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic

filing to all counsel of record who have registered to receive notices from the Court under the

CM/ECF system.

Dated: March 24, 2008
New York, New York

/s/ Ned H. Bassen
Ned H. Bassen

60249674_1 DOC