# Exhibit L

# COURT AUTHORIZED NOTICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# If you were employed by WestLB as a Manager or Exempt Executive between [Date to be determined by the Court] and the present, please read this notice.

# A collective action lawsuit may affect your legal rights.

*This is a court authorized notice.  This is not a solicitation from a lawyer.*

- A former manager has sued WestLB AG, ("WestLB"), claiming that WestLB failed to pay all overtime wages required by law.

- The lawsuit is proceeding as a collective action on behalf of managers and exempt executives who were employed by WestLB at any time since [Date to be determined by the Court].

- The Court has not decided who is right and who is wrong.  Your legal rights may be affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **ASK TO BE INCLUDED** | If you choose to be included in this collective action, you keep the possibility of getting money or benefits that may come from a trial or a settlement in this lawsuit, but you give up any rights to separately sue WestLB about the same legal claims in this lawsuit.<br><br>**If you wish to be included, you must complete the form at the end of this Notice.** |
| **DO NOTHING** | By doing nothing, you will not be included in this collective action.  This means that you give up the possibility of getting money or benefits that may come from a trial or settlement in this lawsuit if those bringing the lawsuit are successful.  You keep any rights to sue WestLB separately about the same legal claims in this lawsuit, but the limitations period on your claim continues to run.  You may choose not to sue WestLB at all. |

**Questions? Contact Linda A. Neilan at Outten & Golden LLP at 212-245-1000.**

- Your options are explained in this notice. To ask to be included in the lawsuit, you must act before _____ (insert 60 days from date notice is sent out) _____ .

- If money or benefits are obtained from WestLB, and you choose to be included in the case, you will be notified about how to ask for a share.

**This notice contains information that affects your rights. Please read it carefully.**

### 1. Why did I get this notice?

You are getting this notice because WestLB's records show that you have worked for WestLB as a manager or exempt executive. A lawsuit has been brought against WestLB claiming that salaried managers and exempt executives were misclassified as exempt from overtime pay, and were thus not paid all the wages required by law. A trial may be necessary to decide whether the claims being made against WestLB are correct. The Honorable Harold Baer, United States District Court Judge in the Southern District of New York, is overseeing this collective action. The lawsuit is known as *Fei v. West LB AG,* 07-cv-08785.

### 2. What is this lawsuit about?

This lawsuit is about whether WestLB should have paid managers and exempt executives overtime compensation for each hour worked per workweek in excess of forty.

### 3. What is a collective action and who is involved?

In a collective action lawsuit, one or more persons who have similar claims can bring a lawsuit that includes others who have similar claims. All managers and exempt executives who decide to participate in the case are part of a "Collective." The former employee who brought this lawsuit is called the Plaintiff. The company that he has sued – WestLB – is called the Defendant. One Court resolves the issues for everyone who decides to join the case.

### 4. Why is this lawsuit a Collective Action?

The Court has conditionally authorized this case to proceed as a collective action under § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Specifically, the Court found that the Plaintiff who filed this lawsuit is "similarly situated" to other managers and exempt executives currently or formerly employed by WestLB.

**Questions? Contact Linda A. Neilan at Outten & Golden LLP at 212-245-1000.**

### 5. What is WestLB's position?

WestLB maintain that its pay practices for the managers and exempt executives at all times fairly and lawfully compensated them for all the time they spent working.

### 6. Has the Court decided who is right?

The Court has not decided whether WestLB or the Plaintiff is correct. By establishing the Collective and issuing the Notice, the Court is not suggesting that the Plaintiff will win or lose the case.

### 7. What are the Plaintiffs asking for?

Plaintiff is seeking payment of overtime wages and to change WestLB's pay practices and policies. Plaintiff is also seeking recovery of attorneys' fees and costs.

### 8. Can I join this lawsuit?

To be eligible to join this lawsuit, you must have been employed by WestLB as a manager or exempt executive at any time since [Date to be determined by the Court].

### 9. I'm still not sure if I am included.

If you are still not sure whether you are included, you can get free help by calling or writing the lawyers in this case, at the phone number or address listed below.

