UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILIP FEI, on behalf of himself and classes of those similarly situated,

                        Plaintiff,

v.

WESTLB AG,

                        Defendant.

Index No.: 07 Civ. 8785 (HB) (FM)

**AFFIRMATION OF JASON HABINSKY**

Jason Habinsky, an attorney duly admitted to practice law in the State of New York, hereby affirms the following to be true under penalty of perjury:

1. I am an attorney admitted to the bar of this Court and am associated with Hughes Hubbard & Reed LLP, attorneys for WestLB AG ("Defendant") and submit this affirmation in opposition to Plaintiff's Motion for Conditional Certification and Court-Authorized Notice Pursuant to Section 216(b) of the FLSA.

2. I am fully familiar with the facts and circumstances set out below based upon my personal knowledge and my review of the files maintained by my law office.

## DISCOVERY

3. While Plaintiff Philip Fei ("Plaintiff Fei") was employed by Defendant, he removed Defendant's hard copy documents and also transmitted Defendant's documents and information from the computer that he was given access to while employed by Defendant to his personal Hotmail account. Much of this information is directly relevant to his claims in this lawsuit including, but not limited to: communications regarding exemption testing and overtime classification of Defendant's executives and managers; summaries of Defendant's reclassification projects with names of managers and

executives and their classification status, their annual salaries, and the number of overtime hours that they had worked; documents regarding the amounts of overtime pay paid to Defendant's employees, including the amount the employees received in overtime pay, as well as their overall compensation including their bonuses; and lists of Defendant's employees, including their names, addresses, phone numbers, dates of birth and social security numbers. Plaintiff Fei kept this information, and on December 13, 2007 produced to Defendant over 30 hard copy documents that he had taken, and on March 4 and April 21, 2008 produced to Defendant hundreds of pages of documents that he had transmitted to his personal Hotmail account.

   4. On March 18, 2008, Defendant produced two witnesses to testify for a full day at the Fed. R. Civ. P. 30(b)(6) deposition regarding, *inter alia*, Defendant's policies and practices for classification and reclassification of employees for overtime purposes. On April 18, 2008, Defendant produced another witness to further testify on these issues.

   5. On March 4, 2008, Defendant produced over 200 pages of documents responsive to Plaintiff's First Set of Requests for Production of Documents, including Plaintiff Fei's personnel file and Defendant's policies relating to Defendant's policies and practices regarding classification and reclassification of employees for overtime purposes.

   6. Defendant had objected to Plaintiff Fei's interpretation of his requests relating to the defendant's policies and practices regarding classification and reclassification of employees as being overbroad, and unduly burdensome in terms of, *inter alia*, time and cost. In an attempt to compromise, on February 25, 2008, Defendant offered a proposal. (E-mail from Jason Habinsky, February 25, 2008, a true and correct

copy of which is attached as Exhibit A to this Affirmation.) By letter dated March 6, 2008, Plaintiff Fei rejected Defendant's compromise proposal. (Letter from Linda Neilan, March 6, 2008, a true and correct copy of which is attached as Exhibit B to this Affirmation.) At a discovery conference before Magistrate Judge Maas on April 3, 2008, Magistrate Judge Maas stated "I think requests have to be given a plain reading, and I read both policies and practices as generic terms, so that if there's a codified policy or reference to a practice as to how to classify or reclassify folks, that's responsive but at the micro level, what we do with Mr. Fei, to my mind, is not responsive to those two particular requests." (Hr'g Tr. 37:4-10, Apr. 3, 2008, a true and correct copy of excerpts from the April 3, 2008 Hearing before Magistrate Judge Maas is attached as Exhibit C to this Affirmation.) Magistrate Judge Maas ordered that Defendant produce any remaining "macro" level documents regarding Defendant's policies and practices regarding classification and reclassification of employees by April 10, 2008 and "micro" level documents by April 24, 2008. (*Id.* at 42:20-24.)

