# Affirmation of Jason Habinsky

# Exhibit

# B

| Wayne N. Outten | # OUTTEN & GOLDEN LLP | Allegra L. Fishel |
|---|---|---|
| Anne Golden | | Lewis M. Steel |
| Adam T. Klein | | Nantiya Ruan |
| Laurence S. Moy | *Advocates for Workplace Fairness* | Deborah L. McKenna |
| Gary Phelan | | René S. Roupinian |
| Kathleen Peratis | | |
| Piper Hoffman | | Rachel M. Bien |
| Justin M. Swartz | | Cara E. Greene |
| Jack A. Raisner | | Carmelyn P. Malalis |
| Wendi S. Lazar | | Stephanie M. Marnin |
| | | Tammy Marzigliano |
| | March 6, 2008 | Ossai Miazad |
| | | ReNika C. Moore |
| | | Linda A. Neilan |
| | | Tara Lai Quinlan |
| | | Anjana Samant |

**VIA EMAIL AND FIRST CLASS MAIL**
Jason Habinsky, Esq.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004-1482

    Re:    <u>Fei v. West LB AG, 07 Civ. 8785 (HB)</u>

Dear Mr. Habinsky:

    We write in response to your February 25, 2008 email regarding Defendant's Response to Plaintiff's First Set of Requests for Production of Documents, Electronically-Stored Information and Things.

    As an initial matter, we will agree to accept Defendant's production in phases based on Defendant's representation that it has been unable to locate all responsive documents at this time.

    Phase One should include all responsive documents and electronic information that relate to the classification of "Executives" and/or "Managers" as exempt or non-exempt from the overtime provisions of the Fair Labor Standards Act and the New York Labor Law including, but not limited to, all email correspondence, agendas, reports, memoranda, letters, and spreadsheets. Please see the definition of "document" and "electronic information" in Plaintiff's First Set of Requests for Production of Documents, Electronically-Stored Information and Things for the complete definition of "document" and "electronic information."

    Limiting Defendant's production to documents obtained from WestLB's Human Resources Department is not acceptable. To help Defendant facilitate a search for responsive documents from the entire company, and not just the Human Resources Department, we have provided a *non-exhaustive list* of examples of search terms that Defendant should use to identify responsive documents:

3 Park Avenue, 29th Floor   New York, NY 10016  Tel 212-245-1000  Fax 212-977-4005
4 Landmark Square, Suite 201  Stamford, CT 06901  Tel 203-363-7888  Fax 203-363-0333
cg@outtengolden.com  www.outtengolden.com

Jason Habinsky, Esq.
March 6, 2008
Page 2 of 2

- o Classification
- o Department of Labor
- o Executive compensation
- o Exempt
- o Exemption
- o Fair Labor Standards Act
- o FLSA
- o Manager compensation
- o Misclassification
- o New York Labor Law
- o NYLL
- o Non-exempt
- o Overtime
- o Reclassification
- o Retroactive

We object to Defendant's redacting the names of individual employees classified as "Managers" or "Executives" in responsive documents. Plaintiff is entitled to these names at this stage of discovery. Please let us know as soon as possible if Defendant will agree to provide unredacted documents, so that we may seek the Court's intervention if necessary.

Furthermore, Defendant's attempt to limit its production to the three years preceding the filing of the complaint is improper and unacceptable. As we have previously discussed, the class period extends for six years beginning on October 21, 2001, and we are, therefore, entitled to responsive documents for the entire class period. Please let us know if Defendant persists in withholding responsive information within the class period, so that we may seek the Court's intervention if necessary.

Although we served Plaintiff's First Set of Requests for Production of Documents, Electronically-Stored Information and Things on December 16, 2007, Defendant has not yet produced *any* responsive documents. Accordingly, we ask that Defendant complete Phase One (as described above) by Monday, March 10, 2008.

Finally, we will address Defendant's representations regarding electronic discovery under separate cover.

Very truly yours,

Linda A. Neilan

cc: Vilia B Hayes, Esq.
Ned Bassen, Esq.
Jack A. Raisner, Esq.