# Affirmation of Jason Habinsky

# Exhibit

# C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x

PHILIP FEI,

Plaintiff

-vs-

DOCKET NO.: CV-07-8785 (HB)
New York, New York
April 3, 2008

WEST LB A.G.,

Defendant

------------------------------x

TRANSCRIPT OF CIVIL CAUSE FOR CONFERENCE

BEFORE THE HONORABLE FRANK MAAS
UNITED STATES MAGISTRATE JUDGE

A P P E A R A N C E S:

For the Plaintiff: LINDA A. NEILAN, ESQ.
JACK A. RAISNER, ESQ.
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, NY 10016

For the Defendant: JASON HABINSKY, ESQ.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004

Audio Operator: No Audio Operator

Proceedings Recorded by Electronic Sound Recording
Transcript Produced by Transcription Service

---------------------------------------------------------------

**KRISTIN M. RUSIN**
217 Pine Meadows Circle
Hickory NC 28601
kmrusin@earthlink.net

said. And practices refers to operations. How does the company operate? How do they classify people, what they're actually doing? And --

THE COURT: Well, I think requests have to be given a plain reading, and I read both policies and practices as generic terms, so that if there's a codified policy or reference to a practice as to how to classify or reclassify folks, that's responsive. But at the micro level, what do we do with Mr. Fei, to my mind, is not responsive to those two particular requests.

I think we all too often get into the world of electronic discovery which admittedly may yield smoking guns in lots of cases, but we are talking about five hundred employees, a certain percentage of whom we're not concerned with because they're the receptionist at the front door and folks like that.

One thing that I haven't heard has been done is a request of the employees of West who are in the position to have such documents being asked to look for hard copy materials. Has that been done?

MR. HABINSKY: Yes.

THE COURT: And there's --

MR. HABINSKY: We're in the process of doing that. We've gathered some of the hard copies.

THE COURT: Well, but the request was served in December. Just so we're clear, I'm going to set -- I'm going

in our motion because of all of these delays. So just to be clear, then, so defendants are going -- have agreed --

THE COURT: I mean, Mr. Habinsky hasn't objected to tolling for the two-week period, so as a practical matter he's not going to object to my tolling it as opposed to Judge Baer tolling it. But to the extent that you want greater tolling, I think that's something you have to take up with Judge Baer.

MS. NEILAN: Okay. So we have tolling, then, for which time period, just so I'm clear?

THE COURT: You have tolling for a two-week period which, in effect, starts a week from today, the date by which I otherwise would have required that all of the material be produced, but at the detail level I'm giving Mr. Habinsky two additional weeks subject to his consent to toll for that two-week period.

MS. NEILAN: Okay.

THE COURT: Okay?

MS. NEILAN: I think I understand. So the documents are due, then --

THE COURT: The macro-level documents -- the policies, practices, rubric, procedure, whatever -- and the database as I've described it are due a week from today. And the remaining documents at the micro level are due three weeks from today.

MS. NEILAN: And do the e-mails fall into the macro