UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILIP FEI, on behalf of himself and classes of those similarly situated,

                         Plaintiff,

        v.

WESTLB AG,

                        Defendant.

Index No.: 07 Civ. 8785 (HB) (FM)

**MEMORANDUM OF LAW OF DEFENDANT WESTLB AG IN FURTHER SUPPORT OF ITS CROSS-MOTION FOR A PROTECTIVE ORDER AND IN OPPOSITION TO PLAINTIFF FEI'S CLAIM THAT BY ASSERTING THE GOOD FAITH DEFENSE IN THIS FLSA CASE, DEFENDANT WAIVED THE ATTORNEY-CLIENT PRIVILEGE**

60295318_1.DOC

Pursuant to the Court's May 22, 2008 Order, Defendant WestLB AG ("Defendant") respectfully submits this memorandum of law in further support of its Motion for a Protective Order and in opposition to the claim of Plaintiff Philip Fei ("Plaintiff Fei") that by asserting the good faith defense in this Fair Labor Standards Act ("FLSA") case, Defendant waived the attorney-client privilege.

## I. PRELIMINARY STATEMENT

Defendant moved this Court for a Protective Order pursuant to Fed. R. Civ. P. 26(c)(1)(A) forbidding Plaintiff Fei from deposing Richard Greenberg, a partner in the law firm of Jackson Lewis, and Gregory Leahy, Defendant's former in-house counsel (collectively, "Defendant's Attorneys"). In response, Plaintiff Fei has claimed that Defendant waived the attorney-client privilege with respect to Defendant's Attorneys because Defendant asserted a good faith defense to Plaintiff Fei's claim for liquidated damages under the FLSA. Plaintiff Fei's "waiver" argument is without merit because Defendant has not relied and does not intend to rely upon anything to do with Defendant's Attorneys with respect to its good faith defense. The law in FLSA cases is clear. The courts that have considered this issue have ruled that raising a good faith defense under the FLSA, as Defendant has done here, does not waive the attorney-client privilege where the defendant is not relying on advice of counsel to support the defense. Accordingly, Plaintiff Fei's argument fails and Defendant's Motion for a Protective Order should be granted.

## II. STATEMENT OF FACTS

By letter dated May 6, 2008, Defendant moved this Court for a Protective Order pursuant to Fed. R. Civ. P. 26(c)(1)(A) forbidding the depositions of Defendant's Attorneys. (Letter from Ned H. Bassen to Court, May 6, 2008.) Plaintiff Fei opposed Defendant's Motion by letter dated

60295318_1.DOC

May 8, 2008, and claimed, *inter alia*, that Defendant had waived the attorney-client privilege by asserting a good faith defense.  (Letter from Linda Neilan to Court, May 8, 2008.)  Although a good faith defense is among the affirmative defenses that Defendant asserted in its Answer and Counterclaims ("Answer"), Defendant's Answer does not say anything about reliance on advice of counsel or anything to do with Defendant's Attorneys as part of Defendant's good faith affirmative defense or otherwise, and Defendant does not intend to rely upon same in this lawsuit.  (Answer ¶ 6; Affirmation of Jason Habinsky, May 29, 2008 ¶ 3 ("Habinsky Aff.").)  Nor has Defendant made affirmative use of statements, work product, or advice of Defendant's Attorneys in raising its good faith defense.  (Habinsky Aff. ¶ 3.)  Further, on April 28, 2008, Defendant's counsel made clear to Plaintiff Fei's counsel that Defendant does not intend to rely on advice of counsel to support its good faith defense.  (Habinsky Aff. ¶ 4.)  On May 14, 2008, Defendant replied to Plaintiff Fei's May 6, 2008 letter, citing case law in opposition to Plaintiff Fei's claim that Defendant waived the attorney-client privilege by asserting a good faith defense.  (Letter from Ned H. Bassen to Court, May 14, 2008.)  At the May 22, 2008 discovery conference before this Court, Defendant's counsel represented that Defendant does not intend to rely on advice of counsel.  (Hr'g Tr. at 3, May 22, 2008, attached as Exhibit A to Habinsky Aff.)  On that day, this Court ordered counsel for the parties to submit "cross-motions regarding the plaintiff's claim that the good faith defense waives the attorney-client privilege."  (Order, May 22, 2008, attached as Exhibit B to Habinsky Aff.)

### III.   ARGUMENT

The courts that have considered this issue in FLSA cases have ruled that raising a good faith defense does not waive the attorney client privilege where, as here, the defendant is not relying upon advice of counsel to support the defense.  *See, e.g., Maciel v. City of Los*

*Angeles*, No. CV 06-00249, 2008 U.S. Dist. LEXIS 22623, at *35-36 (C.D. Cal. Mar. 21, 2008) ("Because the LAPD chose not to raise an advice of counsel defense, we must evaluate whether the LAPD has shown that its reliance on the 1985 DOL opinion letter was in good faith, without considering whether counsel was consulted"); *Abbe v. City of San Diego*, No. 05cv1629, 2007 U.S. Dist. LEXIS 87501, at *68-69 (S.D. Ca. Nov. 9, 2007) (noting that "[d]efendant's answer does not reveal reliance upon a defense of advice of counsel, nor may such be presumed" and ruling that defendant did not waive the attorney-client privilege by asserting good faith defense to an FLSA claim).

In those FLSA cases where courts have found waiver of the attorney-client privilege, the party attempting to assert the privilege, unlike here, had affirmatively asserted its reliance on the advice of counsel. *See, e.g.*, *McLaughlin v. Lunde Truck Sales, Inc.*, 714 F. Supp. 916, 919-20 (N.D. Ill. 1989) (finding waiver where the defendant submitted an affidavit of counsel in support of its good faith defense describing counsel's conversations with a Department of Labor investigator); *Newman v. Countrywide Home Loans, Inc.*, No. 3-00-CV-2305-R, 2001 U.S. Dist. LEXIS 13984, at *7 (N.D. Tex. Aug. 30, 2001) (finding waiver because defendant asserted an "advice of counsel" defense and had partially disclosed attorney opinion letters).

Here, Defendant does not intend to assert an advice of counsel defense nor offer any evidence of reliance on advice of counsel to support its good faith defense. Indeed, Defendant's Answer does not include reliance upon advice of counsel and Defendant has made no affirmative use of statements, work product, or advice of Defendant's Attorneys in raising its

good faith defense. Therefore, Defendant has not waived the attorney-client privilege with respect to Defendant's Attorneys.

## CONCLUSION

For the foregoing reasons, Defendant has not waived the attorney-client privilege by asserting a good faith defense, and Defendant's Motion for a Protective Order should be granted.

Dated: New York, New York
May 30, 2008

        HUGHES HUBBARD & REED LLP

        By: /s/ Ned H. Bassen
           Ned H. Bassen
           Vilia B. Hayes
           Jason Habinsky
           One Battery Park Plaza
           New York, New York 10004
           bassen@hugheshubbard.com
           (212) 837-6000

        Attorneys for Defendant WestLB AG