UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILIP FEI, on behalf of himself and classes of those similarly situated,

          Plaintiff,

v.

WESTLB AG,

          Defendant.

Index No.: 07 Civ. 8785 (HB) (FM)

**AFFIRMATION OF JASON HABINSKY**

Jason Habinsky, an attorney duly admitted to practice law in the State of New York, hereby affirms the following to be true under penalty of perjury:

1. I am an attorney admitted to the bar of this Court and am associated with Hughes Hubbard & Reed LLP, attorneys for WestLB AG ("Defendant") and submit this affirmation in support of Defendant's Cross Motion for a Protective Order and in Opposition to Plaintiff Fei's Claim that by Asserting the Good Faith Defense in this FLSA Case, Defendant Waived the Attorney-Client Privilege.

2. I am fully familiar with the facts and circumstances set out below based upon my personal knowledge and my review of the files maintained by my law office.

3. Among the affirmative defenses raised in its Answer and Counterclaims ("Answer"), Defendant raised a defense of good faith to Plaintiff Fei's claims that Defendant violated the Fair Labor Standards Act. Defendant has not and does not intend to rely on advice given to it by counsel in proving this good faith defense. Defendant has not made affirmative use of statements, work product, or advice of its attorneys in raising its good faith defense.

4.      On April 28, 2008, counsel for Defendants informed Plaintiff Fei's counsel that Defendant did not intend to rely on advice of counsel to support its good faith defense.

5.      Attached as Exhibit A to this Affirmation is a true and correct copy of selections from the transcript of the Hearing held before Magistrate Judge Maas on May 22, 2008.

6.      Attached as Exhibit B to this Affirmation is a true and correct copy of an Order issued by Magistrate Judge Maas on May 22, 2008.

Dated: New York, New York
        May 29, 2008

                                                            _____
                                                                    Jason Habinsky

# EXHIBIT A

Case 1:07-cv-08785-HB-FM   Document 49   Filed 05/30/2008   Page 3 of 8

```
                                 Untitled
-----------------------------------------------------------------


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------x
PHILIP FEI,

              Plaintiff
                                  DOCKET NO.: CV-07-8785 (HB)
           -vs-                   New York, New York
                                  May 22, 2008
WEST LB A.G.,


              Defendant
-------------------------------x

TRANSCRIPT OF CIVIL CAUSE FOR CONFERENCE

BEFORE THE HONORABLE FRANK MAAS
UNITED STATES MAGISTRATE JUDGE


A P P E A R A N C E S:

For the Plaintiff:            LINDA A. NEILAN, ESQ.
                          Outten & Golden LLP
                          3 Park Avenue, 29th Floor
                          New York, NY   10016


For the Defendant:            JASON HABINSKY, ESQ.
                          Hughes Hubbard & Reed LLP
                          One Battery Park Plaza
                          New York, NY   10004




Audio Operator:           No Audio Operator

Proceedings Recorded by Electronic Sound Recording
Transcript Produced by Transcription Service
-----------------------------------------------------------------
KRISTIN M. RUSIN
217 Pine Meadows Circle
Hickory NC 28601
kmrusin@earthlink.net
        THE CLERK:  This is a conference in the matter of Fei versus WestLB.
        Counsel, state your name for the record, please.
        MS. NEILAN:  Linda Neilan for plaintiff Fei and the putative
class.  Good morning, Your Honor.
        THE COURT:  Good morning.
        MR. HABINSKY:  Jason Habinsky, from Hughes Hubbard & Reed, for
WestLB, defendant.
        THE COURT:  Good morning.
        MR. HABINSKY:  Good morning.
        THE COURT:  We don't suffer for a lack of letters in this case,
                                Page 1
```

