**Outten & Golden LLP**
Adam T. Klein (AK 3293)
Jack A. Raisner (JR 6171)
Linda A. Neilan (LN 4095)
Tara Lai Quinlan (TQ 0717)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **PHILIP FEI,** on behalf of himself and classes of those similarly situated,<br><br>       **Plaintiff,**<br><br>  -against-<br><br>**WEST LB AG,**<br><br>       **Defendant.** | 07 Civ. 8785 (HB)(FM)<br><br>**DECLARATION OF**<br>**LINDA A. NEILAN** |

   I, Linda A. Neilan, declare, upon personal knowledge and under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

   1. I am an associate at Outten & Golden LLP, attorneys for Plaintiff, and an attorney in good standing admitted to practice in the State of New York and before this Court. I make this declaration in support of Plaintiff's Motion to Compel the Depositions of Attorneys Leahy and Greenberg.

**Procedural History**

   2. On March 27, 2008, Plaintiff noticed the deposition of Gregory Leahy for April 14, 2008.

      3.      Despite Plaintiff's repeated requests to Defendant to provide dates on which Leahy was available, Defendant refused to do so.

      4.      On April 11, 2008, Defendant stated that "the deposition of Mr. Leahy would not accomplish much as Defendant is not now waiving the applicable attorney-client and work product privileges." Attached as Exhibit A is a true and correct copy of an email from Jason Habinsky to me, Jack Raisner, Tara Lai Quinlan, Ned H. Bassen, and Vilia B. Hayes dated April 11, 2008.

      5.      Plaintiff continued to ask Defendant to produce Leahy for his deposition.

      6.      During a meet and confer conference on April 30, 2008, Defendant stated for the first time that it was going to seek a protective order to prevent Leahy's deposition.

      7.      On April 3, 2008, Plaintiff served Greenberg with a subpoena noticing his deposition for April 21, 2008.

      8.      On April 11, 2008, Defendant informed Plaintiff that Greenberg was not available on April 21, 2008, but was available on May 12 or 13, 2008. Attached as Exhibit A is a true and correct copy of an email from Jason Habinsky to me, Jack Raisner, Tara Lai Quinlan, Ned H. Bassen, and Vilia B. Hayes dated April 11, 2008.

      9.      On April 15, 2008, Plaintiff scheduled the deposition of Greenberg for May 13, 2008. Attached as Exhibit B is a true and correct copy of an email from me to Jason Habinsky, Jack Raisner, Tara Lai Quinlan, Ned H. Bassen, and Vilia B. Hayes dated April 15, 2008.

      10.      On May 6, 2008, Defendant informed Plaintiff that it was going to seek a protective order to prevent Greenberg's deposition. Attached as Exhibit C is a true and correct copy of an email from Jason Habinsky to me, Jack Raisner, Tara Lai Quinlan, Ned H. Bassen, Vilia B. Hayes, and Alexander Bogdan dated May 6, 2008. Although Defendant maintains in its May 6, 2008 email that it told Plaintiff on April 30, 2008 that

it would seek a protective order to prevent Greenberg's deposition, Defendant did not inform Plaintiff of that information until its email on May 6, 2008.

**Exhibits**

11.     Attached as Exhibit D is a true and correct copy of Defendant's Answer and Counterclaims, filed on March 24, 2008.

12.     Attached as Exhibit E is a true and correct copy of select testimony from a Fed. R. Civ. P. 30(b)(6) deposition of Defendant by Lisa Carro on March 18, 2008.

13.     Attached as Exhibit F is a true and correct copy of a letter (without enclosures) from Ned Bassen to the Court dated May 14, 2008.

14.     Attached as Exhibit G is a true and correct copy of the transcript of a court conference on May 22, 2008.

Dated: May 30, 2008
       New York, NY

　　　　　　　　　　　　　　　　　　　　/s/ Linda A. Neilan

Adam T. Klein (AK 3293)
Jack A. Raisner (JR 6171)
Linda A. Neilan (LN 4095)
Tara Lai Quinlan (TQ 0717)
**Outten & Golden LLP**
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

**Attorneys for Plaintiff and the Putative Class**