# Exhibit C

## Neilan, Linda

**From:** Habinsky, Jason [habinsky@HughesHubbard.COM]
**Sent:** Tuesday, May 06, 2008 4:53 PM
**To:** Quinlan, Tara Lai; Neilan, Linda; Raisner, Jack
**Cc:** Bassen, Ned H.; Hayes, Vilia B.; Bogdan, Alexander
**Subject:** Fei v. WestLB

Please see our responses below.

**From:** Quinlan, Tara Lai [mailto:tlq@outtengolden.com]
**Sent:** Wednesday, April 30, 2008 7:30 PM
**To:** Habinsky, Jason; Hayes, Vilia B.; Bassen, Ned H.
**Cc:** Neilan, Linda; Raisner, Jack
**Subject:** Follow up to meet and confer

Jason:
I write to follow up on this afternoon's meet and confer.
We confirmed that Mr. Greenberg's deposition will take place on May 13. As for Mr. Leahy's deposition, you refused to provide us with a date based on Defendant's anticipated motion for a protective order.

AS STATED IN MY APRIL 30, 2008 EMAIL, DEFENDANT DID NOT AGREE THAT MR. GREENBERG'S DEPOSITION WILL TAKE PLACE ON MAY 13, 2008. INSTEAD DEFENDANT STATED THAT IT WILL TAKE APPROPRIATE ACTION WITH THE COURT TO SEEK A PROTECTIVE ORDER WITH RESPECT TO THE DEPOSITIONS OF ATTORNEYS GREENBERG AND LEAHY.

You provided the following information regarding Defendant's Responses and Objections to Plaintiff's Second Set of Requests for Production of Documents, Electronically-Stored Information and Things:

Defendant's General Objections:
Contrary to Defendant's General Objections, it is producing all responsive documents from October 2001 to the present. Defendant will produce all additional outstanding responsive documents by tomorrow.

DEFENDANT STATED THAT THE DOCUMENTS PRODUCED INCLUDE DOCUMENTS CREATED PRIOR TO OCTOBER 11, 2004.
Responses and Specific Objections:
Request #13 – Plaintiff will narrow Request No 1 as follows: all documents that refer or relate to Plaintiff's job duties, Plaintiff's job description, exemption testing of Plaintiff, Plaintiff's hours worked, Plaintiff's pay, the allegations made by Plaintiff in this lawsuit, and Defendant's counterclaims against Plaintiff.

DEFENDANT HAS PRODUCED PLAINTIFF'S JOB DESCRIPTION, AND DOCUMENTS RELATING TO EXEMPTION TESTING OF PLAINTIFF, HIS HOURS WORKED, HIS ALLEGATIONS, AND DEFENDANT'S COUNTERCLAIMS. DEFENDANT OBJECTS TO THIS REVISED REQUEST TO THE EXTENT THAT IT REQUESTS DOCUMENTS RELATING TO PLAINTIFF'S JOB DUTIES FOR THE REASONS STATED IN ITS RESPONSE AS IT CALLS FOR VIRTUALLY EVERY DOCUMENT PLAINTIFF EVER WORKED WHILE EMPLOYED BY

DEFENDANT.

Request #14 – Plaintiff has no responsive documents.
DEFENDANT HAS NO RESPONSIVE DOCUMENTS.
Request #17 – Defendant has produced all job descriptions.
DEFENDANT HAS PRODUCED ALL JOB DESCRIPTIONS USED IN ITS EXEMPTION TESTING OF EXECUTIVES.
Request #17 – There are no existing documents related to interviews conducted during Defendant's exemption testing .
THERE ARE NO NON-PRIVILEGED DOCUMENTS RESPONSIVE TO THIS REQUEST.
Request #27 – Other than job descriptions, Defendant refuses to produce additional documents responsive to this request.

AS STATED, THIS REQUEST ASKS FOR VIRTUALLY EVERY DOCUMENT ANY CLASS MEMBER EVER WORKED ON WHILE EMPLOYED BY DEFENDANT. ACCORDINGLY, DEFENDANT SUGGESTED THAT PLAINTIFF REVISE THIS REQUEST AND PLAINTIFF REFUSED.

Request #28 – You will verify that Defendant is not withholding additional documents.
DEFENDANT HAS PRODUCED ALL POLICIES RELEVANT TO THE SUBJECT MATTER OF THIS LAWSUIT.
Request #30 – Defendant has no signed statements, affidavits, or declarations responsive to this request.
CORRECT, OTHER THAN THOSE SUBMITTED WITH COURT PAPERS.
Request #31 – Defendant will produce earlier versions of policies and manuals.
DEFENDANT PRODUCED AN EARLIER VERSION OF ITS POLICIES AND MANUAL.
Request #34 – Other than documents listed on privilege log, Defendant has no other responsive documents.
SEE DEFENDANT'S RESPONSE AND OBJECTIONS.
Request #36 – Defendant had not produced any responsive documents. Defendant will consider producing them and get back to Plaintiff "as soon as possible." Please do so by May 2.

SEE DEFENDANT'S RESPONSE AND OBJECTIONS.
Request #37 – Defendant will produce no other responsive documents (other than what it produces in response to Requests #25 and 26).

DEFENDANT PRODUCED DOCUMENTS IN RESPONSE TO REQUESTS NOS. 25 AND 26, AS WELL AS RESPONSIVE DOCUMENTS INCLUDED IN ITS POLICIES AND MANUAL.

Requests #41, 42, 43, 44 – You will check the privilege log "as soon as possible" to determine if Defendant is withholding any responsive privileged documents.

SEE DEFENDANT'S PRIVILEGE LOG.
Request #46 – Other than the documents produced in response to Requests #3 and 4, Defendant has no other responsive documents.

DEFENDANT HAS PRODUCED NON-PRIVILEGED DOCUMENTS RESPONSIVE TO THESE REQUESTS AS WELL AS REQUEST NOS. 3 AND 4.
Request #48 – Other than the documents produced in response to Requests #3 and 4, Defendant has no other responsive documents.

5/30/2008

DEFENDANT HAS PRODUCED NON-PRIVILEGED DOCUMENTS RESPONSIVE TO THESE REQUESTS AS WELL AS REQUEST NOS. 3 AND 4.

Defendant's Privilege Log:

As explained, we believe that Defendant's privilege log is inadequate. You said that you would review Defendant's privilege log and get back to us as soon as possible. Please do so by Friday, May 2.

WE DISAGREE. DEFENDANT'S PRIVILEGE LOG IS MORE DETAILED THAN PLAINTIFF'S PRIVILEGE LOG. AS FOR THE ITEMS IN DEFENDANT'S PRIVILEGE LOG THAT ARE LISTED AS "N/A", THOSE DOCUMENTS DO NOT INCLUDE INFORMATION FOR THOSE PARTICULAR ITEMS.

Sincerely,
Tara Lai Quinlan
Outten & Golden, LLP
Advocates for Workplace Fairness
3 Park Avenue, 29th Floor
New York, NY 10016
Tel: (212)-245-1000
eFax: (646)-509-2053
www.outtengolden.com

*********************************************************************
This email and any files transmitted with it may contain privileged or confidential information. Use, disclosure, copying or distribution of this message by anyone other than the intended recipient is strictly prohibited. If you have received this email in error please notify the sender by reply email and destroy all copies of this message in your possession, custody or control.
*********************************************************************

5/30/2008