# Exhibit F

Case 1:07-cv-08785-HB-FM   Document 54-7   Filed 06/02/2008   Page 1 of 7



# Hughes
# Hubbard

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726
hugheshubbard.com

Ned H. Bassen
Direct Dial: 212-837-6090
bassen@hugheshubbard.com

May 14, 2008

*VIA FACSIMILE (without attachments) and*
*FEDERAL EXPRESS (with enclosures)*

Honorable Frank Maas
United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street, Room 740
New York, NY 10007

    Re:    <u>Fei v. West LB AG, 07 Civ. 8785 (HB)</u>

Dear Judge Maas:

    We are in receipt of Plaintiff Fei's May 8, 2008 letter to Your Honor in response to Defendant's April 30, 2008 request for a protective order from the Court pursuant to Fed. R. Civ. P. 26(c) preventing Plaintiff Fei from taking the depositions of Defendant's outside legal counsel Richard Greenberg, a partner at the Jackson Lewis law firm, and Defendant's former in-house counsel, Gregory Leahy, (collectively, "Defendant's Attorneys"), and reply as follows.[1]

    *Defendant's Attorneys Are Not Indispensable Fact Witnesses.*

    Plaintiff Fei argues that "[b]ecause this case is about Defendant's (mis)classification of managers and executives and because (mis)classification turns on the job duties of the class members, [Defendant's Attorneys] are all indispensable fact witnesses in this litigation." (Linda Neilan letter to Court, May 8, 2008, at 1 ("Neilan Ltr.").) This argument is palpably erroneous. As Plaintiff Fei admits, Defendant's alleged misclassification turns on the job duties of the putative class members. Their job duties are wholly unrelated to anything to do with Defendant's attorneys. Put another way, whether Defendant properly classified the employees or misclassified them for overtime purposes depends on the employees' job duties and what, if anything, Defendant's attorneys advised about those duties is irrelevant. The job

---

[1] By letter to Your Honor dated May 9, 2008, we had informed the Court that Defendant also intended to seek relief with respect to Plaintiff Fei's counsel's improper assertions of the attorney-client privilege at the deposition of Plaintiff Fei. It appears that counsel have resolved this dispute pursuant to a meet and confer as by letter dated May 13, 2008, Plaintiff Fei's counsel has agreed to withdraw its assertions.

duties were whatever they were and nothing that any attorney said could have any affect on them.

As to the job duties, which is what is at issue in this lawsuit, Plaintiff Fei has not disputed, because he cannot dispute, that Defendant already has provided extensive discovery regarding its evaluation of the job duties of the employees at issue, viz., its managers and executives. Indeed, Plaintiff Fei has failed to advise your Honor that Defendant has produced to Plaintiff Fei hundreds of pages of documents regarding the evaluation of the job duties of both its managers and executives, including job descriptions, exemption testing forms, notes regarding exemption testing, checklists used in the exemption testing, overtime estimates used in determining back pay paid to reclassified employees, and policies and practices concerning classification and reclassification. Plaintiff Fei also has taken two full days of 30(b)(6) deposition testimony from Defendant regarding Defendant's policies and practices with respect to the classification and reclassification of its executives and managers. Further, with respect to Defendant's evaluation and reclassification of its executives, Plaintiff Fei is taking consultant Vivian Yost's deposition tomorrow, and will have the opportunity to take the depositions of other of Defendant's employees who participated in this process. (See 30(b)(6) Dep. at 34:1-25, March 18, 2008 (discussing other employees involved in this process), attached hereto as Exhibit A.) Similarly, with respect to Defendant's evaluation and reclassification of its managers, Plaintiff Fei will have the opportunity to take the depositions of other employees of Defendant who participated in this process. (See Ex. A., 30(b)(6) Dep. at 121:1-122:4 (discussing other employees involved in this process).) Accordingly, Plaintiff Fei has received and will continue to receive extensive discovery regarding the "facts."

Thus, it is palpably erroneous to argue, as Plaintiff Fei does, that Defendant's Attorneys are indispensable fact witnesses in this litigation.

### *Defendant's Attorneys' Legal Advice And Work-Product Are Privileged.*

Contrary to Plaintiff Fei's argument, any communications with and work done by Defendant's Attorneys are privileged and/or work product. Defendant sought the legal advice of both Gregory Leahy, Defendant's former in-house counsel, and outside legal counsel Richard Greenberg, a partner at the Jackson Lewis law firm, to determine whether Defendant was in compliance with the law regarding the payment of overtime and to offer legal advice in order to ensure compliance with applicable regulations. (See Ex. A, 30(b)(6) Dep. 33:13-34:7, 53:1-15, 68:17-69:14, 88:2-89:2, 117:20-118:16, 122:5-127:7, 191:14-21, 195:6-199:7.) As such, the communications between Defendant and Defendant's Attorneys were "confidential" and "'made for the purpose of obtaining or providing legal advice.'" (Contra Neilan Ltr. at 2.) Where "a lawyer has been asked to assess compliance with a legal obligation, the lawyer's recommendation of a policy that complies (or better complies) with the legal obligation--or that advocates and promotes compliance, or oversees implementation of compliance measures--is legal advice." *Pritchard v. County of Erie (In re County of Erie)*, 473 F.3d 413, 422 (2d Cir. 2007). Here, the work of Defendant's Attorneys was for the purpose of ensuring compliance with applicable regulations and avoiding future litigation. *United States v. Adlman*, 134 F.3d

