# Exhibit A

```
 1                    UNITED STATES DISTRICT COURT
 2                    SOUTHERN DISTRICT OF NEW YORK

 3   ------------------------------x
 4   PHILIP FEI,

 5              Plaintiff
 6                                       DOCKET NO.: CV-07-8785 (HB)
 7              -vs-                     New York, New York
 8                                       April 3, 2008
 9   WEST LB A.G.,


10              Defendant
11   ------------------------------x

12           TRANSCRIPT OF CIVIL CAUSE FOR CONFERENCE

13            BEFORE THE HONORABLE FRANK MAAS
14               UNITED STATES MAGISTRATE JUDGE


15   A P P E A R A N C E S:

16   For the Plaintiff:            LINDA A. NEILAN, ESQ.
17                                 JACK A. RAISNER, ESQ.
18                                 Outten & Golden LLP
19                                 3 Park Avenue, 29th Floor
20                                 New York, NY   10016


21   For the Defendant:            JASON HABINSKY, ESQ.
22                                 Hughes Hubbard & Reed LLP
23                                 One Battery Park Plaza
24                                 New York, NY   10004




25   Audio Operator:               No Audio Operator

26        Proceedings Recorded by Electronic Sound Recording
27           Transcript Produced by Transcription Service
28   ------------------------------------------------------------
29                       KRISTIN M. RUSIN
30                      217 Pine Meadows Circle
31                        Hickory NC 28601
32                      kmrusin@earthlink.net
```

1            Amy, you can hand that back.
2            MR. RAISNER:  Thank you, Your Honor.
3            MS. NEILAN:  Thank you.  And just in terms of the
4    actual scheduling of this 30(b)(6) deposition, I'm sure Mr.
5    Habinsky and I can work it out, but we do need to have it take
6    place either next week or the following week, since we do have
7    a motion due on April 25th.  I just want to make sure we're in
8    agreement in actually getting that done.
9            MR. HABINSKY:  We'll do the best we can on that.
10           THE COURT:  Well, if you're not able to do it in that
11   time period, I may so order it, so --
12           MR. HABINSKY:  Okay, Your Honor.  Thank you.
13           THE COURT:  And also, I mean, a 30(b)(6) witness
14   doesn't have to have personal knowledge.  So if you want to
15   take one of the people who wasn't, in fact, there in an earlier
16   time period and sort of open their cranium and feed them the
17   data that they're going to provide, they can be the 30(b)(6)
18   witness for the earlier period as long as you understand you're
19   bound by it.
20           It may be better for your purposes to find somebody
21   who was there in the earlier period, but you're not required
22   to.  You just have to find somebody who can testify and set
23   forth the company's position knowledgeably, even if the
24   knowledge isn't personal knowledge.
25           Judge Baer referred this for discovery purposes only,

1  and within narrow parameters at that, but I can't resist, so
2  let me just ask whether there have been any settlement
3  discussions.
4      MS. NEILAN:  There have not been, Your Honor.
5      THE COURT:  Is that something that's premature at
6  this stage?
7      MS. NEILAN:  We would certainly be willing to discuss
8  settlement if defendant is interested.  We would obviously need
9  information before we could actually even value the case.
10     MR. RAISNER:  Your Honor, if I might, the initial
11 preliminary conference that I had with defendant -- the first
12 half hour was spent asking questions asking me what the case
13 was about and what a settlement class might look like.  That
14 was the extent -- the last time I heard the word 'settlement'.
15     But it was -- you know, words were uttered, and there
16 was not much discussion, but we have not heard of that since
17 December, so --
18     THE COURT:  Particularly in light of the
19 reclassification, it sounds like liability is not the issue so
20 much as damages for the class, damages perhaps for Mr. Fei
21 individually, and -- what's always an issue here -- attorney's
22 fees.  Well, if at some point down the road you think it would
23 be useful, you can always ask Judge Baer to refer it to me for
24 settlement also.
25     MR. HABINSKY:  And, Your Honor, we would be happy to

```
 1  engage in a conversation regarding settlement.
 2          THE COURT:  Okay.  Have a good day.
 3          MR. HABINSKY:  Thank you, Your Honor.
 4          MS. NEILAN:  Thank you, Your Honor.
 5          MR. RAISNER:  Thank you, Your Honor.
 6          THE COURT:  Just so it's clear, because of the length
 7  of the discussion we've had, I'm not planning to issue a
 8  detailed order describing each of the rulings I've made, but
 9  you're welcome to order the transcript of the tape recording of
10  this.
11          MR. RAISNER:  But Your Honor indicated there might be
12  a decision regarding the database.
13          THE COURT:  I'm sorry?
14          MR. RAISNER:  Your Honor indicated there would be --
15          THE COURT:  Yes.
16          MR. RAISNER:  -- a decision regarding the database.
17          THE COURT:  Yes.
18          MR. RAISNER:  Thank you.
19          MR. HABINSKY:  Thank you, Your Honor.
20          MS. NEILAN:  Thank you.
21          THE COURT:  Have a good day.
22                  *     *     *     *     *
23          I, KRISTIN M. RUSIN, court approved transcriptionist, certify that the
24  foregoing is a correct transcript from the official electronic sound recording of the proceedings
25  in the above-entitled matter.
26          Transcript is certified original only if signed in green ink.
27          4/9/08
```