### 10. What happens if I do nothing at all?

If you choose not to join this lawsuit, you will not be affected by any ruling, judgment or settlement rendered in this case, whether favorable or unfavorable. You will <u>not</u> be entitled to share any amounts recovered by Plaintiff as part of this lawsuit. You also will be free to independently retain your own counsel and file your own individual lawsuit, subject to any defenses that might be asserted. You should be aware that your federal wage and hour claims are limited by a two or three-year statute of limitations, and delay in joining this action, or proceeding separately, may result in some or all of your claims expiring as a matter of law. If you proceed separately, you may also have to pay your own lawyer.

**Questions? Contact Linda A. Neilan at Outten & Golden LLP at 212-245-1000.**

### 11. What happens if I join the lawsuit?

If you choose to join this lawsuit, you will be bound by any ruling, settlement or judgment, whether favorable or unfavorable. You will also share in any proceeds from a settlement or judgment favorable to the Collective. By joining this lawsuit, you designate the named Plaintiff(s) as your representative(s), and to the fullest extent possible, to make decisions on your behalf concerning the case, the method and manner of conducting the case, the entering of an agreement with Plaintiffs' counsel regarding payment of attorneys' fees and court costs, the approval of settlements, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into will be binding on you if you join the lawsuit. While this suit is pending, you may be asked to provide documents or information relating to your employment, or otherwise participate in written and/or oral discovery proceedings and/or in a trial of this matter.

### 12. Can WestLB and/or my current employer retaliate against me if I join the lawsuit?

It is a violation of federal law for WestLB or any of its related entities to fire, discipline, or in any manner discriminate or retaliate against you for taking part in this case. If you believe that you have been penalized, discriminated against, or disciplined in any way as a result of your receiving this notification, considering whether to join this lawsuit, or actually joining this lawsuit, you may contact Plaintiff's lawyers or any other lawyers of your choosing.

### 13. How do I ask the Court to include me in the case?

Enclosed is a form called "Consent to Join." **If you choose to join this lawsuit, it is extremely important that you read, sign and promptly return the Consent to Join Form**. An addressed and postage paid envelope is enclosed for your convenience. Should the enclosed envelope be lost or misplaced, the Consent to Join Form must be sent to:

**WestLB Lawsuit**
**Outten & Golden LLP**
**3 Park Avenue, 29th Floor**
**New York, NY 10016**

The signed Consent to Join form must be postmarked by [60 days from mailing of this Notice]. **If your signed Consent to Join Form is not postmarked by [60 days from mailing of the Notice], you will not participate in this lawsuit, you will not share in a monetary recovery, and you will not be bound by any settlement or judgment.**

### 14. Do I have a lawyer in this case?

If you choose to join this lawsuit you will be represented by Adam T. Klein, Jack A. Raisner, Linda A. Neilan, and Tara Lai Quinlan of Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, NY 10016, www.outtengolden.com.

4

**Questions? Contact Linda A. Neilan at Outten & Golden LLP at 212-245-1000.**

| **15. Should I get my own lawyer?** |
|---|

You do not need to hire you own lawyer because Plaintiff's Counsel will be working on your behalf. But if you want your own lawyer, you may have to pay that lawyer and will have to file your own separate lawsuit.

| **16. How will the lawyers be paid?** |
|---|

The named Plaintiff has entered into a contingency fee agreement with Plaintiff's counsel, which means that if you do not win, there will be no attorneys' fees or costs chargeable to you. Under the fee agreement, in the event there is a recovery, Plaintiff's counsel will receive a percentage of any settlement obtained or money judgment entered in favor of all members of the class. The Court may also be asked to determine the amount of fees. The fees may be part of a settlement obtained or money judgment entered in favor of Plaintiff, or may be ordered by the Court to be separately paid by WestLB, or may be a combination of the two. A copy of the contingency fee agreement executed by the named Plaintiff may be obtained upon request from Plaintiff's counsel identified below.

**Questions? Contact Linda A. Neilan at Outten & Golden LLP at 212-245-1000.**