7. On April 10, Defendant produced to Plaintiff Fei a list of all executives and managers employed by Defendant from three years prior to the filing of Plaintiff Fei's complaint, as well as over 100 pages of "macro" level documents relating to its policies and practices for classification and reclassification of its executives and managers, including e-mails regarding the classification process, worksheets used as part of the exemption testing, documents showing what employees were involved in the classification of its employees, presentations discussing the reclassification of employees, and additional drafts of its policies relating to overtime payment of non-exempt employees.

8.  On April 23, 2008, Defendant produced to Plaintiff Fei over 1000 pages of "micro" level documents regarding its evaluation and reclassification of its executives and managers with respect to overtime pay, including its job descriptions, its exemption evaluation forms, its notes regarding exemption evaluation, its checklists used in exemption evaluation, its overtime estimates used in determining back pay paid to reclassified employees, and its policies and practices concerning overtime classification and reclassification. Most of these documents also were responsive to Plaintiff Fei's Second Set of Requests for Production of Documents. Plaintiff Fei's counsel's office received the documents at approximately 4:00pm.

9.  On April 21, 2008, prior to the due date, Defendant served its Responses and Objections to Plaintiff Fei's Second Set of Requests for Production of Documents. On April 30, 2008, counsel for the parties had a meet and confer conference to discuss Defendant's responses and objections. On May 1, 2008, Defendant produced to Plaintiff Fei over 400 pages of responsive documents, including organizational charts showing executives and managers, prior versions of WestLB's employee handbook, WestLB's document retention policies, documents relating to overtime payments made to executives and managers, and documents relating to compensation paid to Plaintiff Fei and his hours worked.

10.  On May 6, 2008, Defendant sought a protective order from Magistrate Judge Maas pursuant to Fed. R. Civ. P. 26(c)(1)(A) regarding the depositions by Plaintiff Fei of Defendant's outside legal counsel Richard Greenberg, a partner at Jackson Lewis, and Defendant's former in-house counsel, Gregory Leahy, both of whom rendered legal advice to Defendant regarding its evaluation and reclassification of its executives and

managers with respect to overtime pay that Defendant contends is protected by the attorney-client and work product privileges. This matter remains pending before Magistrate Judge Maas.

11. On May 8, 2008, Defendant took the deposition of Plaintiff Fei.

12. On May 15, 2008, Plaintiff Fei took the deposition of Vivian Yost, the consultant who participated in Defendant's reclassification project. Ms. Yost had asked to adjourn her previous deposition date as a result of a family emergency.

**Exhibits**

13. Attached hereto as Exhibit D is a true and correct copy of select testimony from the Fed. R. Civ. P. 30(b)(6) deposition of WestLB by Lisa Carro on March 18, 2008.

14. Attached hereto as Exhibit E is a true and correct copy of the Affidavit of Linda Shirley dated December 14, 2007.

15. Attached hereto as Exhibit F is a true and correct copy of select testimony from the deposition of Plaintiff Fei on May 8, 2008.

16. Attached hereto as Exhibit G is a true and correct copy of a document entitled "Compensation History" (Bates stamped D 2186). This exhibit has been filed under seal with the Clerk of the Court in accordance with the Stipulation and Order Concerning Confidential Material Produced in Discovery.

17. Attached hereto as Exhibit H is a true and correct copy of a Resume of Plaintiff Fei produced by Plaintiff Fei in discovery (Bates stamped P00000087). This exhibit has been filed under seal with the Clerk of the Court in accordance with the Stipulation and Order Concerning Confidential Material Produced in Discovery.

18. Attached hereto as Exhibit I is a true and correct copy of a document titled "Performance Management Form 2006" (Bates stamped P00000054-67).

19. Attached hereto as Exhibit J is a document titled "OT Log.xls" produced by Plaintiff Fei in discovery.

20. Attached hereto as Exhibit K is a true and correct copy of selected testimony from the deposition of Vivian Yost on May 15, 2008.

21. Attached hereto as Exhibit L is a true and correct copy of the Affidavit of Kenneth Bigelow dated May 21, 2008.

22. Attached hereto as Exhibit M is a true and correct copy of the Affidavit of Alan Halperin dated May 21, 2008.

Dated: New York, New York
       May 23, 2008

_____
Jason Habinsky

60293122_1.DOC