Untitled
whole project, which includes job descriptions.  It includes notes.  It includes lists.
      THE COURT:  Is she one of the people who's now been noticed?
      MR. HABINSKY:  She has.  So it's our position that there's already been extensive discovery on this very issue, and there's going to be continued discovery on this issue, including the three depositions which were noticed today, and there's two additional employees who haven't been noticed yet who also could provide information regarding this project.
      And as far as the executives, which we haven't spoken to, just last week plaintiff deposed Vivian Yost [phonetic], who was the consultant who conducted the project regarding the executives, and she testified in detail about the project, and she also was asked if she had --
      THE COURT:  Executives are different than managers?
      MR. HABINSKY:  That's correct.  They're two different groups.  With respect to the executives, the consultant, Vivian Yost, was asked what, if any, conversations she had with the in-house attorney, Greg Leahy, and she testified that she had one conversation with him only about the project, and that was just a preliminary conversation about whether or not she was qualified to do the job.
      THE COURT:  How about with Mr. Greenberg?
      MR. HABINSKY:  She participated in the executive project, not the manager project, so the two of them did not work together.
      THE COURT:  Okay.
      MR. HABINSKY:  And also, with respect to the first issue, waiver of the attorney-client privilege by asserting the good faith defense, we're -- I mean, we're willing to stipulate --
      THE COURT:  Well, go on.
      MR. HABINSKY:  We're willing to stipulate that we're not going to rely upon advice of counsel as a defense.
      THE COURT:  But the problem -- well, let me first say that I'm going to reserve decision on the depositions of the attorneys pending the outcome of the depositions of the other witnesses.
      But having said that, with respect to the good faith defense, it's fine that you're willing to so stipulate as you indicated, but let's suppose for argument's sake Mr. Greenberg told your client at an early date this is crazy, you can't classify people that way, and they continued along their merry way.
      That would pretty much, if it were disclosed, undermine the good faith defense, and you would be using the attorney-client privilege as a shield.  Your stipulation addresses, to my mind, using it as a sword but not using it as a shield.  You're saying we won't use it to say counsel told us that this was proper, but there's the possibility that counsel at an early stage told West that what it was doing was improper and it, for some reason, chose to ignore that advice.
      If I hold that all of the discussions are privileged, if there was such a conversation, it would never be unearthed.
      MR. HABINSKY:  But it's my position that through discovery plaintiff will -- already knows what was done, when it was done, who was reclassified, what those job duties were.
      THE COURT:  Well, suppose -- and you know, I'm not real familiar with the dates.  The suit was filed in oh-seven.  Let me assume that the reclassification project was in oh-six.  But in oh-three, Mr. Greenberg said to somebody running WestLB in New York what you're doing is outrageous, you can't continue this way, and that important person at WestLB said well, it's too expensive to do it the other way, we're going to continue along our merry way.
      MR. HABINSKY:  But those facts alone would be known, because it's known when WestLB did certain things and when they reclassified.  So as far as the timing goes, those facts would be disclosed in discovery.
      THE COURT:  I'm not following you.  If West says that's very nice advice, Mr. Greenberg, we're not going to follow it, and then several years later they decide to reclassify because employees are

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

PHILIP FEI, on behalf of himself and classes :
of those similarly situated,

:

                       Plaintiff,

:

    -against-

:

WESTLB AG,

:

                       Defendant.
------------------------------------------------------------x

**ORDER**

07 Civ. 8785 (HB)(FM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/21/08

**FRANK MAAS**, United States Magistrate Judge.

        Pursuant to the conference held earlier today, it is hereby ORDERED that:

1. On or before May 30, 2008, the parties shall exchange revised privilege logs that comply with Local Civil Rule 26.2.

2. On or before May 30, 2008, the parties may serve and file cross-motions regarding the plaintiff's claim that the good faith defense waives the attorney-client privilege. The parties shall serve and file papers in opposition by June 12, 2008.

        SO ORDERED.

Dated:      New York, New York
               May 22, 2008

                                                  FRANK MAAS
                                     United States Magistrate Judge

Copies to:

Honorable Harold Baer, Jr.
United States District Judge

Linda A. Neilan, Esq.
Outten & Golden, LLP
Fax: (212) 977-4005

Jason Habinsky, Esq.
Hughes Hubbard & Reed LLP
Fax: (212) 422-4726/299-6118

2