60284702_1.DOC

1194, 1200 (2d Cir. 1998).[2] It is well-settled that communications regarding investigations by counsel may be protected by the attorney-client and work-product privileges. *See, e.g., Miller v. Praxair, Inc.*, No. 3:05 CV 402, 2007 U.S. Dist. LEXIS 34260, at * 4-5 (D. Conn. May 10, 2007) (denying motion to compel documents regarding investigation conducted by outside counsel based on attorney-client and work-product privileges); *Boudreau v. Gonzalez*, No. 3:04cv1471, 2006 U.S. Dist. LEXIS 86599, at *10 (D. Conn. Nov. 29, 2006) (finding that work product protection applied to documents relating to investigation conducted prior to litigation); *Deel v. Bank of Am., N.A.*, 227 F.R.D. 456, 460 (W.D. Va. 2005) (denying motion to compel discovery of documents relating to a Fair Labor Standards Act audit based on attorney-client privilege).

### *A Protective Order Preventing The Depositions of Defendant's Attorneys Is Warranted.*

Plaintiff Fei's argument that "Defendant overlooks the fact that Mr. Greenberg and Mr. Leahy are not 'opposing counsel'" also is incorrect. (Neilan Ltr. at 4.) Courts in this Circuit have denied attempts to depose an "opposing party's attorney" where that attorney was not trial counsel in the litigation. *See, e.g., Nastasia v. New Fairfield Sch. Dist.*, No. 3:04CV925, 2006 U.S. Dist. LEXIS 40316, at *6-8 (D. Conn. June 19, 2006). Further, under the very factors that Plaintiff Fei's argument relies on – the need to depose the attorney, the attorney's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted (Neilan Ltr. at 4) – depositions of Defendant's Attorneys are not warranted. *See, e.g., In re Friedman*, 350 F.3d 65, 72 (2d Cir. N.Y. 2003). Here, it is certain that privilege and work product issues would be encountered if Defendant's Attorneys were to be deposed. Further, as discussed *supra*, there is no need to depose Defendant's Attorneys given both that the issue in this litigation, *viz.*, the employees' job duties, is unrelated to Defendant's Attorneys and that Plaintiff Fei has had and will continue to have extensive discovery, including document discovery and deposition testimony, regarding the issue in this litigation (the employees' job duties) as well as Defendant's evaluation and reclassification of its executives and managers.

### *Defendant Has Not Waived Its Privileges.*

Plaintiff Fei also argues that Defendant has waived its privileges with respect to Defendant's Attorneys because Defendant has asserted the affirmative defense of good faith as to any potential liquidated damages award. (Neilan Ltr. At 3-4.) Again, Plaintiff Fei is incorrect. "Defendant's answer does not reveal reliance upon a defense of advice of counsel, nor may such be presumed." *Abbe v. City of San Diego*, No. 05cv1629, 2007 U.S. Dist. LEXIS 87501, at *69 (S.D. Ca. Nov. 9, 2007) (finding that defendant had not waived the attorney-client privilege by

---

2. Plaintiff Fei relies on *States v. Construction Products Research, Inc.*, 73 F.2d 464, 473 (2d Cir. 1996) for the proposition that "Defendant must show that the work was 'prepared principally or exclusively to assist in anticipated or ongoing litigation.'" (Neilan Ltr. at 2-3.) This is disingenuous, at best. In *Adlman*, 134 F.3d at 1203, n.6, the Court of Appeals for the Second Circuit explicitly disclaimed such an interpretation of *Construction Products*. As the Second Circuit explained, the statement Plaintiff Fei quotes from *Construction Products* "cannot stand as authority for the proposition that, whenever *Rule 26(b)(3)* is invoked, the applicant must show that the documents were prepared to assist in litigation." *Id.* The quoted language was, in the Second Circuit's own words, "pure dictum." *Id.* "*Construction Products* simply does not address the question here presented." *Id.*

60284702_1.DOC

asserting good faith defense to a FLSA claim). Here, there is no showing that Defendant is relying on advice of counsel to establish the good faith affirmative defense as Plaintiff Fei's argument erroneously assumes, and Defendant, therefore, has *not* "plac[ed] attorney-client communications or work-product 'at issue.'" (*Contra* Neilan Ltr. at 3.) Indeed, it is well-settled that reliance on advice of counsel is not a requirement to establish the good faith affirmative defense to liquidated damages. *See, e.g., Bratt v. County of Los Angeles*, 912 F.2d 1066, 1072-73 (9th Cir. 1990); *El v. Potter*, 01 Civ. 6125, 2004 U.S. Dist. LEXIS 24447, at *36 (S.D.N.Y. Dec. 13, 2004); *Adams v. United States*, 350 F.3d 1216, 1226-29 (Fed. Cir. 2003); *Holzapfel v. Town of Newburgh*, 935 F. Supp. 418, 425 (S.D.N.Y. Aug. 1, 1996).

The cases cited by Plaintiff Fei are inapplicable. Contrary to the instant case, in *McLaughlin v. Lunde Truck Sales, Inc.*, 714 F. Supp. 916, 919-20 (N.D. Ill. 1989), the defendant submitted an affidavit of counsel in support of its good faith defense, describing counsel's conversations with a Department of Labor investigator. Defendant here has made no such affirmative use of statements, work product, or advice of Defendant's Attorneys in raising its good faith defense or otherwise. Therefore, Defendant has not waived any privileges with respect to Defendant's Attorneys.

<u>Defendant's Privilege Log Is Not Inadequate.</u>

Plaintiff Fei's claim that Defendant's privilege log is inadequate is unfounded. To begin with, Plaintiff Fei fails to mention that his own privilege log was wholly insufficient in a number of respects and was only revised after Defendant made several requests. Even Plaintiff Fei's privilege log as revised to date is not as specific and detailed as the privilege log of Defendant about which Plaintiff Fei takes issue with here. (*See* Plaintiff Fei's Privilege Log, attached hereto as Ex. B.) For example, Defendant's privilege log has eleven categories of information for each document as compared to seven categories in Plaintiff Fei's privilege log. (*See* Defendant's Privilege Log, attached hereto as Ex. C; Ex. B, Plaintiff Fei's Privilege Log.)

Further, Plaintiff Fei's objections to Defendant's privilege log are without merit. First, Plaintiff Fei argues that certain documents included on Defendant's privilege log indicate "N/A" for certain categories. (Neilan Ltr. at 5.) However, Plaintiff Fei neglects to inform the Court that by email dated April 30, 2008, Defendant specifically addressed this and notified Plaintiff Fei that "[a]s for the items in Defendant's privilege log that are listed as 'N/A' [Not Applicable], those documents do not include information for those particular items." (*See* e-mail from Jason Habinsky, May 6, 2008, attached hereto as Ex. D.) For example, if a privileged email or letter does not have a "CC" or a "BCC", or if a document does not have a "date" or "time", that particular category is designated with an "N/A" rather than a blank.

Second, Plaintiff Fei argues that Defendant's privilege log "indicates only 'document' or 'presentation' in the Document Type column...." (Neilan Ltr. at 5.) Yet, Plaintiff Fei uses similar descriptions in his privilege log such as "email", "memo" or "letter", which, like Defendant's descriptions, are sufficient. (*See* Ex. B, Plaintiff Fei's Privilege Log.) Third, Plaintiff Fei takes issue with certain documents that are not "identif[ied] with a Bates stamped number." (*Id.*) Those documents do not have Bates stamped numbers because they are privileged documents and as a result *were not produced*. In fact, on Plaintiff's own privilege log, only *one* item has a Bates stamped number. (Ex. B, Plaintiff Fei's Privilege Log.) Finally,

Plaintiff Fei argues that "Defendant fails to identify the titles of the individuals" on Defendant's privilege log. (Neilan Ltr. at 5.) In addition to the fact that Plaintiff Fei's own privilege log does not identify a single title, Plaintiff Fei is well-aware of the titles of the few individuals listed, who include Defendant's Attorneys, Lisa Carro and Linda Shirley, both of whom Plaintiff Fei deposed and also worked with.

Accordingly, for the reasons stated herein and in Defendant's April 30, 2008 letter, Defendant respectfully requests that the Court enter a protective order preventing the depositions of Defendant's Attorneys.

Respectfully Submitted,

Ned H. Bassen

Enclosures

cc:  Honorable Harold Baer, Jr. (with enclosures)
     Jack Raisner, Esq. (with enclosures)
     Linda Neilan, Esq. (with enclosures)
     Tara Lai Quinlan, Esq. (with enclosures)
     Vilia B. Hayes, Esq.
     Jason Habinsky, Esq.



# Hughes Hubbard

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726
hugheshubbard.com

| **FROM** | **Telephone No.** | **Date** | |
|---|---|---|---|
| Ned H. Bassen | 212-837-6090 | May 14, 2008 | |
| **TO** | **Firm/City** | **Fax No.** | **Tel No.** |
| Honorable Frank Maas | United States District Court for the Southern District of New York, New York, New York | 212-805-6724 | |
| Honorable Harold Baer, Jr. | United States District Court for the Southern District of New York, New York, New York | 212-805-7901 | |
| Linda Neilan, Esq. | Outten & Golden, New York, New York | 212-977-4005 | |
| Jack Raisner, Esq. | Outten & Golden, New York, New York | 212-977-4005 | |
| Tara Lai Quinlan, Esq. | Outten & Golden, New York, New York | 212-977-4005 | |

TOTAL NUMBER OF PAGES INCLUDING COVER SHEET:   6

IF YOU DO NOT RECEIVE ALL PAGES AS INDICATED, PLEASE CALL (212) 837-6021.

COMMENTS:

THIS FAX/TELECOPY IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL TO WHOM IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED OR CONFIDENTIAL. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE. THANK YOU.

60268605_1.DOC